1   CRAIG G. STAUB, Bar No. 172857
    (cstaub@littler.com)
2   JANINE C. SUN, Bar No. 210973
    (jsun@littler.com)
3   IAN T. WADE, Bar No. 229150
    (iwade@littler.com)
4   LITTLER MENDELSON
    A Professional Corporation
5   2049 Century Park East
    5th Floor
6   Los Angeles, CA 90067.3107
    Telephone: 310.553.0308
7

8   Attorneys for Defendant
    STERIGENICS U.S., LLC (erroneously sued
9   as STERIGENICS INTERNATIONAL
    INC.; GRIFFITH MICROSCIENCE; and
10  ION BEAM APPLICATIONS)

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13
    ROSEY LIU,                          Case No. CV 07-5976 PSG (CWx)
14
                    Plaintiff,          **DEFENDANT STERIGENICS U.S.,**
15                                      **LLC'S MEMORANDUM OF POINTS**
                                        **AND AUTHORITIES IN SUPPORT**
16        v.                            **OF MOTION FOR SUMMARY**
                                        **JUDGMENT**
17  STERIGENICS INTERNATIONAL
    INC., a corporation, GRIFFITH       **[F.R.C.P. 56]**
18  MICRO SCIENCE, a corporation,
    ION BEAM APPLICATIONS, a            Date:       September 8, 2008
19  corporation, KATHLEEN               Time:       1:30 P.M.
    HOFFMAN, an individual, and         Courtroom: 790
20  DOES 1 through 10, Inclusive
                                        Trial Date: January 13, 2009
21                  Defendants.

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S MPA ISO MSJ

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ...................................... 1

II.    STATEMENT OF FACTS ..................................................................................... 1

    A.    Plaintiff's Hire .......................................................................................... 1

    B.    Plaintiff's Performance Was Mediocre Throughout Her Employment ............................................................................................... 2

    C.    Plaintiff's Request For A Title Change .................................................... 3

    D.    Plaintiff's Failure To Improve and Termination From Sterigenics .......... 3

III.    ARGUMENT ......................................................................................................... 5

    A.    Sterigenics Is Entitled To Summary Judgment As A Matter Of Law ........................................................................................................... 5

    B.    Plaintiff's Discrimination Claims Cannot Survive Summary Judgment ................................................................................................... 6

        1.    Plaintiff Cannot Establish A Prima Facie Case Of Discrimination ................................................................................ 7

        2.    Because Hoffman Was Responsible For Hiring Plaintiff And Discharging Her, The "Same Actor Inference" Applies, And Plaintiff's Burden Of Proof Is Heightened ..................................... 9

        3.    Sterigenics' Decision To Terminate Plaintiff Was Based On Legitimate, Non-Discriminatory Reasons ..................................... 11

        4.    Plaintiff Has No Evidence That Actions Taken By Sterigenics Were Motivated By Discriminatory Animus ............. 12

    C.    Plaintiff Presents No Evidence Of Any Retaliation ............................... 14

        1.    Plaintiff Never Complained About Alleged Discrimination ........ 15

        2.    Plaintiff's Title Change Request Was Not A Protected Activity .......................................................................................... 16

    D.    Plaintiff Cannot Establish Breach Of Covenant Of Good Faith And Fair Dealing As A Matter Of Law .................................................... 17

        1.    Plaintiff's Employment With Sterigenics Was At-Will .............. 18

        2.    Plaintiff's Alleged Implied Covenant Of Good Faith And Fair Dealing Cannot Overcome Her Express At-Will Agreement ................................................................................... 18

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S MPA ISO MSJ      i.

# TABLE OF CONTENTS
### (CONTINUED)

**PAGE**

E.  Plaintiff's Wrongful Termination In Violation of Public Policy Claim Fails Because It Is Premised On Underlying Tort Claims That Fail. ..................................................................20

F.  Plaintiff's Punitive Damages Claim Fails As A Matter Of Law Because Plaintiff Can Offer No Evidence Of Malicious Or Oppressive Conduct ..................................................................20

IV.  CONCLUSION..................................................................22

Firmwide:84745824.4 057634.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT'S MPA ISO MSJ                ii.

# TABLE OF AUTHORITIES

**PAGE**

## CASES

Bechold v. I.G.W. Systems, Inc.
  817 F.2d 1282 (7th Cir. 1987) .................................................. 11

Bergene v. Salt River Project Agric. Imp. & Power Dist.
  272 F.3d 1136 (9th Cir. 2001) ................................................. 13

Bradley v. Harcourt Brace & Co.
  104 F.3d 267 (9th Cir. 1996) .................................................. 13

Bradley v. Harcourt, Brace & Co.
  104 F.3d 267 (9th Cir. 1996) ............................................ 10, 14

Buhrmaster v. Overnite Transport Co.
  Buhrmaster v. Overnite Transport Co.
  61 F.3d 491 (6th Cir. 1995) .................................................. 10

California Fair Employment and Housing Commission v. Gemini
  Aluminum Corp.
  122 Cal. App. 4th 1004 (2004) ............................................... 17

Camp v. Jeffer, Mangels, *et al.*
  35 Cal. App. 4th 620 (1995) ............................................ 18, 20

Celotex Corp. v. Catrett
  477 U.S. 317 (1986) ............................................................ 5

Clark v. Claremont Univ. Ctr.
  6 Cal. App. 4th 639 (1992) ................................................... 11

Douglas v. Anderson
  656 F.2d 528 (9th Cir. 1981) ................................................. 11

Douglass v. United Services Auto. Assoc.
  79 F.3d 1415 (5th Cir. 1996) ................................................. 13

Fisher v. San Pedro Peninsula Hospital
  214 Cal. App. 3d 590 (1989) ................................................. 15

Foley v. Interactive Data Corp.
  47 Cal. 3d 654 (1988) ........................................................ 19

Gifford v. Atchison, Topeka and Santa Fe Railway Co.
  685 F.2d 1149 (9th Cir. 1982) ............................................... 17

Green v. Ralee Engineering Co.
  19 Cal. 4th 66 (1998) ........................................................ 20

Guthrey v. State of California
  63 Cal. App. 4th 1108 (1998) ........................................... 15, 17

Guz v. Bechtel Nat'l, Inc.
  24 Cal. 4th 317 (2000) ..................................................... 7, 19

Haggard v. Kimberly Quality Care, Inc.
  39 Cal. App. 4th 508 (1995) ................................................. 18

Halvorsen v. Aramark Uniform Serv's., Inc.
  65 Cal. App. 4th 1383 (1998) ........................................... 18, 19

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S MPA ISO MSJ                    iii.

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

Hersant v. Dpt. of Social Servs.
  57 Cal. App. 4th 997 (1997) ..................................................................12

Horn v. Cushman & Wakefield Western
  72 Cal. App. 4th 798 (1999) ...........................................................10, 12

Hoy v. Sears Roebuck & Co.
  861 F. Supp. 881 (1994) .......................................................................14

Iwekaogwu v. City of Los Angeles
  75 Cal. App. 4th 803 (1999) .................................................................17

Jennings v. Marralle
  8 Cal. 4th 121 (1994) ...........................................................................20

Jensen v. Hewlett-Packard Co.
  14 Cal. App. 4th 958 (1993) .................................................................14

Keenan v. Allan
  91 F.3d 1275 (9th Cir. 1996) .................................................................6

Kelly-Zurian v. Wohl Shoe Co.
  22 Cal. App. 4th 397 (1994) .................................................................21

Longariello v. School Bd.
  987 F. Supp. 1440 (S.D. Fla. 1997) ......................................................11

Maeger v. Inland Container
  1997 U.S. Dist. LEXIS 18174, *9 (N.D. Cal. 1997) ..............................14

Martin v. Lockheed Missiles & Space Co.
  29 Cal. App. 4th 1718 (1994) ...............................................................13

McDonnell Douglas Corp. v. Green
  411 U.S. 792, 793 (1973) ...................................................................6, 7

Miller v. Fairchild Industries, Inc.
  885 F.2d 498 (9th Cir. 1989) ....................................................13, 14, 15

Mixon v. Fair Employment & Hous. Comm'n
  192 Cal. App. 3d 13067 (1987) ..............................................................6

Mock v. Michigan Millers Mutual Ins. Co.
  4 Cal. App. 4th 306 (1992) ...................................................................21

Morgan v. Regents of the University of California
  88 Cal. App. 4th 52 (2001) ...................................................................15

Murphy v. ITT Educ. Servs.
  176 F.3d 934 (7th Cir. 1999) .................................................................11

Peterson v. Hewlett-Packard Co.
  358 F.3d 599 (9th Cir. 2004) ..................................................................7

Proud v. Stone
  945 F.2d 796 (4th Cir. 1991) .................................................................10

Schuler v. Chronicle Broadcasting Co., Inc.
  793 F.2d 1010 (9th Cir. 1986) ...............................................................14

Slatkin v. Univ. of Redlands

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S MPA ISO MSJ                    iv.

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

88 Cal. App. 4th 1147 (2001) .................................................................. 12

Starzynski v. Capital Pub. Radio, Inc.
88 Cal. App. 4th 33 (2001) ..................................................................... 19

Steckl v. Motorola, Inc.
703 F.2d 392 (9th Cir. 1983) .................................................................. 13

Tollefson v. Roman Catholic Bishop
219 Cal. App. 3d 843 (1990) .................................................................. 19

TRW Inc. v. Superior Court
25 Cal. App. 4th 1834 (1994) ................................................................. 20

Turner v. Anheuser-Busch, Inc.
7 Cal. 4th 1238 (1994) ........................................................................... 16

University of S. Cal. v. Superior Court
222 Cal. App. 3d 1028 (1990) .................................................................. 6

Weeks v. Baker & McKenzie
63 Cal. App. 4th 1128 (1998) ................................................................. 21

White v. Ultramar, Inc.
21 Cal. 4th 563 (1999). .......................................................................... 21

Wrighten v. Metropolitan Hospitals, Inc.
726 F.2d 1346 (9th Cir. 1984) ................................................................ 15

## STATUTES

CAL. CIVIL CODE
SECTION 3294 .......................................................................................... 21

CAL. CIVIL CODE
SECTION 3294(b) ..................................................................................... 20

CAL. CIVIL CODE
SECTION 3294(c)(1).................................................................................. 21

CAL. CIVIL CODE
SECTION 3294(c)(2).................................................................................. 21

CAL. GOV'T CODE
SECTION 12940(h) .............................................................................. 15, 16

## OTHER AUTHORITIES

BAJI 14.71 ............................................................................................... 21

## RULES

Federal Rule of Civil Procedure
Section 56.................................................................................................. 5

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S MPA ISO MSJ                    v.

# I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Rosey Liu's ("Plaintiff") job performance was substandard. Defendant, Sterigenics U.S., LLC ("Sterigenics"), provided her ample opportunity to correct her deficiencies through her annual reviews, improvement strategies, and employment counseling. Ultimately, Plaintiff failed to remedy her performance issues and was terminated.

Through this action, Plaintiff disingenuously attempts to convert her disgruntlement over the termination into claims for national origin and gender discrimination and retaliation. As a matter of law, she cannot recover as she has no evidence suggesting her termination had any relation to her national origin or gender.

Plaintiff may disagree with her performance criticisms and the reasons for her termination – she is entitled to do so, and disagreements about the quality of an individual's job performance are ubiquitous in work settings. Such disagreements alone, however, have no legal significance in the context of a discrimination or wrongful termination lawsuit. Plaintiff admits lacking even a *scintilla* of evidence linking her termination to her national origin (Chinese) or gender (female). Moreover, she readily admits she was an employee-at-will, destroying her claim that Sterigenics breached the implied covenant of good faith and fair dealing. In the absence of any discriminatory acts, Plaintiff's claims fail. Accordingly, Sterigenics is entitled to summary judgment.

# II.

## STATEMENT OF FACTS

### A.    Plaintiff's Hire.

Sterigenics, is an international provider of sterilization services for the medical and foodstuff industries, with its headquarters in Oak Brook, Illinois. [Defendant's Statement of Undisputed Material Facts ("SUMF"), filed concurrently herewith, 1].

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ            1.

Plaintiff is a female of Chinese national origin. [SUMF 2]. On or about March 17, 2000, Plaintiff interviewed for an engineer position at Griffith Micro Science, ("Griffith"),[1] meeting with Kathleen Hoffman ("Hoffman") and several other Griffith employees during the interview process. [SUMF 3]. On April 19, 2000, Hoffman extended Plaintiff an employment offer as Griffith's Corporate Environmental Health and Safety ("EH&S") Engineer, based in Los Angeles. [SUMF 5]. Plaintiff accepted the offer on April 24, 2000. [SUMF 6]. Thereafter, through a series of mergers, Griffith became Sterigenics. [SUMF 4].

Plaintiff was hired as an at-will employee. [SUMFs 7-11]. No one at Sterigenics or its predecessors ever promised Plaintiff that her employment would be for a specific term or that she would be terminated only for cause. [SUMF 7]. Sterigenics' at-will employment policy is clearly reflected in its Employment Handbook, which Plaintiff acknowledged receiving on more than one occasion. [SUMF 8]. The handbook states in pertinent part:

> [E]mployment with Sterigenics is not for any specified period and may be terminated by the employee or the company at any time, with or without cause or advance notice.

[SUMF 9]. Indeed, Plaintiff admits that she was an at-will employee and her employment could be terminated at any time with or without cause. [SUMF 10].

**B.     Plaintiff's Performance Was Mediocre Throughout Her Employment**

As a corporate EH&S Engineer, Plaintiff was responsible for providing EH&S support to Defendant's plants and facilities to ensure compliance with EH&S standards, proactively addressing EH&S needs at plants (including the continuous improvement of existing EH&S-related procedures and programs), completing all necessary EH&S-related reports, establishing applicable EH&S procedures for plants, oversee testing at plants, and establishing regular contact with the plants through

---

[1] Since March 17, 2000, Griffith changed its name to IBA S&I, Inc., then Sterigenics EO, Inc., and then merged into Sterigenics U.S., LLC. [SUMF 4]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S MPA ISO MSJ          2.

annual plant visits and monthly calls [SUMFs 13-17].

It is undisputed that Hoffman, Plaintiff's direct supervisor, was highly critical of Plaintiff throughout her employment with Sterigenics. [SUMF 18]. In Plaintiff's 2002 Performance Review, Hoffman scored her 2.2 out of 4.0 ("meets expectations"), stating Plaintiff needed more enthusiasm and initiative with the plants in order to become a larger EH&S resource to the company. [SUMF 19]. In her 2003 Performance Review, Hoffman gave Plaintiff 2.1 out of 4.0 ("meets expectations") and urged Plaintiff to continue building relationships to become an integrated EH&S resource; communicate more with plant management, upper management, and peers; learn more about operations and emission control systems; and demonstrate greater leadership initiative in projects and company programs. [SUMF 20].

Plaintiff's 2005 Performance Review revealed more profound performance deficiencies. In her 2005 review, Plaintiff received a score of 2.9 out of 5.0 (only two-tenths of a point above the minimum "meets expectations" score), and Hoffman criticized Plaintiff for numerous inadequacies, including Plaintiff's failure to be more proactive in identifying potential issues and improving existing procedures and programs, and her failure to adequately communicate potential compliance issues. [SUMF 21]. Plaintiff admits that during her entire employment at Sterigenics, the highest score she ever received was just a "meets expectations." [SUMF 22].

### C.   Plaintiff's Request For A Title Change.

In March 2006, Plaintiff sought to have her title changed from EH&S Engineer to *Senior* EH&S Engineer. [SUMF 23]. Plaintiff testified she was not sure whether that title really existed. [SUMF 24]. She also acknowledged that at the time of her request, no one had ever held a position of Senior EH&S Engineer. [SUMF 25].

### D.   Plaintiff's Failure To Improve and Termination From Sterigenics.

Following Plaintiff's 2005 Performance Review, Hoffman held an in-person performance counseling session with Plaintiff on July 25, 2006. [SUMF 27]. Plaintiff does not dispute that she missed a radiation safety call, one of the reasons for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S MPA ISO MSJ                3.

which she was counseled at that time. [SUMF 29].  During the meeting, Hoffman also counseled Plaintiff regarding her failure to adequately communicate to Hoffman that a flow meter was not working properly and about Plaintiff's failure to keep set office hours and communicate deviations to management. [SUMFs 28, 30-31, 33-35].

In a memorandum documenting the July 25, 2006, meeting, Hoffman set forth specific areas of deficient performance where additional focus and attention were needed to meet Sterigenics' corporate safety standards. [SUMF 28, 30-31, 33-35].  In the memo, Hoffman also warned Plaintiff that failure to meet or comply with the memorandum could result in further discipline, including dismissal. [SUMF 36].

Despite the counseling, Hoffman saw no improvement in Plaintiff's performance over the next few months. [SUMF 37].  Hoffman made the decision to terminate Plaintiff's employment, and terminated Plaintiff on October 23, 2006. [SUMF 38].

Hoffman's decision was based upon the following series of events which she perceived as Plaintiff's performance issues:

- Plaintiff's 2004 performance review expressed the need for Plaintiff to be more proactive in terms of safety; she failed.

- Plaintiff's 2005 performance review demonstrated that her EH&S performance was declining and needed improvement and she needed to improve in safety and environmental compliance; again, she failed.

- In July 2006, Plaintiff was counseled for insubordination during a meeting. Plaintiff was provided a memo documenting her problems; Plaintiff's performance still failed to improve.

- Following this meeting, the LA facility continued to suffer from safety violations which should have been handled by Plaintiff; she did not.

- Thereafter, Plaintiff attempted to circumvent company standards and ignore catalytic oxidizer test results which demonstrated the machine was not operating correctly and subsequently failed to notify proper personnel of the problem.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          4.

1        • Plaintiff failed to inform management of a separate environmental

2   compliance test and worse, was a no show at the test itself.

3        • During the fall of 2006, Plaintiff inexcusably failed to notify

4   management that the machine that tests air safety for the entire Los Angeles plant was

5   down for several days.

6        • Thereafter, Plaintiff repeatedly failed to comply with company

7   reporting requirements and timelines.

8   [SUMF 38].   In August 2007, Plaintiff filed the instant action, accusing Sterigenics of

9   national origin and gender discrimination, retaliation, and breach of covenant of good

10  faith and fair dealing.   See Plaintiff's Complaint ("Complaint"), attached as Exhibit 1

11  to Declaration of Ian T. Wade ("Wade Decl.") at ¶ 2.

12                                        **III.**

13                                     **ARGUMENT**

14  **A.   Sterigenics Is Entitled To Summary Judgment As A Matter Of Law.**

15        Pursuant to Federal Rule of Civil Procedure 56, summary judgment is

16  proper where the pleadings, discovery, and affidavits show that there is "no genuine

17  issue as to any material fact and that the moving party is entitled to judgment as a

18  matter of law" with respect to "all or any part" of the non-moving party's claims.   The

19  moving party bears the initial burden of identifying those portions of the pleadings,

20  discovery and affidavits that demonstrate the absence of material fact. Celotex Corp.

21  v. Catrett, 477 U.S. 317, 322 (1986).   On issues for which the non-moving party will

22  have the burden at trial, the moving party need only point out "that there is an absence

23  of evidence to support the nonmoving party's case." Id. at 325.

24        Once the moving party meets its burden, the nonmoving party must go

25  beyond the pleadings and, by her own affidavits and other supporting evidence, "set

26  forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P.

27  56(e).  If the nonmoving party fails to meet this showing, "the moving party is entitled

28  to judgment as a matter of law." Id.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ            5.

1    In addressing a motion for summary judgment, the Court is not required
2  to search the record for a genuine issue of triable fact. <u>Keenan v. Allan</u>, 91 F.3d 1275,
3  1279 (9th Cir. 1996).  The nonmoving party has the burden to identify with reasonable
4  particularity the evidence that precludes summary judgment. <u>Id.</u>  If the non-movant
5  fails to do so, the District Court may properly dismiss the claims at issue. <u>Id.</u>

6    **B.**    **Plaintiff's Discrimination Claims Cannot Survive Summary**
7          **Judgment.**

8    Through her second, third and fourth causes of action, Plaintiff alleges
9  that she was discriminated against on the basis of her national origin and her gender.
10 There is no evidence to support either claim.

11   By law, to sustain her claims, Plaintiff must first make out a *prima facie*
12 case of discrimination.   Only after Plaintiff establishes a *prima facie* case of
13 discrimination is Sterigenics required to articulate, not prove, a legitimate,
14 nondiscriminatory business reason for its decision to terminate Plaintiff. <u>Mixon v. Fair</u>
15 <u>Employment & Hous. Comm'n</u>, 192 Cal. App. 3d 1306, 1317 (1987).  Plaintiff must
16 then prove by substantial evidence, and other than by speculation, that the legitimate
17 reasons offered by Sterigenics were not its true reasons, but were a pretext for
18 discrimination. <u>Id.</u>  Although the burden of going forward with the evidence shifts
19 during this three-stage process, at all times, Plaintiff retains at all times the ultimate
20 burden of persuading the court that she was the victim of intentional discrimination.
21 <u>Id.</u> at 1317-19; <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 793 (1973).  When
22 an employer proves, as a matter of law, that a proper basis existed for its actions, "a
23 law and motion judge may summarily resolve the discrimination claim." <u>University of</u>
24 <u>S. Cal. v. Superior Court</u>, 222 Cal. App. 3d 1028, 1039 (1990).

25   In this case, Plaintiff cannot produce any evidence supporting a genuine
26 issue of material fact as to her *prima facie* case, cannot overcome Sterigenics'
27 legitimate, nondiscriminatory reason for her termination, and cannot overcome the
28 pretext stages of the multi-part <u>McDonnell Douglas</u> test.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          6.

1.    **Plaintiff Cannot Establish A *Prima Facie* Case Of Discrimination.**

To establish a *prima facie* case of discrimination, Plaintiff must show that: (1) she was a member of a protected class; (2) she was satisfactorily performing the duties required by the position; (3) she suffered an adverse employment action; and (4) there were circumstances giving rise to an inference of discrimination. McDonnell Douglas, 411 U.S. at 802; Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004). If a plaintiff cannot establish a prima facie case, the defendant is entitled to summary judgment as a matter of law. See Celotex, 477 U.S. at 323.

Plaintiff is unable to make out a *prima facie* showing of discrimination because she cannot satisfy either the second or fourth prong – that is, she cannot show facts suggesting that she was satisfactorily performing her duties, or that any conduct by Sterigenics was related to her national origin or gender.

First, Plaintiff does not dispute that she was repeatedly counseled for not achieving expectations. Indeed, Plaintiff admits that she was counseled for missing a radiation safety call [SUMF 29], counseled regarding her obligation to make sure plants were in compliance with health and safety standards and to be more proactive in this area [SUMF 31], as well as other areas identified in a July 2006 memo including reacting to EH&S Managements requests [SUMF 33], actively communicating compliance issues with management [SUMFs 30, 31], completing environmental reports and timely submitting to them to management[SUMF 34], keeping regular office hours [SUMF 35].

Moreover, to make out a claim for discrimination, Plaintiff must show a nexus between the wrongful act and her protected characteristics, national origin and gender. Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 355 (2000) ("While the plaintiff's prima facie burden is 'not onerous,' he must at least show "'actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were '***based on a [prohibited] discriminatory***

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S MPA ISO MSJ          7.

*criterion*.""") (internal citations omitted)(emphasis added).  Plaintiff's own deposition testimony confirms that she lacks any facts supporting a belief that either her national origin or gender motivated the decision to terminate her employment:

> Q:  *What I want to know is whether or not there's anything you can point to that causes you to believe that Sterigenics made employment decisions that were motivated on account of the fact that you're a Chinese national.*
>
> A:  **I don't have a specific fact.**
>
> Q:  *Any statements you can point to?*
>
> A:  **No.**
>
> Q:  *Any – any particular conduct?*
>
> A:  **No.**
>
> \*     \*     \*
>
> Q:  *Did anybody at Sterigenics cause you to believe that – that employment decisions about you were being made on account of the fact that you're a female as opposed to a male?*
>
> A:  **I believe I was terminated for that reason.  I don't know the facts.**
>
> Q:  *Did anybody at Sterigenics ever say anything that caused you to believe that you were terminated because you were female?*
>
> A:  **I don't have the specific facts.**
>
> \*     \*     \*
>
> Q:  *Is there anything you can point to...that would support a belief that either your national origin or you sex motivated the decision to terminate you employment?*
>
> A:  **I don't have any specific facts.**

See Deposition of Rosey Liu ("Liu Depo."), at 244:14-24; 245:1-23; 245:25-246:3 attached as Exhibit 4 to Wade Decl. at ¶ 5; [SUMF 40-43].  Plaintiff also concedes that Hoffman neither said nor did anything causing Plaintiff to believe her termination was due to something other than her failure to be proactive with safety. [SUMF 44].

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          8.

1    Furthermore, in her responses to Defendant's special interrogatories,
2  Plaintiff was unable to conjure any specific facts or allegations to support her belief
3  that she was discriminated against on the basis of her national origin or gender.
4  [SUMF 45]. Specifically, Plaintiff merely suggests in two identical responses that:

5     *. . . Plaintiff performed her job with Defendants in an exemplary*
6     *manner, as demonstrated by praise and good performance reviews she*
7     *received. Once Plaintiff inquired about the possibility of being*
8     *considered for a promotion for which she was eminently well*
9     *qualified, Defendants began to take actions against her, including*
10    *unwarranted criticism of her work and, ultimately, the termination of*
11    *Plaintiff for pretextual reasons.* ***Plaintiff concludes that Defendants***
12    ***did not wish to promote a person of her gender and/or national***
13    ***origin, and did not wish to promote an employee who protested***
14    ***against unfair treatment.***

15  [SUMF 45].
16    Plaintiff's "theory" of liability is based on pure speculation. Recognizing
17  that Plaintiff is obligated to provide meaningful responses to Defendant's discovery
18  requests, it appears her best efforts to show national origin or gender discrimination
19  rest entirely on her unsubstantiated conclusion that she was terminated after
20  performing well—*which she was not*—and that she deserved a promotion. Plaintiff is
21  simply unable to provide **any** factual support for this conclusion. As demonstrated by
22  her responses during deposition and her discovery responses, Plaintiff cannot proffer a
23  single fact in support of her discrimination claims. Thus, her national origin and
24  gender discrimination claims cannot withstand summary judgment.

25    **2.    Because Hoffman Was Responsible For Hiring Plaintiff And**
26    **Discharging Her, The "Same Actor Inference" Applies, And**
27    **Plaintiff's Burden Of Proof Is Heightened.**
28    To state a claim for discrimination, Plaintiff must not only meet her

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ                    9.

burden of proof, she must also overcome the "same-actor inference." Here, Hoffman was responsible for recruiting and hiring Plaintiff, and terminating her. [SUMF 47]. In analyzing cases such as the one at bar, where an employee alleges she was discriminated against by the same person who hired her, courts have held that a *presumption against discrimination arises.* See Horn v. Cushman & Wakefield Western 72 Cal. App. 4th 798, 809 (1999).

"Where the same actor is responsible for both the hiring and firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory action." Id., citing Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270-71 (9th Cir. 1996); accord, Proud v. Stone, 945 F.2d 796 (4th Cir. 1991). "One is quickly drawn to the realization that claims that employer animus exist in termination but not in hiring seem irrational. From the standpoint of the putative discriminator, it hardly makes sense to hire workers from a group one dislikes...only to fire them once they are on the job." Proud, 945 F.2d at 797.

This presumption against discrimination has been applied in cases where seven and one-half years elapsed between hiring and termination. See Buhrmaster v. Overnite Transport Co., 61 F.3d 491 (6th Cir. 1995). In Horn, the court applied the "same actor" presumption when five years had passed between the plaintiff's hiring and termination. Horn, 72 Cal. App. 4th at 809. In this case, six and a half years passed between Hoffman's April 2000 employment offer to Plaintiff and her October 2006 termination. [SUMF 46].

While the presumption against discrimination is not insurmountable, it defies logic that Hoffman, a female executive, would hire Plaintiff as an EH&S Engineer, and only a handful of years later terminate Plaintiff based on her gender.

Hoffman's other employment decisions likewise create a strong inference that neither gender, nor national origin played a role in her decision to terminate Plaintiff. Following Plaintiff's termination, Hoffman eventually hired Gwendolyn

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ                    10.

Howard, another non-Caucasian (African-American) female, to fill Plaintiff's position. [SUMF 48]. This fact supports the already strong inference that gender and racial bias did not play a role in Hoffman's decision to terminate Plaintiff. See Murphy v. ITT Educ. Servs., 176 F.3d 934, 937 (7th Cir. 1999) ("[o]f those new hires, four were males and three were females. This cannot be viewed as evidence of gender bias"); Longariello v. School Bd., 987 F. Supp. 1440, 1447 (S.D. Fla. 1997) ("[i]ndeed, the evidence establishes that one female and one male were hired. . . . this hardly evidences intentional gender discrimination").

### 3. Sterigenics' Decision To Terminate Plaintiff Was Based On Legitimate, Non-Discriminatory Reasons.

Even assuming Plaintiff could establish a *prima facie* case, only the burden of production would shift to Sterigenics to articulate a legitimate, non-discriminatory reason for its action. Clark v. Claremont Univ. Ctr., 6 Cal. App. 4th 639, 663-64 (1992). In considering Sterigenics' burden in this regard, it is important to keep in mind that the reasons Sterigenics articulates for its termination decision need not meet the approval of the judge or jury, as long as the decision is not based on a discriminatory reason. Douglas v. Anderson, 656 F.2d 528, 534 (9th Cir. 1981). Moreover, a court may not re-evaluate business decisions made in good faith, even though they may have some negative impact upon a protected individual. Simply stated, a court may not second-guess an employer's business judgment. Bechold v. I.G.W. Systems, Inc., 817 F.2d 1282, 1284-85 (7th Cir. 1987).

As stated above, the undisputed evidence shows that Sterigenics' decision to end Plaintiff's employment was based upon the fact that, despite being counseled for performance problems and reminded during Plaintiff's annual reviews, Plaintiff simply was not performing to standards acceptable to Sterigenics. Indeed, Plaintiff even admits that she was not perceived by others as being proactive. [SUMF 32]. Specifically, when questioned at deposition about why she believed Hoffman had the impression that Plaintiff needed to improve, Plaintiff answered:

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          11.

*A:  -- [I] think that she had the mindset that I'm not proactive.  I -- I am not a very aggressive person, and sometimes when I -- I don't even report to her the things I do or did with the plants.* ***So a lot of it gave people the misconception that I don't -- I didn't do my job.***

*Q:   Because you weren't reporting those things to her, but, in fact, you were doing them?*

*A:  I -- I'm not good at getting brownie points.*

*Q:   What do you mean by that?*

*A:  I don't call her up and then tell her I did this, I did that.  I'm not a third grader.*

Liu Depo., 169:6-24 (emphasis added). [SUMF 32].

The record is clear that Sterigenics made a legitimate business decision to terminate Plaintiff based its view—*which Plaintiff admits she had previously been counseled for*—that Plaintiff missed safety calls, failed to ensure strict compliance with health and safety standards, failed to take proactive steps to complete her job and keep others informed, failed to react to EH&S Management's requests, failed to timely complete and submit environmental reports, and failed to keep regular office hours [SUMFs 28-31, 33-35].  Plaintiff cannot meet her shifting burden in this case.

### 4.   Plaintiff Has No Evidence That Actions Taken By Sterigenics Were Motivated By Discriminatory Animus.

In the face of Sterigenics' legitimate, non-discriminatory reason for Plaintiff's termination, Plaintiff can avoid summary judgment only by demonstrating through specific, substantial evidence that the real reason for her termination was her gender and/or race. See Horn, 72 Cal. App. 4th at 806-07.  It is not enough for Plaintiff to merely poke holes in Sterigenics' proffered reason for the termination. See Hersant v. Dpt. of Social Servs., 57 Cal. App. 4th 997, 1003-05 (1997); Slatkin v. Univ. of Redlands, 88 Cal. App. 4th 1147, 1156-58 (2001).  Nor can Plaintiff meet this prong's burden through mere speculation of discriminatory motive and intent,

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          12.

without substantial factual evidence. <u>Steckl v. Motorola, Inc.</u>, 703 F.2d 392, 393 (9th Cir. 1983); <u>Martin v. Lockheed Missiles & Space Co.</u>, 29 Cal. App. 4th 1718, 1735 (1994) (speculation of possible discrimination "cannot be regarded as substantial responsive evidence").

Rather, in order to survive this motion, Plaintiff must submit in response not only evidence, but ***substantial responsive evidence*** that the proffered reason for her termination is not only false, but a cover-up for unlawful discrimination. <u>Bergene v. Salt River Project Agric. Imp. & Power Dist.</u>, 272 F.3d 1136 (9th Cir. 2001) (evidence of pretext must be both "specific" and "substantial" or plaintiff's claim will fail). <u>Bradley v. Harcourt Brace & Co.</u> 104 F.3d 267, 270 (9th Cir. 1996) (plaintiff must present "specific, substantial evidence of pretext"); <u>Miller v. Fairchild Industries, Inc.</u>, 885 F.2d 498, 506 (9th Cir. 1989) (it is the employee's burden to prove pretext in a retaliation claim).

In the present case, Plaintiff has no evidence whatsoever that Sterigenics' decision to terminate her was pretextual or based upon any intent to discriminate against her on the basis of her national origin or gender. In fact, she admitted that she did not know whether anybody at Sterigenics was ever treated more favorably than herself. [SUMF 49]. The only facts that Plaintiff might rely upon to support her claims of discrimination are that she is of Chinese national origin and is a female, and that she does not think she should have been terminated. <u>See</u> Liu Depo., at 243:16-248:6. The mere fact that Plaintiff may have been a member of a protected class—*which is all Plaintiff apparently has to rely on*—does not create a triable issue of fact. <u>See</u> <u>Steckl</u>, 703 F.2d. at 393. An employee's subjective belief that she suffered an adverse employment action as the result of discrimination is not enough to prove a claim. <u>See, e.g.</u>, <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) ("It is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion . . . .")

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          13.

1    In contrast, as discussed in detail in sections II, III(B)(1), and III(B)(3),

2    above, there is overwhelming, undisputed evidence that the true reason for Plaintiff's

3    termination was her history of poor performance. [SUMFs 13-22, 27-31, 33-39.]

4        In determining pretext, the ultimate question to be answered is whether it

5    is more likely than not that the employer's conduct was motivated by intentional

6    discrimination. See Miller 885 F.2d at 504. In the present case, Plaintiff cannot

7    demonstrate a trace of discrimination, let alone, meet the "more likely than not"

8    standard.   Instead, she attempts to prove pretext by suggesting that, because she

9    cannot fathom being terminated for any other reason, her termination must have been

10   related to her gender or national origin.   This falls well short of her burden.

11   Moreover, Plaintiff has not presented, and cannot present, evidence that she would not

12   have been terminated had she not been Chinese or female.

13       Plaintiff cannot show that her selection for termination was pretextual or

14   that the real motivation was national origin or gender discrimination, particularly

15   given her heightened, same actor inference burden. See Bradley, 104 F.3d at 270;

16   Schuler v. Chronicle Broadcasting Co., Inc., 793 F.2d 1010, 1011 (9th Cir. 1986).

17   Hoy v. Sears Roebuck & Co., 861 F. Supp. 881, 887 (1994); Maeger v. Inland

18   Container, 1997 U.S. Dist. LEXIS 18174, *9 (N.D. Cal. 1997); Jensen v. Hewlett-

19   Packard Co., 14 Cal. App. 4th 958, 975 (1993).   Accordingly, her discrimination

20   claim fails as a matter of law.

21       **C.    Plaintiff Presents No Evidence Of Any Retaliation**

22       As a separate cause of action, Plaintiff alleges that she was retaliated

23   against for protesting "defendants' disparate treatment and discrimination." See

24   Complaint ¶12.   Remarkably, however, Plaintiff admits that she never engaged in a

25   protected activity covered by the statute.   Therefore, as a matter of law, her retaliation

26   claim is fatally flawed and cannot be maintained.

27       To establish a *prima facie* case of retaliation, Plaintiff must show that: (1)

28   she engaged in an activity protected by the FEHA; (2) she was thereafter subjected to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          14.

adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 614 (1989), citing Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1354 (9th Cir. 1984); Miller v. Fairchild Industries, Inc., 797 F.2d 727, 731 (9th Cir. 1986), cert. denied, 494 U.S. 1056 (1990); Guthrey v. State of California, 63 Cal. App. 4th 1108, 1125 (1998). The FEHA makes it unlawful "(f)or any employer . . . to harass, discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." CAL. GOV'T CODE § 12940(h).

Similar to the discrimination test, above, if a *prima facie* case is established, the defendant may rebut the resulting presumption by offering a legitimate, non-retaliatory reason for the adverse action. Morgan v. Regents of the University of California, 88 Cal. App. 4th 52, 68 (2001). Once accomplished, the presumption created by the *prima facie* case "'simply drops out of the picture'" and it becomes the plaintiff's burden to prove that the proffered reason is a pretext for retaliation. Id.

### 1. Plaintiff Never Complained About Alleged Discrimination

The undisputed evidence adduced at deposition was that, despite admittedly knowing Sterigenics' policies, Plaintiff never complained to anyone at Sterigenics about any form of discrimination. [SUMF 53]. In particular, Plaintiff testified as follows:

> *Q: [w]hen you were employed at Sterigenics, did you understand that – that the company had a – a policy that prohibited harassment and discrimination in the workplace?*
>
> *A: Yes.*
>
> *Q: And did you understand that that was a policy that applied to you?*
>
> *A: Yes.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          15.

\*     \*     \*

> Q: Did you – during your employment at Sterigenics, you never lodged any kind of a complaint pursuant to this complaint procedure, did you?
>
> A: What complaint?
>
> **Q: [d]uring your employment at Sterigenics, you never made a complaint pursuant to the company's harassment and discrimination policy, did you?**
>
> **A: No.**

See Liu Depo., 75:13-21; 78:25-79:8 (emphasis added); [SUMF 53].

Given Plaintiff's admission that she never made any complaints of harassment or discrimination to Sterigenics, she cannot establish that she engaged in a protected activity and, therefore, cannot establish a *prima facie* case of retaliation. Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238 (1994).

### 2. Plaintiff's Title Change Request Was Not A Protected Activity

Apart from the allegation that she protested "disparate treatment and discrimination" -- *which she admittedly did not* -- Plaintiff's only remaining argument concerning alleged "retaliation" is her belief she was treated differently after she sought a title change from EH&S Engineer to *Senior* EH&S Engineer. [SUMF 26]. However, there is no authority that seeking a title change is a protected activity under the statute.

Claims for retaliation under the FEHA are limited to those where the plaintiff made a charge, testified, assisted or participated in some manner in the proceedings or hearings under the statute, or opposed acts that are made unlawful by the statute. CAL. GOV'T CODE § 12940(h). The statute's protected activities are grouped into two categories: "the participation clause" and "the opposition clause." It is patently obvious that Plaintiff's allegation of seeking a title change does not fit into the "opposition clause" category, which protects employees who have opposed an employment practice made unlawful by the statute. Id. Neither does Plaintiff's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          16.

1   alleged activity of seeking a title change fit into the "participation clause," which is
2   limited to protection of an employee's involvement in administrative proceedings.
3   See, e.g., Gifford v. Atchison, Topeka and Santa Fe Railway Co., 685 F.2d 1149,
4   1155-1156 (9th Cir. 1982) (employee engaged in protected activity by writing a letter
5   to her employer and the union prior to her termination threatening to file a charge with
6   the EEOC); Iwekaogwu v. City of Los Angeles, 75 Cal. App. 4th 803, 814-815 (1999)
7   (employee's threat to his two supervisors to file a race discrimination action was a
8   "protected activity"); California Fair Employment and Housing Commission v.
9   Gemini Aluminum Corp., 122 Cal. App. 4th 1004, 1018-19 (2004) (employee's
10  protest to supervisor, threat to go to "labor board", request for copies of a letter and
11  the request for time off to present to the "labor board" were "protected activities").

12          Here, Plaintiff has identified her request for a title change as the *only*
13  basis for her retaliation claim. [SUMF 26, 41-44].  As this does not constitute a
14  protected activity under the FEHA, Plaintiff is unable to establish a *prima facie* case
15  of retaliation.

16          Further, even if Plaintiff were to establish that she engaged in protected
17  activity (*i.e.,* complaints about discrimination or request for title change), there is no
18  evidence or inference that her termination was due to her complaints or request for
19  title change, a necessary showing. Guthrey, 63 Cal. App. 4th at 1125.  Moreover,
20  Sterigenics has established that Plaintiff's termination was the result of Plaintiff's
21  performance problems.  Accordingly, Defendant is entitled to judgment as a matter of
22  law on Plaintiff's claim for retaliation.

23     **D.    Plaintiff Cannot Establish Breach Of Covenant Of Good Faith And**
24          **Fair Dealing As A Matter Of Law.**

25          Plaintiff's Complaint contains a standard list of boilerplate allegations in
26  support of her claim that there existed an implied contract to terminate only for good
27  cause: "Plaintiff and defendants entered into a written contract of employment...[a]
28  material part of the contract was an implied covenant of good faith and fair dealing

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308
DEFENDANT'S MPA ISO MSJ          17.

and a covenant that Plaintiff would not be terminated in the absence of good cause." See Complaint, ¶5. Notwithstanding Plaintiff's bald assertions, the *facts* demonstrate conclusively that her employment with Sterigenics was at-will, and that she could be terminated at any time with or without cause.

### 1. Plaintiff's Employment With Sterigenics Was At-Will.

All documents and actions by Sterigenics unquestionably indicate that Plaintiff was an at-will employee. [SUMFs 5, 7-12]. Plaintiff's at-will employment arrangement with Sterigenics was reinforced in her employment contract with Sterigenics and Sterigenics' employee handbook that Plaintiff acknowledged receiving. Id. Plaintiff acknowledges she was not given any assurances of continued employment, and admits that she was an at-will employee and her employment could be terminated at any time with or without cause. [SUMFs 9, 10]. Plaintiff admits that she does not have any agreement with Sterigenics that Sterigenics did not comply with. [SUMFs 11, 12]. Under these circumstances, Plaintiff's claim for breach of covenant of good faith and fair dealing necessarily fails. Halvorsen v. Aramark Uniform Serv's., Inc., 65 Cal. App. 4th 1383, 1388 (1998) ("express at-will agreement preclude[s] the existence of an implied contract requiring good cause for termination"); see also, Camp v. Jeffer, Mangels, *et al.*, 35 Cal. App. 4th 620, 630 (1995); Haggard v. Kimberly Quality Care, Inc., 39 Cal. App. 4th 508, 524 (1995).

### 2. Plaintiff's Alleged Implied Covenant Of Good Faith And Fair Dealing Cannot Overcome Her Express At-Will Agreement.

Ignoring the unambiguous evidence that Plaintiff expressly agreed that her employment was at-will, as well as her forthright deposition admissions that she was an at-will employee without any agreement that Sterigenics breached, Plaintiff nevertheless asserts that she had an "implied contract" with Sterigenics not to terminate without good cause. Plaintiff's argument fails as a matter of law.

Although the presumption of at-will status may be overcome by evidence of an implied agreement that the employment will not be terminated except for cause

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

DEFENDANT'S MPA ISO MSJ          18.

1   Foley v. Interactive Data Corp., 47 Cal. 3d 654, 680 (1988), it is settled law in
2   California that there cannot be an express contract and an implied contract, each
3   embracing the same subject, but requiring different results. Starzynski v. Capital Pub.
4   Radio, Inc., 88 Cal. App. 4th 33, 38 (2001); see also Guz v. Bechtel Nat'l, Inc., 24
5   Cal. 4th 317, 340 (2000).  An express at-will agreement precludes the existence of an
6   implied contract requiring good cause for termination. Id.  In Guz, the California
7   Supreme Court opined that, "an at-will provision in an *express written agreement*,
8   signed by the employee, *cannot* be overcome by proof of an implied contrary
9   understanding." Id. at 340, n.10 (emphasis in original).  As such, an implied contract
10  requiring good cause for termination simply does not and cannot exist here.

11          Likewise, Plaintiff cannot rely on the implied covenant of good faith and
12  fair dealing to allege that she was unlawfully terminated.  Indeed, the Halvorsen court
13  addressed this very issue when the plaintiff therein attempted to argue that despite the
14  fact he had been employed at will, his employer violated the covenant of good faith
15  and fair dealing by unfairly terminating his employment.  Halvorsen, 65 Cal. App. 4th
16  at 1390.  In summarily rejecting such a claim, the court held the plaintiff's attempt in
17  this regard was "futile because the covenant of good faith and fair dealing cannot be
18  used to imply an obligation which would completely obliterate a right expressly
19  provided by a written contract." Id. (*citing* Tollefson v. Roman Catholic Bishop, 219
20  Cal. App. 3d 843, 853-54 (1990)).

21          Here, Plaintiff signed an express at-will agreement. [SUMF 5, 7-12].
22  Now, in an attempt to steer clear of that agreement, Plaintiff suggests in her complaint
23  that this "at-will" agreement, contained a covenant of good faith and fair dealing.
24  Indeed, in her response to Defendant's request for admission she admits that her claim
25  rests solely on her belief that "[t]he contract Plaintiff signed contained an implied
26  covenant of good faith and fair dealing." [SUMF 12].  Similar to the Halverson
27  analysis, this claim flies in the face of common sense and cannot survive.
28  Accordingly, as the facts are undisputed that Plaintiff was employed at-will, she

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          19.

simply cannot establish a breach of the implied covenant of good faith and fair dealing and her claim fails as a matter of law. Camp, 35 Cal. App. 4th at 631 (granting summary judgment on the ground that there can be no breach of the implied covenant based on the termination of an at-will employment relationship).

**E.    Plaintiff's Wrongful Termination In Violation of Public Policy Claim Fails Because It Is Premised On Underlying Tort Claims That Fail.**

Plaintiff's sixth cause of action for wrongful termination in violation of public policy is based on her allegations that Sterigenics terminated her employment for an improper reason. See Complaint ¶¶ 48-49.

Since Plaintiff's statutory claims against Sterigenics fail, her claim for wrongful termination in violation of public policy fails as a matter of law. Green v. Ralee Engineering Co., 19 Cal. 4th 66, 79 (1998); Jennings v. Marralle, 8 Cal. 4th 121, 136 (1994) (acts not actionable under FEHA are not actionable under a public policy theory based on FEHA).   A plaintiff may not assert a claim of wrongful termination in violation of public policy as a fall-back to a statutory claim when the underlying statutory claims themselves fail. TRW Inc. v. Superior Court, 25 Cal. App. 4th 1834, 1847-49, 1854-55 (1994) (there is no cause of action for wrongful termination in violation of public policy if the employer did not violate a Constitutional or statutory provision asserted as the basis for the cause of action). Consequently, summary judgment with respect to Plaintiff's cause of action for wrongful termination in violation of public policy is warranted.

**F.    Plaintiff's Punitive Damages Claim Fails As A Matter Of Law Because Plaintiff Can Offer No Evidence Of Malicious Or Oppressive Conduct.**

Plaintiff is not entitled to punitive damages because she cannot show, by clear and convincing evidence, that an officer, director or managing agent of an employer engaged in oppression, fraud and/or malice or authorized or ratified such conduct. CAL. CIVIL CODE § 3294(b). See also Kelly-Zurian v. Wohl Shoe Co., 22

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553 0308

DEFENDANT'S MPA ISO MSJ                      20.

1    Cal. App. 4th 397, 419-421 (1994); Weeks v. Baker & McKenzie, 63 Cal. App. 4th

2    1128, 1148 (1998).

3              As defined by the California Supreme Court in White v. Ultramar, Inc.,

4    managing agents are "those employees who exercise substantial independent authority

5    and judgment over decisions that ultimately determine corporate policy." 21 Cal. 4th

6    563, 573 (1999).  Section 3294 defines "malice" as: "[C]onduct which is intended by

7    the defendant to cause injury to the plaintiff or despicable conduct which is carried on

8    by the defendant with a willful and conscious disregard for the rights or safety of

9    others."  CAL. CIVIL CODE § 3294(c)(1).  Similarly, "oppression" is defined as

10   "despicable conduct that subjects a person to cruel and unjust hardship in conscious

11   disregard of that person's rights."  CAL. CIVIL CODE § 3294(c)(2).  "Despicable

12   conduct" has been defined as "conduct which is so vile, base, contemptible, miserable,

13   wretched, or loathsome that it would be looked down upon and despised by ordinary

14   decent people." See BAJI 14.71.  The standard for awarding punitive damages further

15   requires "that the evidence be so clear as to leave no substantial doubt" and

16   "sufficiently strong to command the unhesitating assent of every reasonable mind."

17   Mock v. Michigan Millers Mutual Ins. Co., 4 Cal. App. 4th 306, 332 (1992).

18             Here, Plaintiff has absolutely no evidence, let alone *clear and convincing*

19   *evidence*, of any malicious or oppressive conduct on the part of any Sterigenics

20   managerial agent.  Plaintiff acknowledges that she has no reason to believe that

21   anybody at Sterigenics ever tried to deceive her or acted in a malicious manner

22   towards her. [SUMF 50].  Indeed, nothing in Sterigenics' behavior evidences any

23   inappropriate conduct, much less the requisite malice required to impose liability.

24   Moreover, as evidenced by its Employee Handbook, Sterigenics maintains numerous

25   policies and procedures on discrimination and on how to prevent and respond to

26   complaints of discrimination. [SUMF 51].  These policies and procedures are

27   provided to all Sterigenics employees. [SUMF 52].  It is evident from these policies

28   Sterigenics makes a strong and good faith effort to comply with and enforce state and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          21.

1  federal anti-discrimination laws.  Thus, even if a managerial agent of the Sterigenics

2  had acted in a malicious or oppressive manner, such conduct would be contrary to

3  Sterigenics' policies and practices, and would not warrant punitive damages. As such,

4  Plaintiff's claim for punitive damages fails.

5                                              **IV.**

6                                      **CONCLUSION**

7          For the reasons set forth above, Sterigenics U.S., LLC respectfully

8  requests the Court to grant its motion for summary judgment.

9

10  Dated: August 12, 2008                         Respectfully submitted,

11

12

13                                              CRAIG G. STAUB
                                                IAN T. WADE
14                                              LITTLER MENDELSON
                                                A Professional Corporation
15                                              Attorneys for Defendant
                                                STERIGENICS U.S., LLC (erroneously
16                                              sued as STERIGENICS
                                                INTERNATIONAL INC.; GRIFFITH
17                                              MICROSCIENCE; and ION BEAM
                                                APPLICATIONS)

Firmwide:84745824.3 057634.1001

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MPA ISO MSJ          22.