CRAIG G. STAUB, Bar No. 172857
(cstaub@littler.com)
JANINE C. SUN, Bar No. 210973
(jsun@littler.com)
IAN T. WADE, Bar. No. 229150
(iwade@littler.com)
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308

Attorneys for Defendant
STERIGENICS U.S., LLC (erroneously sued
as STERIGENICS INTERNATIONAL
INC.; GRIFFITH MICROSCIENCE; and
ION BEAM APPLICATIONS)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEY LIU,<br><br>             Plaintiff,<br><br>       v.<br><br>STERIGENICS INTERNATIONAL INC., a corporation, GRIFFITH MICRO SCIENCE, a corporation, ION BEAM APPLICATIONS, a corporation, KATHLEEN HOFFMAN, an individual, and DOES 1 through 10, Inclusive<br><br>             Defendants. | Case No.  CV 07-5976 PSG (CWx)<br><br>**DECLARATION OF IAN T. WADE IN SUPPORT OF DEFENDANT STERIGENICS U.S. LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[F.R.C.P. 56]**<br><br>Date:         September 8, 2008<br>Time:         1:30 P.M.<br>Courtroom: 790<br><br>Trial Date: January 13, 2009 |

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

## DECLARATION OF IAN T. WADE

I, IAN T. WADE, hereby declare and state as follows:

1.    I am an attorney at law duly licensed to practice before all state and federal courts in the State of California.  I am an associate with the law firm Littler Mendelson, P.C., counsel of record for Defendant, Sterigenics U.S. LLC ("Defendant.")  I am familiar with the record keeping practices of Littler Mendelson and in particular, client's pleading and discovery files.  I have reviewed Defendant's pleadings and discovery files and, unless otherwise indicated, I make this declaration based on personal knowledge and if called to testify, could and would testify competently thereto.

2.    On information and belief, on or around August 1, 2007, Plaintiff, Rosey Liu ("Plaintiff"), filed a complaint in the California Superior Court against the erroneously named corporate defendants, Sterigenics International Inc., Griffith Micro Science, Ion Beam Applications, and an individual defendant, Kathleen Hoffman, alleging various employment related causes of action. Attached hereto as Exhibit "1" is a true and correct copy of the Complaint.

3.    On or about January 16, 2008, Plaintiff provided Defendant, through its counsel, Littler Mendelson, with her responses to Defendant's Requests for Admissions, Set One.  Attached hereto as Exhibit "2" is a true and correct copy of Plaintiff's Responses Defendant's Requests for Admissions.

4.    On or about January 16, 2008, Plaintiff provided Defendant, through its counsel, Littler Mendelson, with her responses to Defendant's Special Interrogatories, Set One.  Attached hereto as Exhibit "3" is a true and correct copy of Plaintiff's Responses Defendant's Special Interrogatories.

5.    On or around February 20, 2008, Defendant took Plaintiff's deposition.  Attached hereto as Exhibit "4" is a true and correct copy of the Deposition Transcript.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DECLARATION OF IAN T.
WADE ISO MSJ

1        I declare under penalty of perjury under the laws of the State of

2   California that the foregoing is true and correct.

3        Executed in the County of Los Angeles, California, this 12th day of

4   August 2008.

5

6

7   IAN T. WADE

Firmwide:86070434.1 057634.1001

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DECLARATION OF IAN T.
WADE ISO MSJ

2.

# EXHIBIT "1"

1   Charles T. Mathews, Esq.    SBN 55889
    Christopher M. Thoms, Esq.  SBN 239284
2   CHARLES T. MATHEWS & ASSOCIATES
    2596 Mission Street, Suite 204
3   San Marino, California 91108
    Ph.:    (626) 683-8291
4   Fax:    (626) 683-8295

5   Attorneys for Plaintiff,
    ROSEY LIU

6

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF LOS ANGELES

11

12   ROSEY LIU,                      )   CASE NO.   BC375192
                                     )
13             Plaintiff,            )   COMPLAINT FOR:
                                     )
14        vs.                        )   (1)  RETALIATION;
                                     )   (2)  NATIONAL ORIGIN
15   STERIGENICS INTERNATIONAL INC., )        DISCRIMINATION;
     a corporation, GRIFFITH MICRO   )   (3)  GENDER DISCRIMINATION
16   SCIENCE, a corporation, ION BEAM)   (4)  DISCRIMINATION
     APPLICATIONS, a corporation,    )   (5)  BREACH OF COVENANT OF GOOD
17   KATHLEEN HOFFMAN, an individual,)        FAITH AND FAIR DEALING
     and DOES 1 through 10, Inclusive,)  (6)  WRONGFUL TERMINATION IN
18                                   )        VIOLATION OF PUBLIC POLICY
               Defendants.           )
19                                   )
20 ──────────────────────────────────)

21        Plaintiff complains and alleges as follows:

22   1.   Plaintiff, ROSEY LIU, at all times relevant hereto has been a resident of the County of Los

23        Angeles and a faithful and loyal employee of defendants. Plaintiff is a female Asian, of Chinese

24        descent and national origin.

25   2.   Plaintiff is informed and believes and thereon alleges that defendant STERIGENICS

26        INTERNATIONAL, INC., ("Sterigenics") is a corporation incorporated in an unknown state,

27        authorized to do business in California. Plaintiff is informed and believes that defendant

28        GRIFFITH MICRO SCIENCE ("Griffith") is a corporation duly organized and existing under

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG   1 2007

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
     EDUARDO CHANES

                                    1                              3

1    the laws of an unknown state, authorized to do business in California. Plaintiff is informed and

2    believes and thereon alleges that defendant ION BEAM APPLICATIONS ("IBA") is a

3    corporation duly organized and existing under the laws of an unknown state, authorized to do

4    business in California. Defendant, Kathleen Hoffman ("Hoffman"), is an individual who at all

5    times herein relevant was a resident of the States of Texas and Illinois.

6    3.   The true names and capacities of the defendants named herein as Does 1 through 10, inclusive,

7    whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore

8    sues such defendants by fictitious names pursuant to <u>California Code Civil Procedure</u> section

9    474. Plaintiff is informed and believes that all of the Doe defendants are either California or

10   Illinois residents. Plaintiff will amend this Complaint to show such true names and capacities

11   when they have been determined.

12   4.   Plaintiff is informed and believes, and thereby alleges that each of the defendants herein was at

13   all times relevant hereto the agent, employee or representative of the remaining defendants and

14   was acting at least in part, within the course and scope of such relationship in doing the things

15   herein alleged. Plaintiff is informed and believes and thereon alleges that defendants Griffith,

16   IBA and Sterigenics share a common interest and identity as a result of various corporate

17   acquisitions and name changes, and were in fact, at all times herein relevant, Plaintiff's joint

18   employer.

19   5.   On or about April 24, 2000, Plaintiff and defendants entered into a written contract of

20   employment (the "contract") wherein Plaintiff agreed to work for defendants as a Corporate

21   Environmental Health and Safety Engineer and was to be paid a starting salary of $62,000.00 per

22   year and receive fringe benefits. Plaintiff was the only Chinese person performing this work for

23   defendants. A material part of the contract was an implied covenant of good faith and fair

24   dealing and a covenant that Plaintiff would not be terminated in the absence of good cause.

25   6.   Upon entering into the contract, Plaintiff well and truly performed all duties required of her to

26   be done and was at all times been a good and faithful employee of the corporate defendants

27   Plaintiff's performance was prevented when defendants wrongfully terminated Plaintiff on

28   October 23, 2006.

4

2

7.  From and after the time Plaintiff commenced her employment, she was regularly praised for her work with the implication that as long as she continued to do a good job she would have continuous employment. Defendants also implied to Plaintiff that she would not be terminated or otherwise lose her employment except for good cause. In reliance on the implied covenant of good faith and fair dealing with defendants, Plaintiff gave up other opportunities and devoted herself to defendants' business. Plaintiff's reliance on the implied covenant of good faith and fair dealing was reinforced by the fact that defendants' gave Plaintiff annual raises and bonus payments each and every year of her employment as a result of her satisfactory performance.

8.  In or about March 2006, while in the midst of Plaintiff's 2006 performance review conference with Hoffman, when Plaintiff requested that she be promoted, Hoffman commented: "I thought you would want to spend more time with your family and that you are happy where you are." Plaintiff indicated that while it is true that time spent with family is important to her, that has not affected Plaintiff's ability to perform the job duties required for the position. In fact, Plaintiff has performed various additional duties that were not in the original job scope. Plaintiff has achieved same goals as her male counterpart, if not more. Plaintiff believed that a promotion to Senior EH&S Engineer was well-deserved. Hoffman replied that this was a surprise to her and that she would have to consider it and get back to Plaintiff in the near future. Hoffman did not do so and never talked to Plaintiff again on the promotion issue. In addition, Hoffman promised that she would make some changes to the performance review since some of the comments were inaccurate and inappropriate. Plaintiff never received a copy of the revised performance review and the bonus check was issued to Plaintiff based on the unrevised review. Instead, defendants began criticizing Plaintiff's performance. Some of the alleged job deficiencies relate to tasks clearly not within Plaintiff's job scope and therefore could not be held against Plaintiff. Plaintiff believes that this criticism was in retaliation for having requesting promotion.

9.  Plaintiff has exhausted her administrative remedies. On or about January 23, 2007 Plaintiff filed a complaint with the California Department of Fair Employment and Housing. Thereafter Plaintiff received a right to sue letter from DFEH. (Attached hereto as Exhibit "A" is a true and correct copy of the Complaint filed with the California Department of Fair Employment and

5

3

1     Housing.)

2                         **FIRST CAUSE OF ACTION**

3                 **RETALIATION IN VIOLATION OF FEHA**

4                     **(Against All Defendants)**

5   10.   Plaintiff repeats and realleges paragraphs 1 to 9 of the Complaint as if the same were fully set

6         forth herein and with the same full force and effect.

7   11    At all times herein relevant there was an employer/employee relationship between the Plaintiff

8         and the defendants.

9   12    Plaintiff is informed and believes and thereon alleges that Defendants have a pattern and practice

10        of retaliation against their employees who protest discriminatory or unfair practices by

11        defendants. From and after the time Plaintiff protested defendants' disparate treatment and

12        discrimination including, but not limited to: lower position and pay for her than that given men

13        for comparable jobs, failure to promote, discrimination on account of national origin/ancestry,

14        defendants retaliated against her as alleged herein in violation of the California Fair Employment

15        and Housing Act and the applicable provisions of federal law ultimately terminating Plaintiff's

16        employment on October 23, 2006.

17   13.   As a proximate result of defendants' retaliation against Plaintiff, Plaintiff has been damaged and

18        has suffered and continues to suffer lower earnings, loss of other potential employment benefits,

19        and a decreased ability to protect and prepare for her retirement. Plaintiff has suffered and

20        continues to suffer embarrassment, humiliation and mental anguish all to her damage in an

21        amount according to proof.

22   14.   Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with

23        the wrongful intention of injuring Plaintiff, from an improper motive amounting to despicable

24        conduct, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover

25        punitive damages from Defendants in an amount according to proof.

26   15.   As a result of defendants' retaliatory acts as alleged herein, Plaintiff is entitled to reasonable

27        attorneys' fees and costs of said suit as provided by California Government Code section12965,

28        section (b).

                                                                6

## SECOND CAUSE OF ACTION

### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF FEHA

#### (Against the corporate defendants and DOES 1 through 10)

16. The allegations of paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. Plaintiff was at all times material hereto an employee covered by <u>California Government Code</u> section 12900 et seq.

18. Defendants were and are at all times material hereto an employer within the meaning of the <u>California Government Code</u> and, as such, barred from discriminating in employment decisions on the basis of national origin.

19. Plaintiff's national origin is Chinese.

20. On or about March 2006, Plaintiff was subjected to an adverse employment action. She was denied promotion. A motivating factor in the denial was her national origin.

21. Defendants have a pattern and practice of discrimination against female employees because of their national origin.

22. Defendants' facially neutral policy of nondiscrimination has a disparate impact on Asian employees.

23. As a proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer lower earnings, other potential employment benefits, and a decreased ability to protect and prepare for her retirement. Plaintiff has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

24. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount according to proof.

25. As a result of defendants' discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by <u>California Government Code</u> section 12965, subsection (b).

5

7

### THIRD CAUSE OF ACTION

### GENDER DISCRIMINATION IN VIOLATION OF FEHA

(Against the corporate defendants and DOES 1 through 10)

26. The allegations of paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. Plaintiff was at all times material hereto an employee covered by California Government Code section 12900 et seq.

28. Defendants were and are at all times material hereto an employer within the meaning of the California Government Code and, as such, barred from discriminating in employment decisions on the basis of gender.

29. Plaintiff is of the female gender.

30. On or about October 23, 2006, Plaintiff was subjected to adverse employment action as alleged herein above. A motivating factor in her denial of promotion and pay increases was her gender, to wit, being female.

31. Defendants have a pattern and practice of discrimination against employees because of their gender.

32. Defendants' facially neutral policy of nondiscrimination has a disparate impact on female employees.

33. As a proximate result of defendants' discrimination against plaintiff, Plaintiff has suffered and continues to suffer substantially lower earnings, loss of other potential employment benefits, and a decreased ability to protect and prepare for her retirement. Additionally, plaintiff has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

34. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount according to proof.

35. As a result of defendants' discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by California Government Code

6

8

1   section 12965, subsection (b).

2   36.   Plaintiff filed a timely charge of gender discrimination with the California Department of Fair

3   Employment and Housing ("DFEH") and received a Notice of Case Closure informing her of

4   her right to sue.  Therefore, Plaintiff has exhausted all of her administrative remedies.

5   ## FOURTH CAUSE OF ACTION

6   ## DISCRIMINATION IN VIOLATION OF FEHA

7   ### (Against all defendants and DOES 1 through 10)

8   37.   Plaintiff repeats and realleges paragraphs 1 to 36 of the Complaint as if the same were fully

9   set forth herein and with the same full force and effect.

10  38.   At all times herein relevant there was an employer/employee relationship between the

11  Plaintiff and the defendants.

12  39.   Plaintiff's promotion was denied and salary limited as a result of the defendants' violation of

13  fundamental public policies.  It is against fundamental California Public Policy to

14  discriminate against an employee on the basis of their gender.

15  40.   As a proximate result of defendants' actions, Plaintiff has suffered and continues to suffer

16  loss of compensation, no increases in salary, no bonuses, and less deferred compensation,

17  loss of other potential employment benefits, including medical, dental and vision benefits,

18  and a decreased ability to protect and prepare for her retirement.

19  41   As a further proximate result of defendants' actions, Plaintiff has suffered and continues to

20  suffer emotional distress, mental anguish, embarrassment, humiliation and anxiety all to her

21  damage in an amount in excess of the minimum jurisdictional limits of this court.  Plaintiff

22  will seek leave of court to amend her complaint to allege the correct amount at the time of

23  trial or according to proof at trial.

24  42.   Defendants committed the acts alleged herein maliciously, fraudulently and oppressively,

25  with the wrongful intention of injuring Plaintiff, from an improper motive amounting to

26  despicable conduct, and in conscious disregard of plaintiff's rights.  Plaintiff is thus entitled

27  to recover punitive damages from defendants in an amount according to proof.

28

9

## FIFTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

#### (Against the corporate defendants and DOES 1 through 10)

43. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.

44. The aforesaid employment contract contained an implied covenant of good faith and fair dealing by which defendant promised to give full cooperation to Plaintiff and her performance under said employment contract and to refrain from doing any act which would prevent or impede Plaintiff from performing all the conditions of the Contract to be performed by her, or any act that would interfere with Plaintiff's employment of the fruits of said Contract. Specifically, said covenant of good faith and fair dealing required defendant to fairly, honestly and reasonably perform the terms and conditions of the agreement.

45. In doing the things alleged herein above, defendants breach the implied covenant of good faith and fair dealing.

46. As a proximate result of defendants' breach of the implied covenant of good faith and fair dealing in her employment contract, Plaintiff has suffered and continues to suffer lost compensation, lost increases in pay and potentially other lost employment benefits which she would have received had defendants not breached said agreement, all to her damage in an amount which cannot be ascertained with certainty at this time since these damages are ongoing and cumulative. Plaintiff is informed and believes that these damages will substantially exceed the minimum jurisdictional requirements of this court.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against corporate Defendants and DOES 1 through 10)

47. Plaintiff repeats and realleges paragraphs 1 through 46 of the Complaint as if the same were fully set forth herein and with the same full force and effect.

48. At all times herein relevant there was an employer/employee relationship between the Plaintiff and defendants.

49. Plaintiff's employment was terminated as a result of the defendants' violation of fundamental

8

1   public policies.  It is against fundamental California Public Policy to discriminate, harass, and

2   retaliate against an employee.

3   50.   As a proximate result of defendants' actions, Plaintiff has suffered and continues to suffer

4   lost compensation, lost increases in pay and potentially other lost employment benefits.  As a

5   further proximate result of defendants' actions, Plaintiff has suffered and continues to suffer

6   emotional distress, mental anguish, embarrassment, humiliation and anxiety all to her damage

7   in excess of the minimum jurisdictional limits of this court.

8                                        PRAYER FOR RELIEF

9   WHEREFORE, Plaintiff requests relief as follows:

10  1.   For compensatory economic damages according to proof including  loss of earnings,

11  promotions and other employment benefits;

12  2.   For compensatory non-economic damages for losses resulting from physical injury,

13  humiliation, mental anguish, and emotional distress according to proof;

14  3.   For interest on the amount of losses incurred in earnings, deferred compensation and other

15  employee benefits at the prevailing legal rate;

16  4.   For punitive damages according to proof;

17  5.   For costs incurred by plaintiff, including reasonable attorneys' fees.

18  6.   For such other and further relief as the Court may deem proper.

19

20  Dated: August 1, 2007                    CHARLES T. MATHEWS & ASSOCIATES

21

22                          By:

23                                 CHARLES T. MATHEWS
                                   CHRISTOPHER M. THOMS
24                                 Attorneys for Plaintiff,
                                   ROSEY LIU
25

26

27

28                                                                11

                                        9



12

STATE OF CALIFORNIA - STATE & CONSUMER SERVICE       AGY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1001 Tower Way, Ste. 250, Bakersfield, CA 93309
(661) 395-2729  TTY (800) 700-2320  Fax (661) 395-2972
www.dfeh.ca.gov



January 30, 2007

Charles T. Mathews
Attorney at Law
Charles T. Mathews & Associates
501 South Marengo Avenue
Pasadena, CA 91101

RE:   E200607H0495-00-rc
      LIU/STERIGENICS US, LLC

Dear Charles T. Mathews:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 29, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

13

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Mary L. Bonilla*

Mary Bonilla
District Administrator

cc:   Case File

Kathleen Hoffman
Vice President of Regularity Affairs
STERIGENICS US, LLC
4900 South Gifford Ave
Los Angeles, CA 90058

14

COMPLAINT OF DISCRIMINATION UND...
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

* * * EMPLOYMENT * * *
DFEH E 200∪07 H-0495-00-rc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Rosey Liu

TELEPHONE NUMBER (INCLUDE AREA CODE) (626) 943-2967

ADDRESS 1670 West Drive

CITY/STATE/ZIP San Marino, CA 91108

COUNTY Los Angeles    COUNTY CODE

### NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: Sterigenics US, LLC

TELEPHONE NUMBER (Include Area Code) (323) 582-8421, (630) 928-1700, (630) 928-1750

ADDRESS 4900 South Gifford Avenue

DFEH USE ONLY

CITY/STATE/ZIP Los Angeles, CA 90058

COUNTY LOS ANGELES    COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known) 1500

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   10/23/06

RESPONDENT CODE

THE PARTICULARS ARE:

On 10/23/06

- X fired
- laid off
- demoted
- X harassed
- genetic characteristics testing
- forced to quit

- denied employment
- denied promotion
- denied transfer
- denied accommodation
- impermissible non-job-related inquiry
- other (specify) Retaliated Against

- denied family or medical leave
- denied pregnancy leave
- denied equal pay
- denied right to wear pants
- denied pregnancy accommodation

by  Kathleen Hoffman , Vice President of Regularity Affairs & Quality Assurance
Name of Person                               Job Title (supervisor/manager/personnel director/etc.)

because of my:
- sex
- age
- religion
- X race/color

- X national origin/ancestry
- marital status
- sexual orientation
- association

- physical disability
- mental disability
- other (specify)

- cancer
- genetic characteristic

- X (Circle one) filing; protesting; participating in investigation (retaliation for)

the reason given by  Kathleen Hoffman, Vice President of Regularity Affairs & Quality Assurance
Name of Person and Job Title

Was because of
[please state
what you believe
to be reason(s)]

Performance. The reason she gave was false and pretextual. My performance was always satisfactory.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  1/23/06

COMPLAINANT'S SIGNATURE

At  PASADENA
        City

DATE FILED:  January 29, 2007

RECEIVED
JAN 29 2007
DEPT. OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE
STATE OF CALIFORNIA

DFEH-3DO-03 (07/01)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

15

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 1 2007

John A. Clarke, Executive Officer/Clerk
By: EDUARDO CHANES, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STERIGENICS INTERNATIONAL INC., a corporation, GRIFFITH
MICRO SCIENCE, a corporation, ION BEAM APPLICATIONS, a
corporation, KATHLEEN HOFFMAN, an individual, and DOES 1
through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROSEY LIU

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: Los Angeles County Superior Court<br>*(El nombre y dirección de la corte es):*<br>111 North Hill Street<br>Same as above<br>Los Angeles               CA       90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 375192 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles T. Mathews               626.683.8291          55889
Charles T. Mathews & Associates
San Marino                       CA       91108

| DATE:<br>*(Fecha)* AUG 0 1 2007 | John A. Clarke | Clerk, by<br>*(Secretario)* EDUARDO CHANES | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Griffith Micro Science, a corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/1/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

SUMMONS

Code of Civil Procedure §§ 412.20, 465

16

# EXHIBIT "2"

1  Charles T. Mathews, Esq.      SBN 055889
   ted@ctmesq.com
2  Deane L. Shanander, Esq.      SBN 239606
   deane@ctmesq.com
3  CHARLES T. MATHEWS & ASSOCIATES
   2596 Mission Street, Suite 204
4  San Marino, California 91108
   Ph.:  (626) 683-8291
5  Fax:  (626) 683-8295

6  Attorneys for Plaintiff,
   ROSEY LIU
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  ROSEY LIU,                    )   CASE NO. CV-07-05976 JSL (CWx)
                                  )
12              Plaintiffs,       )   PLAINTIFF'S   RESPONSES   TO
                                  )   DEFENDANTS'   REQUEST   FOR
13       vs.                      )   ADMISSIONS, SET ONE
                                  )
14  STERIGENICS INTERNATIONAL )
    INC., a corporation, GRIFFITH)
15  MICRO SCIENCE, a corporation,)
    ION BEAM APPLICATIONS, a)
16  corporation, KATHLEEN)
    HOFFMAN, an individual, and)
17  DOES 1 through 10, Inclusive, )
                                  )
18              Defendants.       )
                                  )
19  ─────────────────────────────

20

21  PROPOUNDING PARTY:    Defendant, STERIGENICS U.S., LLC

22  RESPONDING PARTY:     Plaintiff, ROSEY LIU

23  SET NUMBER:           ONE (1)

24       Plaintiff, ROSEY LIU, makes the following answers and objections to the first

25  set of Requests for Admissions, propounded herein.

26       These answers are made solely for the purpose of this action. Each answer is

27  subject to all objections as to competence, relevance, materiality, proprietary,

28  admissibility, and all other objections and grounds that would require the exclusion of

                                                                    17
                              1

PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS, SET ONE

1  any statement herein if any request were asked of, or if any statement contained

2  herein was made by, a witness present and testifying at court, all of which objections

3  and grounds are expressly reserved and may be interposed at the time of trial.

4      While these responses are based upon diligent exploration and investigation by

5  Plaintiff and Plaintiff's counsel, they reflect the current state of Plaintiff's knowledge

6  respecting the matters about which inquiry is made. Plaintiff has only begun the

7  process of conducting discovery, formal and informal, in this action and has not

8  concluded such discovery. Accordingly, Plaintiff has not been able to ascertain all

9  relevant facts herein, and these answers are not intended to be final and conclusive.

10  The information contained herein remains preliminary and, in making these

11  responses, Plaintiff reserves the right to amend, supplement, delete from, alter,

12  modify or otherwise change any answer herein as further discovery may make

13  appropriate and when Plaintiff has ascertained all relevant facts.

14      The following answers are based on the information presently available to

15  Plaintiff and to incidental or implied admissions are intended herein. The fact that

16  Plaintiff has answered all or part of any request should not be taken as admission that

17  Plaintiff accepts or admits the existence of any fact set forth or assumed by such

18  interrogatory or that such answer constitutes admissible evidence. The fact that

19  Plaintiff has answered all or part of any request is not intended to be and shall not be

20  construed to be a waiver by Plaintiff of all or any part of any objection which Plaintiff

21  has made to any request.

22      Discovery will continue as long as permitted by statute or stipulation by the

23  parties, and the investigation of responding party's and agents will continue to and

24  through the trial of this action. Responding party specifically reserves the right at the

25  time of trial to introduce any evidence from any source which may hereafter be

26  discovered in testimony from any witness whose identity may hereafter be

27  discovered.

28  ///

18

2

1    If any information has unintentionally been omitted from these responses,

2    responding party reserves the right to apply for relief so as to permit the insertion of

3    the omitted data from these responses.

4    Responding party relies upon well-established California authority to the effect

5    that discovery cannot unilaterally be denominated continuing in nature and

6    responding party gives notice that responding party will not voluntarily provide

7    further responses to this request if additional information is required by responding

8    party after these responses are served.

9

10   **I.    GENERAL OBJECTIONS**

11   Plaintiff objects to Defendants' Request for Admissions, Set One, on the

12   following grounds:

13   1.    Plaintiff objects to the disclosure of any information privileged by the

14   attorney-client privilege, the work-product doctrine or any other privilege;

15   2.    Plaintiff objects to the disclosure of any information which is not

16   relevant to the subject matter of this litigation and not likely to lead to the discovery

17   of admissible evidence;

18   3.    Plaintiff objects to the disclosure of any information which is readily

19   available to Defendant on the grounds that such disclosure would result in undue

20   burden, annoyance and oppression.

21   5.    Plaintiff objects to these Requests for Admission as they are premature

22   and discovery has just begun.  As such, Plaintiff reserves the right to modify,

23   supplement, amend and/or change the Responses contained herein up to and

24   including the time of Trial in this matter.

25   ///

26   ///

27   ///

28   ///

19

3

---

PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS, SET ONE

## II.   RESPONSES TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

Admit that you did not suffer any adverse employment action because of your gender.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Plaintiff further objects on the grounds that the request seeks to compel an admission of a conclusion of law.

Without waiving the forgoing objections, Plaintiff responds as follows:  Deny.

**REQUEST FOR ADMISSIONS NO. 2:**

Admit that you did not suffer any adverse employment action because of your race or national origin.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Plaintiff further objects on the grounds that the request seeks to compel an admission of a conclusion of law.

Without waiving the forgoing objections, Plaintiff responds as follows:  Deny.

**REQUEST FOR ADMISSIONS NO. 3:**

Admit that you did not suffer any adverse employment action because you engaged in any protected activity.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Plaintiff further objects on the grounds that the request seeks to compel an admission of a conclusion of law.

20

1   Without waiving the forgoing objections, Plaintiff responds as follows:  Deny.

2   **REQUEST FOR ADMISSIONS NO. 4:**

3   Admit that throughout your employment with Defendant, you never

4   complained to anyone at Sterigenics that you were being discriminated against based

5   on your gender.

6   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

7   Responding party hereby incorporates by reference the Preliminary Statement

8   and the General Objections as though fully set forth herein.

9   Plaintiff further objects on the grounds that the request seeks to compel an

10   admission of a conclusion of law.

11   Without waiving the forgoing objections, Plaintiff responds as follows:  Deny.

12   **REQUEST FOR ADMISSIONS NO. 5:**

13   Admit that throughout your employment with Defendant, you never

14   complained to anyone at Sterigenics that you were being discriminated against based

15   on your race or national origin.

16   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

17   Responding party hereby incorporates by reference the Preliminary Statement

18   and the General Objections as though fully set forth herein.

19   Plaintiff further objects on the grounds that the request seeks to compel an

20   admission of a conclusion of law.

21   Without waiving the forgoing objections, Plaintiff responds as follows:  Deny.

22   **REQUEST FOR ADMISSIONS NO. 6:**

23   Admit that you are not aware of Kathleen Hoffman ever making any derogatory

24   or negative comments regarding your gender.

25   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

26   Responding party hereby incorporates by reference the Preliminary Statement

27   and the General Objections as though fully set forth herein.

28   Plaintiff further objects on the grounds that the request seeks to compel an

admission of a conclusion of law.                                           21

5

Without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff is presently without sufficient facts or information to admit or deny this request. Plaintiff expects to develop facts and information relating to this request during the course of discovery in this action.

**REQUEST FOR ADMISSIONS NO. 7:**

Admit that you are not aware of Kathleen Hoffman ever making any derogatory or negative comments regarding your race or national origin.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Plaintiff further objects on the grounds that the request seeks to compel an admission of a conclusion of law.

Without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff is presently without sufficient facts or information to admit or deny this request. Plaintiff expects to develop facts and information relating to this request during the course of discovery in this action.

**REQUEST FOR ADMISSIONS NO. 8:**

Admit that you were counseled verbally and in writing on several occasions about your performance prior to your termination.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Without waiving the forgoing objections, Plaintiff responds as follows:   Deny. Plaintiff never received verbal counseling.  Plaintiff received one counseling in writing about her performance.

**REQUEST FOR ADMISSIONS NO. 9:**

Admit that throughout your employment with Defendant, you were the only individual with the title EH&S Engineer who reported directly to Kathleen Hoffman.

22

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Without waiving the forgoing objections, Plaintiff responds as follows: Admit.

**REQUEST FOR ADMISSIONS NO. 10:**

Admit that throughout your employment with Defendant, you were the only individual with the title EH&S Engineer at the Los Angeles E&O plant.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Without waiving the forgoing objections, Plaintiff responds as follows:   Deny. Plaintiff was the only individual with the title EH&S Engineer working at the Los Angeles EO plant from time to time.  Plaintiff traveled to and worked from other plants in the region for which she was responsible.

**REQUEST FOR ADMISSIONS NO. 11:**

Admit that you never signed a fully-integrated employment contract stating that you would not be terminated in the absence of good cause.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Plaintiff further objects on the grounds that the request seeks to compel an admission of a conclusion of law.

Without waiving the forgoing objections, Plaintiff responds as follows:  The contract Plaintiff signed contained an implied covenant of good faith and fair dealing. The conduct of Defendants during the course of Plaintiff's employment, and the nature of the employment relationship between Plaintiff and Defendants, created an understanding that Defendants would terminate Plaintiff only for cause.

23

**REQUEST FOR ADMISSIONS NO. 12:**

Admit that good cause existed to terminate your employment with Defendant.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Plaintiff further objects on the grounds that the request seeks to compel an admission of a conclusion of law.

Without waiving the forgoing objections, Plaintiff responds as follows: Deny.

**REQUEST FOR ADMISSIONS NO. 13:**

Admit that you were told you were being terminated due to performance issues.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Without waiving the forgoing objections, Plaintiff responds as follows: Deny.

**REQUEST FOR ADMISSIONS NO. 14:**

Admit that you have no facts to support your claim for punitive damages against Defendant.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Plaintiff further objects on the grounds that the request seeks to compel an admission of a conclusion of law.

Without waiving the forgoing objections, Plaintiff responds as follows: Deny.

Dated:  January 21, 2008                    CHARLES T. MATHEWS & ASSOCIATES

By: _____
SUSAN C.V. JONES
Attorney for Plaintiff,
ROSEY LIU

24

8

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

LIU v. STERIGENICS INTERNATIONAL, INC., et al.

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2596 Mission Street, Suite 204, San Marino, California 91108.

On **January 22, 2008** I served the foregoing document described as PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSION SET ONE on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Craig G. Staub                                      Attorney for Defendants
Janine C. Sun
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107


\_\_\_\_ **By Facsimile**: from (626) 683-8295 to **SEE ABOVE**  pursuant to CCP §1013a, I caused the machine to print a report of the transmission.

xxxx **By Mail**:  I am familiar with the regular mail collection and processing practices of said business, the mail is deposited with the United States Postal Service that same day.  I deposited such envelope in the mail at San Marino, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose discretion that service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 22, 2008** at San Marino, California.

Ashley A. Emms

25

# EXHIBIT "3"

1 | Charles T. Mathews, Esq.          SBN 055889
    ted@ctmesq.com
2 | Deane L. Shanander, Esq.          SBN 239606
    deane@ctmesq.com
3 | CHARLES T. MATHEWS & ASSOCIATES
    2596 Mission Street, Suite 204
4 | San Marino, California 91108
    Ph.:   (626) 683-8291
5 | Fax:   (626) 683-8295

6 | Attorneys for Plaintiff,
    ROSEY LIU

7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | ROSEY LIU,                       )      CASE NO. CV-07-05976 JSL (CWx)
                                       )
12 |              Plaintiffs,          )      PLAINTIFF'S RESPONSES TO
                                       )      DEFENDANTS' SPECIAL
13 |      vs.                          )      INTERROGATORIES, SET ONE
                                       )
14 | STERIGENICS INTERNATIONAL         )
     INC., a corporation, GRIFFITH    )
15 | MICRO SCIENCE, a corporation,    )
     ION BEAM APPLICATIONS, a         )
16 | corporation, KATHLEEN            )
     HOFFMAN, an individual, and)
17 | DOES 1 through 10, Inclusive,     )
                                       )
18 |              Defendants.          )
     ──────────────────────────────────

19 |

20 |

21 | PROPOUNDING PARTY:      Defendant, STERIGENICS U.S., LLC

22 | RESPONDING PARTY:       Plaintiff, ROSEY LIU

23 | SET NUMBER:             ONE (1)

24 |      Plaintiff, ROSEY LIU, makes the following answers and objections to the first

25 | set of Special Interrogatories, propounded herein.

26 |      These answers are made solely for the purpose of this action. Each answer is

27 | subject to all objections as to competence, relevance, materiality, proprietary,

28 | admissibility, and all other objections and grounds that would require the exclusion of

1

26

1  any statement herein if any request were asked of, or if any statement contained

2  herein was made by, a witness present and testifying at court, all of which objections

3  and grounds are expressly reserved and may be interposed at the time of trial.

4       While these responses are based upon diligent exploration and investigation by

5  Plaintiff and Plaintiff's counsel, they reflect the current state of Plaintiff's knowledge

6  respecting the matters about which inquiry is made.  Plaintiff has only begun the

7  process of conducting discovery, formal and informal, in this action and has not

8  concluded such discovery.  Accordingly, Plaintiff has not been able to ascertain all

9  relevant facts herein, and these answers are not intended to be final and conclusive.

10  The information contained herein remains preliminary and, in making these

11  responses, Plaintiff reserves the right to amend, supplement, delete from, alter,

12  modify or otherwise change any answer herein as further discovery may make

13  appropriate and when Plaintiff has ascertained all relevant facts.

14       The following answers are based on the information presently available to

15  Plaintiff and to incidental or implied admissions are intended herein.  The fact that

16  Plaintiff has answered all or part of any request should not be taken as admission that

17  Plaintiff accepts or admits the existence of any fact set forth or assumed by such

18  interrogatory or that such answer constitutes admissible evidence.  The fact that

19  Plaintiff has answered all or part of any interrogatory is not intended to be and shall

20  not be construed to be a waiver by Plaintiff of all or any part of any objection which

21  Plaintiff has made to any request.

22       Discovery will continue as long as permitted by statute or stipulation by the

23  parties, and the investigation of responding party's and agents will continue to and

24  through the trial of this action.  Responding party specifically reserves the right at the

25  time of trial to introduce any evidence from any source which may hereafter be

26  discovered in testimony from any witness whose identity may hereafter be

27  discovered.

28  ///                                                                          27

1       If any information has unintentionally been omitted from these responses,

2   responding party reserves the right to apply for relief so as to permit the insertion of

3   the omitted data from these responses.

4       Responding party relies upon well-established California authority to the effect

5   that discovery cannot unilaterally be denominated continuing in nature and

6   responding party gives notice that responding party will not voluntarily provide

7   further responses to this request if additional information is required by responding

8   party after these responses are served.

9

10  **I.**    **GENERAL OBJECTIONS**

11      Plaintiff objects to Defendants' Special Interrogatories, Set One, on the

12  following grounds:

13      1.    Plaintiff objects to the disclosure of any information privileged by the

14  attorney-client privilege, the work-product doctrine or any other privilege;

15      2.    Plaintiff objects to the disclosure of any information which is not

16  relevant to the subject matter of this litigation and not likely to lead to the discovery

17  of admissible evidence;

18      3.    Plaintiff objects to the disclosure of any information which is readily

19  available to Defendant on the grounds that such disclosure would result in undue

20  burden, annoyance and oppression.

21      5.    Plaintiff objects to these interrogatories as they is premature and

22  discovery has just begun.  As such, Plaintiff reserves the right to modify, supplement,

23  amend and/or change the Responses contained herein up to and including the time of

24  Trial in this matter.

25  ///

26  ///

27  ///

28  ///

          28

PLAINTIFF'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET ONE

## II.   RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Identify (by name, address, telephone number and relationship to Rosey Liu each person known or believed by Plaintiff Rosey Liu ("PLAINTIFF")) to have personal knowledge of any of the facts involved in the above-captioned lawsuit or any of the events underlying the allegations in the Complaint filed in the case, <u>Rosey Liu v. Sterigenics International Inc., et al.</u>, United States Central District Case No. CV 07-5976 PSG (Cwx) (PLAx) ("COMPLAINT").

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; and (b) it is vague, ambiguous and overbroad.

Notwithstanding said objections, Plaintiff responds as follows:  Rosey Liu, Plaintiff; Kathleen Hoffman, Defendant; Charlie Morris; Stephen Morris; Arlene Farrar; Michael Bula; Kenneth Allen; Dave Meyer; Claudine Evans; Pete Baker; Carl Zinn; Vicki Udvarheli; Becky Rickey; Skip Davis; Lisa Foster; Anita Pelletier; John Robinson; Billy Robinson; Tom Robinson; Jose Santana; Sharon Hughes; Norma Pedroza; Terry Jackson; Brian Musch; Steve Young; John Gutierrez; Rusty Craven; James Soule; Pat McCullough; Joy Niamura (Gilroy facility Quality Assurance Manager); Eric Yamamoto; Warren Dickinson; Mike Holt; Gary Abel; Shawn Pollino; Curt Simmons; Steve Ortiz; Laura (Santa Teresa Quality Assurance Manager); Lucy Lopez; Richard Carlson; Tom Mates; Cindy Mates; Steve Farnsworth; Tim Thompson; John Giacomin; Art Rosin; Chris Schuver; Gary Horn; Anna Pintor; David Ibarra; Sylvia Cardona; John Randolph; Mike Stanley; Robin Templin; David Greenough; and Karen Shoemaker.

///

29

4

**SPECIAL INTERROGATORY NO. 2:**

For each individual listed in YOUR response to the previous interrogatory, separately state the facts and observations within each such individual's knowledge.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it lacks foundation and relies upon facts not in evidence concerning Plaintiff's knowledge; and (c) it is vague, ambiguous, compound and overbroad.

Notwithstanding said objections, Plaintiff responds as follows: Each of the individuals listed in response to Interrogatory No. 1 witnessed Plaintiff during her time working for Sterigenics, and was aware of her commendable performance. Some of these witnesses further were aware of the fact that Sterigenics refused to promote Plaintiff and ultimately terminated her in a discriminatory and retaliatory fashion.

**SPECIAL INTERROGATORY NO. 3:**

State the monetary sum of lost wages and other lost economic benefits YOU claim to have been proximately caused by the conduct of STERIGENICS alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it calls for an expert opinion; (c) it is premature in that Plaintiff has not yet assessed the full extent of her damages, and (d) it is vague, ambiguous and overbroad.

///

30

5

1   Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff
2   estimates the sum of lost wages and other lost economic benefits, including bonus,
3   insurance and other employee benefits, which were proximately caused by the
4   conduct of Defendants to be approximately $111,000 from October 23, 2006 through
5   January 7, 2008.  Plaintiff estimates the sum of lost wages and other lost economic
6   benefits which were proximately caused by the conduct of Defendants, including
7   bonus, insurance and other employee benefits, through Plaintiff's normal retirement
8   age to be a minimum of $2,300,000.00.

9   **SPECIAL INTERROGATORY NO. 4:**

10   State how YOU calculated YOUR response to the previous interrogatory.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

12   Responding party hereby incorporates by reference the Preliminary Statement
13   and the General Objections as though fully set forth herein.

14   Responding party further objects to this request on the grounds that (a) it calls
15   for a legal conclusion; (b) it calls for an expert opinion; (c) it is premature in that
16   Plaintiff has not yet assessed the full extent of her damages, and (d) it is vague,
17   ambiguous and overbroad.

18   Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff
19   calculated the amount listed in her Response to Interrogatory No. 3 according to
20   Plaintiff's knowledge and belief of her wages and benefits as of the date of Plaintiff's
21   separation from Defendants, with assumed increases of just 3% per annum.

22   **SPECIAL INTERROGATORY NO. 5:**

23   Identify all wages, salaries, earnings, gifts, loans, income, unemployment
24   insurance payments, disability insurance payments, or any other money, financial
25   gain, or item of value which YOU have received from any sources from January 1,
26   2000 to the present.

27   ///

28   ///

31

6

PLAINTIFF'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET ONE

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it calls for an expert opinion; (c) it calls for information in the possession, custody and control of Defendants; (d) it is premature in that Plaintiff has not yet assessed the full extent of her damages, and (e) it is vague, ambiguous and overbroad.

Notwithstanding said objections, Plaintiff responds as follows: Subsequent to Plaintiff's separation from Sterigenics, Plaintiff received unemployment benefits for a period of six months in an amount totaling approximately $11,700. Plaintiff also earned approximately $11,300 self-employment income in 2007.

**SPECIAL INTERROGATORY NO. 6:**

State the monetary sum of YOUR emotional distress damages YOU claim were proximately caused by the conduct of STERIGENICS as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it calls for an expert opinion; (c) it is premature in that Plaintiff has not yet assessed the full extent of her damages, and (d) it is vague, ambiguous and overbroad.

**SPECIAL INTERROGATORY NO. 7:**

State how YOU calculated YOUR response to the previous interrogatory.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

32

1   Responding party further objects to this request on the grounds that (a) it calls
2   for a legal conclusion; (b) it calls for an expert opinion; (c) it is premature in that
3   Plaintiff has not yet assessed the full extent of her damages, and (d) it is vague,
4   ambiguous and overbroad.

5   **SPECIAL INTERROGATORY NO. 8:**

6   Please identify (by name, address, telephone and specialty) each physician,
7   psychologist, counselor, therapist, herbalist, or other healthcare professionals that
8   have treated YOU at any time within the last 10 years for emotional distress,
9   including, but not limited to pain, discomfort, anxiety, humiliation, or other mental
10  and emotional injuries.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

12  Responding party hereby incorporates by reference the Preliminary Statement
13  and the General Objections as though fully set forth herein.

14  Responding party further objects to this request on the grounds that (a) it calls
15  for a legal conclusion; (b) it calls for an expert opinion; (c) it is premature in that
16  Plaintiff has not yet assessed the full extent of her damages; (d) it is unduly invasive
17  of Plaintiff's right to privacy in her medical records; and (e) it is vague, ambiguous
18  and overbroad.

19  **SPECIAL INTERROGATORY NO. 9:**

20  If YOU have take prescription medication within the last 10 years for
21  emotional distress, including, but not limited to pain, discomfort, anxiety,
22  humiliation, or other mental and emotional injuries, please state the name of each
23  medication, the person who prescribed it, the dates furnished, the dates that YOU
24  began and stopped taking it, and the cost to date.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

26  Responding party hereby incorporates by reference the Preliminary Statement
27  and the General Objections as though fully set forth herein.

28  ///

33

PLAINTIFF'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET ONE

1  Responding party further objects to this request on the grounds that (a) it calls
2  for a legal conclusion; (b) it calls for an expert opinion; (c) it is premature in that
3  Plaintiff has not yet assessed the full extent of her damages; (d) it is unduly invasive
4  of Plaintiff's right to privacy in her medical records; and (e) it is vague, ambiguous
5  and overbroad.
6  **SPECIAL INTERROGATORY NO. 10:**
7  If YOU have taken prescription medication for the injuries that YOU attribute
8  to STERIGENICS, please state the name of each medication, the person who
9  prescribed it, the dates furnished, the dates that YOU began and stopped taking it, and
10  the cost to date.
11  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**
12  Responding party hereby incorporates by reference the Preliminary Statement
13  and the General Objections as though fully set forth herein.
14  Responding party further objects to this request on the grounds that (a) it calls
15  for a legal conclusion; (b) it calls for an expert opinion; (c) it is premature in that
16  Plaintiff has not yet assessed the full extent of her damages; (d) it is unduly invasive
17  of Plaintiff's right to privacy in her medical records; and (e) it is vague, ambiguous
18  and overbroad.
19  **SPECIAL INTERROGATORY NO. 11:**
20  Describe all efforts, if any, made by YOU, or on YOUR behalf, to find and
21  secure employment, including independent contract work, part-time work, and
22  temporary assignments, other than with DEFENDANT, since October 23, 2006.
23  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**
24  Responding party hereby incorporates by reference the Preliminary Statement
25  and the General Objections as though fully set forth herein.
26  Responding party further objects to this request on the grounds that (a) it calls
27  for a legal conclusion; (b) it is premature; and (c) it is vague, ambiguous and
28  overbroad.

34

1    Notwithstanding said objections, Plaintiff responds as follows:  Subsequent to

2  October 23, 2006, Plaintiff began an immediate search for employment. Plaintiff's

3  résumé was posted on several job search sites, notably Monster.com and

4  CareerBuilder.com.  According to her best recollection, Plaintiff also submitted her

5  résumé to approximately a dozen recruiters and employment agencies and further

6  submitted applications to approximately eighteen (18) potential employers. Plaintiff

7  also attended Foothill Employment and Training Connection seminars.

8  **SPECIAL INTERROGATORY NO. 12:**

9    Please identify (by name, address, telephone and date(s) applied) every

10  prospective employer with whom YOU applied for employment since October 23,

11  2006.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

13    Responding party hereby incorporates by reference the Preliminary Statement

14  and the General Objections as though fully set forth herein.

15    Responding party further objects to this request on the grounds that (a) it calls

16  for a legal conclusion; (b) it is premature; and (c) it is vague, ambiguous and

17  overbroad.

18    Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff does

19  not independently recall this information or presently have access to it.

20  **SPECIAL INTERROGATORY NO. 13:**

21    For each employer for whom YOU have worked since October 23, 2006, if any,

22  please state the name and address of the employer, the dates of employment, and

23  YOUR job title.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

25    Responding party hereby incorporates by reference the Preliminary Statement

26  and the General Objections as though fully set forth herein.

27  ///

28  ///

35

10

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it is premature; and (c) it is vague, ambiguous and overbroad.

Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff has not worked for any employer since October 23, 2006.  Plaintiff has been self-employed as an attorney, dba Law Office of Rosey M Liu, since March 2006.

**SPECIAL INTERROGATORY NO. 14:**

Please identify (by name, address and telephone number) each current or former employee of DEFENDANT with whom YOU have been in contact since October 23, 2006.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it is vague, ambiguous and overbroad; (b) it is unduly invasive of the right of privacy of Plaintiff and of third parties; (c) it does not seek relevant evidence and is not reasonably calculated to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 15:**

State all facts that support YOUR contention that DEFENDANT discriminated against YOU on account of YOUR national origin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it is premature; and (c) it is vague, ambiguous, compound and overbroad.

Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff performed her job with Defendants in an exemplary manner, as demonstrated by

36

11

1  praise and good performance reviews she received.  Once Plaintiff inquired about the

2  possibility of being considered for a promotion for which she was eminently well

3  qualified, Defendants began to take actions against her, including unwarranted

4  criticism of her work and, ultimately, the termination of Plaintiff for pretextual

5  reasons.  Plaintiff concludes that Defendants did not wish to promote a person of her

6  gender and/or national origin, and did not wish to promote an employee who

7  protested against unfair treatment.

8  **SPECIAL INTERROGATORY NO. 16:**

9  State all facts that support YOUR contention that DEFENDANT discriminated

10  against YOU on account of YOUR gender.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

12  Responding party hereby incorporates by reference the Preliminary Statement

13  and the General Objections as though fully set forth herein.

14  Responding party further objects to this request on the grounds that (a) it calls

15  for a legal conclusion; (b) it is premature; and (c) it is vague, ambiguous, compound

16  and overbroad.

17  Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff

18  performed her job with Defendants in an exemplary manner, as demonstrated by

19  praise and good performance reviews she received.  Once Plaintiff inquired about the

20  possibility of being considered for a promotion for which she was eminently well

21  qualified, Defendants began to take actions against her, including unwarranted

22  criticism of her work and, ultimately, the termination of Plaintiff for pretextual

23  reasons.  Plaintiff concludes that Defendants did not wish to promote a person of her

24  gender and/or national origin, and did not wish to promote an employee who

25  protested against unfair treatment.

26  **SPECIAL INTERROGATORY NO. 17:**

27  State all facts that support YOUR contention that DEFENDANT retaliated

28  against YOU.

37

12

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it is premature; and (c) it is vague, ambiguous, compound and overbroad.

Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff performed her job with Defendants in an exemplary manner, as demonstrated by praise and good performance reviews she received.  Once Plaintiff inquired about the possibility of being considered for a promotion for which she was eminently well qualified, Defendants began to take actions against her, including unwarranted criticism of her work and, ultimately, the termination of Plaintiff for pretextual reasons.  Plaintiff concludes that Defendants did not wish to promote a person of her gender and/or national origin, and did not wish to promote an employee who protested against unfair treatment.

**SPECIAL INTERROGATORY NO. 18:**

State all facts that support YOUR contention that DEFENDANT breached the implied covenant of good faith and fair dealing.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Responding party hereby incorporates by reference the Preliminary Statement and the General Objections as though fully set forth herein.

Responding party further objects to this request on the grounds that (a) it calls for a legal conclusion; (b) it is premature; and (c) it is vague, ambiguous, compound and overbroad.

Notwithstanding said objections, Plaintiff responds as follows:  Plaintiff performed her job with Defendants in an exemplary manner, as demonstrated by praise and good performance reviews she received.  Once Plaintiff inquired about the possibility of being considered for a promotion for which she was eminently well

38

13

1   qualified, Defendants began to take actions against her, including unwarranted

2   criticism of her work and, ultimately, the termination of Plaintiff for pretextual

3   reasons.  Plaintiff concludes that Defendants did not wish to promote a person of her

4   gender and/or national origin, and did not wish to promote an employee who

5   protested against unfair treatment.

6

7   Dated:  January 21, 2008              CHARLES T. MATHEWS & ASSOCIATES

8

9                          By:      _____

10                                  SUSAN C.V. JONES
                                    Attorney for Plaintiff,
11                                  ROSEY LIU

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                              39

PLAINTIFF'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET ONE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

LIU v. STERIGENICS INTERNATIONAL, INC., et al.

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2596 Mission Street, Suite 204, San Marino, California 91108.

On **January 22, 2008** I served the foregoing document described as PLAINTIFF'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES SET ONE on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Craig G. Staub                                         Attorney for Defendants
Janine C. Sun
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107

____ **By Facsimile**: from (626) 683-8295 to **SEE ABOVE** pursuant to CCP §1013a, I caused the machine to print a report of the transmission.

xxxx **By Mail**:  I am familiar with the regular mail collection and processing practices of said business, the mail is deposited with the United States Postal Service that same day.  I deposited such envelope in the mail at San Marino, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose discretion that service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 22, 2008** at San Marino, California.

Ashley A. Emms

40

# EXHIBIT "4"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROSEY LIU,                          )
                                    )
            Plaintiff,              )
                                    )
      VS.                           )   NO. CV07-5976 PSG (CWx)
                                    )
STERIGENICS INTERNATIONAL,          )
INC., a corporation;                )
GRIFFITH MICRO SCIENCE, a           )
corporation; ION BEAM               )
APPLICATIONS, a                     )
corporation; KATHLEEN               )
HOFFMAN, an individual;             )
and DOES 1 through 10,              )
inclusive,                          )
                                    )
            Defendants.             )
_____)

DEPOSITION OF ROSEY LIU

Los Angeles, California

Wednesday, February 20, 2008

REPORTED BY:

CAROL BALLOU
CSR NO. 12786

JOB NO.
53842LMF

41

**LUDWIG KLEIN**
REPORTERS & VIDEO, INC.
10868 KLING STREET
TOLUCA LAKE, CALIFORNIA 91602
800.540.0681      FAX 818.508.6326
e-mail:  lois@ludwigklein.com

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

1                   UNITED STATES DISTRICT COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3

4

5      ROSEY LIU,                      )
                                       )
6                     Plaintiff,       )
                                       )
7                     VS.              )  NO. CV07-5976 PSG (CWx)
                                       )
8      STERIGENICS INTERNATIONAL,  )
       INC., a corporation;           )
9      GRIFFITH MICRO SCIENCE, a      )
       corporation; ION BEAM          )
10     APPLICATIONS, a                )
       corporation; KATHLEEN          )
11     HOFFMAN, an individual;        )
       and DOES 1 through 10,         )
12     inclusive,                     )
                                       )
13                    Defendants.      )
       _____)

14

15

16

17              Deposition of ROSEY LIU, taken on behalf of

18     the Defendant, at 2049 Century Park East,

19     Los Angeles, California, commencing at 10:30 a.m., on

20     Wednesday, February 20, 2008, before Carol Ballou,

21     CSR No. 12786, a Certified Shorthand Reporter in and

22     for the County of Los Angeles, State of California.

23

24

25                                               42

                                                            2

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1    APPEARANCES:

 2

 3    FOR THE PLAINTIFF:

 4        CHARLES T. MATHEWS & ASSOCIATES
          BY:   SUSAN C.V. JONES
 5              Attorney at Law
          2596 Mission Street, Suite 204
 6        San Marino, California 91108
          626.683.8291
 7

 8    FOR DEFENDANTS STERIGENICS U.S., L.L.C. (ERRONEOUSLY
      SUED AS STERIGENICS INTERNATIONAL, INC.; GRIFFITH
 9    MICRO SCIENCE, AND ION BEAM APPLICATIONS) AND
      KATHLEEN HOFFMAN:
10
          LITTLER MENDELSON, P.C.
11        BY:   CRAIG STAUB
                 -and-
12              JANINE SUN
                Attorneys at Law
13        2049 Century Park East, Fifth Floor
          Los Angeles, California 90067-2709
14        310.553.0308

15
      ALSO PRESENT:
16        KATHY HOFFMAN
          COREY GRAUER
17        JERRY JOHANNING, Videographer

18

19

20

21

22

23

24
                                      43
25
```

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1                          I N D E X

 2

 3    EXAMINATION BY:                                PAGE

 4       MR. STAUB                                     8

 5

 6

 7                       E X H I B I T S

 8              (BOUND UNDER SEPARATE COVER)

 9    DEFENDANTS'                                    PAGE

10    1        Interview Schedule for Rosey          52
               Liu (1 pg.)
11
      2        Resume, Rosey Liu (2 pgs.)            53
12
      3        Letter to Rosey Liu from             64
13             Kathleen Hoffman, 4/19/00
               (1 pg.)
14
      4        At-Will Employment Agreement          67
15             and Acknowledgment of Receipt
               of Employee Handbook, 10/27/03
16             (1 pg.)

17    5        At-Will Employment Agreement          72
               and Acknowledgment of Receipt
18             of Employee Handbook, 7/14/05
               (1 pg.)
19
      6        Sterigenics Employee Handbook         81
20             For U.S. Employees, January 2006
               (61 pgs.)
21
      7        Letter to Rosey Liu from             104
22             Daniel P. Kremer, w/attachments,
               3/24/06 (14 pgs.)
23
      8        IBA Professional/Administrative      158
24             Performance Review, Rosey Liu,
               5/8/00 to 12/31/00 (4 pgs.)           44
25
```

4

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1                    I N D E X  (CONTINUED)

 2
                      E X H I B I T S  (CONTINUED)
 3

 4    DEFENDANT'S                                        PAGE
```

```
 5    9        IBA Professional/Administrative      160
               Performance Review, Rosey Liu,
 6             1/1/02 to 12/31/02 (5 pgs.)

 7    10       IBA Professional/Administrative      164
               Performance Review, Rosey Liu
 8             1/1/03 to 12/31/03 (5 pgs.)

 9    11       Sterigenics Professional/            175
               Administrative Performance
10             Review, Rosey Liu, 1/1/05 to
               12/31/05 (5 pgs.)
11
      12       Memo to Rosey Liu from              186
12             Kathleen Hoffman, 7/25/06,
               Re 2005 and 2006 Performance
13             Reviews (1 pg.)

14    13       Memo to "Note to File" from        231
               Kathleen Hoffman, 10/20/06,
15             Re Severance Plans-Rosey Liu
               (2 pgs.)
16
      14       Complaint of Discrimination,       270
17             California Department of Fair
               Employment and Housing, date
18             filed of 1/29/07 (1 pg.)

19    15       Complaint of Discrimination,       272
               California Department of Fair
20             Employment and Housing, date
               filed of 3/2/07 (1 pg.)

21

22

23

24
                                              45
25
```

5

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1                I  N  D  E  X  (CONTINUED)

 2

 3

 4

 5

 6              INFORMATION REQUESTED

 7                     (None)

 8

 9

10

11

12

13              QUESTIONS MARKED

14                     (None)

15

16

17

18

19

20

21

22

23

24                                    46

25
```

                                                    **6**

| | | |
|---|---|---|
| 1 | LOS ANGELES, CALIFORNIA; WEDNESDAY, FEBRUARY 20, 2008 | |
| 2 | 10:30 A.M. | 10:21:26 |
| 3 | | 10:30:31 |
| 4 | THE VIDEOGRAPHER:  Good morning.  My name is | 10:30:40 |
| 5 | Jerry Johanning.  I am the videotape operator of | 10:30:43 |
| 6 | "Lisa" Klein Court Reporters, located in Toluca Lake, | 10:30:46 |
| 7 | California. | 10:30:46 |
| 8 | This is the videotaped deposition of Rosey | 10:30:48 |
| 9 | Liu, beginning at 10:30 a.m., on February 20th, 2008, | 10:30:54 |
| 10 | in the matter of Lui versus Sterigenics | 10:30:58 |
| 11 | International, Case No. CV07-5976 PSG, taken at | 10:31:07 |
| 12 | 2049 Century Park East in Los Angeles, California. | 10:31:10 |
| 13 | This deposition is being taken on behalf of the | 10:31:12 |
| 14 | defendant. | 10:31:13 |
| 15 | May we please have introductions, beginning | 10:31:16 |
| 16 | with the witness. | 10:31:18 |
| 17 | THE WITNESS:  My name is Rosey Liu. | 10:31:21 |
| 18 | MS. JONES:  Susan Jones, counsel for the | 10:31:23 |
| 19 | plaintiff. | 10:31:25 |
| 20 | MR. STAUB:  Craig Staub, from Littler | 10:31:27 |
| 21 | Mendelson. | 10:31:28 |
| 22 | Also present is my client, Kathy Hoffman, | 10:31:31 |
| 23 | and a representative from my client, Sterigenics, and | 10:31:35 |
| 24 | his name is Corey Grauer.                          47 | |
| 25 | THE REPORTER:  Ms. Liu, would you raise your | |

7

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | |
|---|---|---|
| 1 | right hand, please. | |
| 2 | Do you solemnly affirm under penalty of | |
| 3 | perjury that the testimony you give in this | |
| 4 | proceeding shall be the truth, the whole truth, and | |
| 5 | nothing but the truth? | |
| 6 | THE WITNESS:  Yes, I do. | |
| 7 | THE REPORTER:  Thank you. | |
| 8 | | |
| 9 | EXAMINATION | 10:31:36 |
| 10 | BY MR. STAUB: | 10:31:36 |
| 11 | Q    Good morning, Ms. Liu. | 10:31:50 |
| 12 | How are you? | 10:31:51 |
| 13 | A    Good.  How are you? | 10:31:52 |
| 14 | Q    Good. | 10:31:52 |
| 15 | We are here to take your deposition in a | 10:31:56 |
| 16 | lawsuit that you've filed against my clients. | 10:31:59 |
| 17 | Have you ever given a deposition before? | 10:32:01 |
| 18 | A    No. | 10:32:01 |
| 19 | Q    Okay. | 10:32:03 |
| 20 | Have you ever been involved in a deposition | 10:32:05 |
| 21 | proceeding before? | 10:32:06 |
| 22 | A    No. | 10:32:06 |
| 23 | Q    How about as -- in any capacity as an | 10:32:10 |
| 24 | attorney or --                          48 | 10:32:11 |
| 25 | A    I was sub as an attorney on a city | |

8

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | deposition, yes -- | 10:32:15 |
| 2 | Q    You've -- how many -- | |
| 3 | A    -- as a trainee. | 10:32:16 |
| 4 | Q    -- depositions have you attention? | 10:32:20 |
| 5 | A    I didn't take the depositions.  I was just | 10:32:21 |
| 6 | sitting there and listening. | 10:32:22 |
| 7 | Q    Okay. | 10:32:22 |
| 8 | So you've seen the process once? | 10:32:24 |
| 9 | A    Correct. | 10:32:25 |
| 10 | Q    But never as a party or as a witness? | 10:32:28 |
| 11 | A    No. | 10:32:28 |
| 12 | Q    All right. | 10:32:29 |
| 13 | Let me sort of explain some of the -- the -- | 10:32:31 |
| 14 | the ground rules of what's going to -- of -- of what | 10:32:35 |
| 15 | we need to do here today. | 10:32:36 |
| 16 | The person to your right is a court | 10:32:39 |
| 17 | reporter.  She's taking down everything that you say | 10:32:41 |
| 18 | or that I say or that your counsel says.  There are a | 10:32:45 |
| 19 | few things that -- that we need to do to make sure | 10:32:48 |
| 20 | that the record is very clear. | 10:32:50 |
| 21 | The first one is please allow me to finish | 10:32:54 |
| 22 | my questions.  You may anticipate what I'm saying, | 10:32:59 |
| 23 | but please allow me to finish before you respond | |
| 24 | because she can't take down two of us at once. | 10:33:03 |
| 25 | Okay? | |

49

9

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | |
|---|---|---|
| 1 | A    Okay. | 10:33:03 |
| 2 | Q    The second one is you need to respond | 10:33:05 |
| 3 | audibly with either "yes" or "no" or some other | 10:33:08 |
| 4 | audible explanation because she can't take down | 10:33:11 |
| 5 | "uh-huh's" or "unh-unh's" or nods of the head or | 10:33:14 |
| 6 | shrugs of the -- the shoulders. | 10:33:15 |
| 7 | Okay? | 10:33:15 |
| 8 | A    Okay. | 10:33:16 |
| 9 | Q    If you don't understand one of my questions | 10:33:20 |
| 10 | today, please call it to my attention.  If you answer | 10:33:23 |
| 11 | a question, I have no choice but to assume that you | 10:33:26 |
| 12 | knew what I was asking you. | 10:33:27 |
| 13 | All right? | 10:33:27 |
| 14 | A    Yes. | 10:33:28 |
| 15 | Q    Today you have -- you've been given an oath | 10:33:33 |
| 16 | to tell the truth.  The testimony that you give today | 10:33:36 |
| 17 | is under penalty of perjury.  And although we're here | 10:33:40 |
| 18 | in an informal setting, the testimony carries the | 10:33:43 |
| 19 | same force and effect as if we were in a court of | |
| 20 | law. | 10:33:47 |
| 21 | Do you understand that? | 10:33:48 |
| 22 | A    I understand. | 10:33:48 |
| 23 | Q    All right. | 10:33:48 |
| 24 | In a couple of weeks you will be provided | 10:33:52 |
| 25 | with a transcript from today's proceeding.  It will | |

10

| | | |
|---|---|---|
| 1 | read sort of like a play with question, answer, | 10:33:57 |
| 2 | question, answer. | 10:33:58 |
| 3 | You'll be asked to read it and review it and | 10:34:01 |
| 4 | make any corrections that you deem appropriate and | 10:34:03 |
| 5 | sign it under penalty of perjury. | 10:34:05 |
| 6 | Do you understand that? | 10:34:05 |
| 7 | A    Yes. | 10:34:06 |
| 8 | Q    You can make whatever changes you like; | 10:34:09 |
| 9 | however, if you make material changes, changes | 10:34:12 |
| 10 | that -- that may impact this case, changes that are | 10:34:18 |
| 11 | more substantial than, say, spelling corrections | 10:34:22 |
| 12 | or -- or -- or minor corrections of that nature, then | 10:34:26 |
| 13 | I can comment on that, or anybody can comment on that | 10:34:28 |
| 14 | at the time of trial to suggest that either your | 10:34:31 |
| 15 | memory is faulty or that you're not telling the truth | 10:34:33 |
| 16 | or -- or for any reason. | 10:34:35 |
| 17 | I just want you to -- to understand that so | 10:34:37 |
| 18 | when you make those changes, you know that there | 10:34:40 |
| 19 | could be consequences to that. | 10:34:41 |
| 20 | Okay? | 10:34:41 |
| 21 | A    Yes, I understand. | 10:34:42 |
| 22 | Q    And with that said, the important thing is | 10:34:44 |
| 23 | to make sure you give your best testimony here today. | 10:34:47 |
| 24 | Do you understand that? | 10:34:48 |
| 25 | A    Yes. | |

11

**ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL**

```
 1      Q    Okay.                                      10:34:48

 2           Any reason why you can't do that; have you  10:34:51

 3      taken any drugs or medication or alcohol in the last  10:34:55

 4      24 hours that would impair your ability to recall  10:34:58

 5      facts?                                           10:34:58

 6      A    No.                                         10:34:59

 7      Q    Okay.                                       10:35:00

 8           Today I may be asking you about things that  10:35:02

 9      occurred, you know, as many as six or seven years  10:35:06

10      ago.  I realize that you may not be able to tell me  10:35:09

11      the exact dates of certain things or the exact words  10:35:13

12      that were used in conversations, but I am entitled to  10:35:15

13      your best recollection and your best estimates, based  10:35:18

14      on your personal knowledge.                      10:35:20

15           With that said, nobody here wants you to    10:35:23

16      guess.                                           10:35:23

17           Do you understand the difference between    10:35:26

18      giving me your best estimate or best approximation,  10:35:29

19      based on your personal knowledge, and giving me a  10:35:32

20      guess?                                           10:35:33

21      A    Yes.                                        10:35:33

22      Q    Okay.                                       10:35:34

23           Let -- let me give you an example:  If -- if  10:35:37

24      you were -- if I were to ask you how long it took for  10:35:40

25      you to get to my office today, you -- you might be
```

                                                          **12**

| | | |
|---|---|---|
| 1 | able to give me an -- an estimate within a matter of | 10:35:45 |
| 2 | 5 or 10 or 15 minutes as to how long it took you to | 10:35:48 |
| 3 | get here. | 10:35:49 |
| 4 | If I asked you how long it took me to get | 10:35:55 |
| 5 | here today, presumably you don't know where I live or | 10:35:55 |
| 6 | when I left or what kind of traffic I encountered; so | 10:35:55 |
| 7 | that would be a guess.  You don't have personal | 10:35:58 |
| 8 | knowledge of that information. | 10:35:58 |
| 9 | Make sense? | 10:35:58 |
| 10 | A    Yes. | 10:35:58 |
| 11 | Q    Okay. | 10:36:04 |
| 12 | In anticipation of today's proceeding, have | 10:36:07 |
| 13 | you had any conversations with anybody, aside from | 10:36:10 |
| 14 | your attorneys? | 10:36:14 |
| 15 | A    No. | 10:36:14 |
| 16 | Q    Okay. | 10:36:15 |
| 17 | You haven't talked with anybody about -- | 10:36:19 |
| 18 | about the issues that you expected to discuss here | 10:36:21 |
| 19 | today? | 10:36:21 |
| 20 | A    No. | 10:36:21 |
| 21 | Q    In order to refresh your memory about events | 10:36:26 |
| 22 | in anticipation of today, did you review any | 10:36:28 |
| 23 | documents? | 10:36:30 |
| 24 | A    I -- not really, no. | 10:36:32 |
| 25 | Q    "Not really" tells me that maybe you did. | |

13

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | | Did you -- | 10:36:37 |
| 2 | A | I was too busy.  I haven't read anything, | 10:36:39 |
| 3 | no. | | 10:36:39 |
| 4 | Q | You've not reviewed any documents? | 10:36:42 |
| 5 | A | I didn't say never.  I have not. | 10:36:44 |
| 6 | Q | Okay. | 10:36:44 |
| 7 | | My question is, in order to prepare for | 10:36:46 |
| 8 | today, to refresh your memory of events -- | | 10:36:49 |
| 9 | A | No. | 10:36:49 |
| 10 | Q | -- have you reviewed any documents? | 10:36:51 |
| 11 | A | No. | 10:36:51 |
| 12 | Q | Okay. | 10:36:58 |
| 13 | | Are you currently employed? | 10:37:00 |
| 14 | A | I am self-employed. | 10:37:04 |
| 15 | Q | What is your job? | 10:37:06 |
| 16 | A | Attorney. | 10:37:06 |
| 17 | Q | Where do you practice law? | 10:37:11 |
| 18 | A | Arcadia. | 10:37:12 |
| 19 | Q | Is it with a law office? | 10:37:15 |
| 20 | A | Law Office of Rosey Liu. | 10:37:17 |
| 21 | Q | How long have you been practicing law -- | 10:37:24 |
| 22 | strike that. | | 10:37:24 |
| 23 | | How long have you been practicing law? | 10:37:28 |
| 24 | A | Last year, March 2007. | 10:37:34 |
| 25 | Q | What occurred in March 2007; is that when | |

14

LUDWIG KLEIN REPORTERS & VIDEO, INC.  800.540.0681

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | | you -- | 10:37:38 |
| 2 | A | I started my own practice. | 10:37:39 |
| 3 | Q | Okay. | 10:37:41 |
| 4 | | Let me -- let me back up a little bit. | 10:37:44 |
| 5 | | Did you attend law school? | 10:37:46 |
| 6 | A | Yes. | 10:37:46 |
| 7 | Q | Where did you go to law school? | 10:37:48 |
| 8 | A | Whittier. | 10:37:49 |
| 9 | Q | And did you earn a J.D. degree? | 10:37:53 |
| 10 | A | Yes. | 10:37:54 |
| 11 | Q | And when did you receive your J.D. degree? | 10:37:57 |
| 12 | A | '98. | 10:38:01 |
| 13 | Q | All right. | 10:38:03 |
| 14 | | Did you -- when did you enroll at Whittier; | 10:38:07 |
| 15 | | were you on a three-year program or a four-year | 10:38:10 |
| 16 | | program? | 10:38:10 |
| 17 | A | I was in the evening program -- | |
| 18 | Q | Okay. | 10:38:11 |
| 19 | A | -- four-year. | 10:38:12 |
| 20 | Q | Four years, evening program? | 10:38:14 |
| 21 | A | Yes. | 10:38:14 |
| 22 | Q | Okay. | 10:38:22 |
| 23 | | And have you ever taken the Bar, the | 10:38:24 |
| 24 | | California Bar? | 10:38:25 |
| 25 | A | Yes. | |

55

15

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | Q | How many times? | 10:38:26 |
|---|---|---|---|
| 2 | A | Twice. | 10:38:27 |
| 3 | Q | When did you take it? | 10:38:32 |
| 4 | A | One is when -- '98 would be -- right after | 10:38:40 |
| 5 | | graduation.  February, Bar and then another one -- | 10:38:44 |
| 6 | Q | Of 1999? | 10:38:46 |
| 7 | A | Yeah, and then -- | |
| 8 | Q | Okay. | 10:38:48 |
| 9 | A | -- 2000. | 10:38:51 |
| 10 | Q | Okay. | 10:38:52 |
| 11 | A | July -- February 2000. | 10:38:55 |
| 12 | Q | Okay. | 10:38:55 |
| 13 | | So you took it in February 1999; right? | 10:38:59 |
| 14 | A | Correct. | 10:39:00 |
| 15 | Q | Okay. | 10:39:00 |
| 16 | | Did you pass that Bar exam? | 10:39:02 |
| 17 | A | No. | 10:39:02 |
| 18 | Q | Okay. | 10:39:03 |
| 19 | | And then you took it again in February of | 10:39:05 |
| 20 | | 2000? | 10:39:06 |
| 21 | A | Correct. | 10:39:06 |
| 22 | Q | Okay. | 10:39:07 |
| 23 | | Did you pass that time? | 10:39:08 |
| 24 | A | Yes. | 10:39:08 |
| 25 | Q | All right. | |

56

16

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1            Have you kept your -- your license current    10:39:13
 2   since February of 2000?                               10:39:14
 3      A    Yes.                                           10:39:15
 4      Q    Okay.                                          10:39:17
 5           When did you first begin practicing law?      10:39:22
 6      A    It would be 2001.  I was -- yeah, 2001.        10:39:32
 7      Q    What did you do in 2001?                       10:39:35
 8      A    Some immigration work for a law firm.         10:39:46
 9      Q    What law firm?                                10:39:47
10      A    Shen & Chan.                                  10:39:49
11      Q    Can you spell that?                           10:39:50
12      A    S-h-e-n, "and" sign, C-h-a-n, P.L.C.          10:39:58
13      Q    And -- and where are they located?           10:40:00
14      A    Arcadia, California.                          10:40:02
15      Q    And how much work did you do for Shen & Chan  10:40:16
16   in -- let's say in -- starting in 2000?               10:40:20
17      A    Did not do any in 2000.                       10:40:22
18      Q    Oh, when -- when did you -- I'm sorry.        10:40:24
19           When did you --                               10:40:25
20      A    2001.                                         10:40:26
21      Q    2001, okay.                                   10:40:28
22           How much work did you perform for them?       10:40:31
23      A    Not many.  One case every other month or as   10:40:38
24   needed.                                               10:40:41
25      Q    And for how long did you continue to handle
```

17

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | |
|---|---|---|
| 1 | about one case a month for Shen & Chan, beginning in | 10:40:50 |
| 2 | 2001? | 10:40:51 |
| 3 | A    Every other month, not one case a month. | |
| 4 | Q    Okay. | |
| 5 | For how -- | 10:40:54 |
| 6 | A    If there is that frequency. | 10:40:55 |
| 7 | Q    Okay. | 10:40:56 |
| 8 | For how long did you continue to handle a | 10:40:59 |
| 9 | case about every other month for Shen & Chan, which | 10:41:02 |
| 10 | you started in about 2001? | 10:41:06 |
| 11 | A    It's on and off, whenever there's a case. | 10:41:09 |
| 12 | But when I was pregnant in 2001, and later on, 2001, | 10:41:18 |
| 13 | like -- or after the baby -- I don't remember -- I | 10:41:22 |
| 14 | stopped a little bit and then resumed 2003. | 10:41:33 |
| 15 | I don't exactly remember exact month and -- | 10:41:36 |
| 16 | or -- or even the year. | 10:41:37 |
| 17 | Q    And did you -- did you handle any cases for | 10:41:43 |
| 18 | Shen & Chan in 2004? | 10:41:46 |
| 19 | A    I may have.  I don't -- | |
| 20 | Q    Okay. | 10:41:48 |
| 21 | A    -- remember. | 10:41:48 |
| 22 | Q    Do you know how many cases you handled for | 10:41:51 |
| 23 | them in 2004? | 10:41:52 |
| 24 | A    Don't remember. | 10:41:53 |
| 25 | Q    Okay. | |

18

58

| | | | |
|---|---|---|---|
| 1 | | How about 2005; did you do any work for them | 10:41:57 |
| 2 | in 2005? | | 10:41:58 |
| 3 | A | Don't remember. | 10:41:59 |
| 4 | Q | No idea? | 10:42:00 |
| 5 | A | Don't remember.  I have to check my 1099. | 10:42:06 |
| 6 | Q | Okay. | 10:42:06 |
| 7 | | And how about 2006; did you do any work for | 10:42:10 |
| 8 | them in 2006? | | 10:42:12 |
| 9 | A | 2006, I don't remember getting a 1099.  I'm | 10:42:18 |
| 10 | not hundred -- | | |
| 11 | Q | Okay. | |
| 12 | | I -- | 10:42:19 |
| 13 | A | -- percent sure. | 10:42:20 |
| 14 | Q | All right. | 10:42:21 |
| 15 | | I -- I -- maybe that's the way you were | 10:42:22 |
| 16 | trying to remember.  I just want to know whether you | | 10:42:25 |
| 17 | worked for them, not whether you -- you got a 1099 -- | | |
| 18 | A | No, if -- | 10:42:28 |
| 19 | Q | -- from them. | 10:42:29 |
| 20 | A | -- I worked, I would have gotten paid.  If I | 10:42:32 |
| 21 | do not have the 1099, that means I didn't work for | | 10:42:35 |
| 22 | them at all. | | 10:42:36 |
| 23 | Q | Okay. | 10:42:36 |
| 24 | | Did you do any work for them in 2006? | 10:42:40 |
| 25 | A | 2006, no, I don't remember seeing a 1099. | |

19

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1      Q    Okay.                                        10:42:45

 2           So sounds like you worked for them in        10:42:48

 3      "Two-thousand --" --  from 2001 all the way up to  10:42:51

 4      2005; is that right?                              10:42:53

 5      A    Not hundred percent sure.                    10:42:54

 6      Q    Okay.                                        10:42:55

 7           Is -- is that your best recollection, that   10:42:57

 8      you did work for them during that approximately   10:43:02

 9      four-year time frame?                             10:43:04

10      A    That's my best recollection, yes.            10:43:06

11      Q    Okay.                                        10:43:07

12           How much -- on average, how much time did    10:43:11

13      you devote to your work at Shen & Chan per month when  10:43:15

14      you were working for them?                        10:43:16

15      A    If it was -- if it was a one case, I         10:43:20

16      probably spend three, four hours.  Depending on the  10:43:25

17      cases.                                            10:43:30

18      Q    Some cases take longer than others?          10:43:32

19      A    Correct.                                     10:43:32

20      Q    Okay.                                        10:43:33

21           Can you give me a sense, if you were -- if   10:43:35

22      you were handling a case for them, how much time do  10:43:39

23      you put in typically on a --  say, a monthly basis?  10:43:43

24      A    On a monthly basis, not even five.           10:43:51

25      Q    Five what?
```

20

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | A | Five hours. | 10:43:52 |
| 2 | Q | Okay. | 10:43:54 |
| 3 | | Not even five or about five? | 10:43:57 |
| 4 | A | It depends.  Sometimes maybe more; sometimes | 10:43:59 |
| 5 | less. | | 10:43:59 |
| 6 | Q | Okay. | 10:44:01 |
| 7 | | So on average, you worked about five hours a | 10:44:05 |
| 8 | month for Shen & Chan when you -- | | |
| 9 | A | I can't say -- | 10:44:06 |
| 10 | Q | -- had an active case? | 10:44:07 |
| 11 | A | -- the average because I don't remember. | 10:44:09 |
| 12 | Q | Yeah, well, can you -- are you able to give | 10:44:11 |
| 13 | me an -- an estimate of how much time you -- | | |
| 14 | A | It's -- it's -- | | |
| 15 | Q | Hang on.  Ms. Liu, please, you've got to let | 10:44:12 |
| 16 | me finish my questions or else we're going to have a | 10:44:14 |
| 17 | real choppy record. | | 10:44:15 |
| 18 | | Can you tell me, on average, how much time | 10:44:17 |
| 19 | you spent working for Shen & Chan when you had active | 10:44:21 |
| 20 | cases going with them? | | 10:44:29 |
| 21 | A | I just remember working on Sundays only in | 10:44:37 |
| 22 | the afternoon.  Two -- two, three hours. | | 10:44:42 |
| 23 | Q | Per month? | 10:44:45 |
| 24 | A | If that much. | 10:44:46 |
| 25 | Q | Okay. | |

21

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | | Let's try to go about this maybe a different | 10:44:49 |
| 2 | | way. | 10:44:49 |
| 3 | | How were you compensated by Shen & Chan? | 10:44:54 |
| 4 | A | A check by -- from the company. | 10:44:56 |
| 5 | Q | On a monthly basis? | 10:44:59 |
| 6 | A | Monthly or bimonthly. | 10:45:01 |
| 7 | Q | Okay. | 10:45:04 |
| 8 | | And were you paid per hour worked? | 10:45:06 |
| 9 | A | Per case. | 10:45:07 |
| 10 | Q | So you were paid a flat fee for handling a | 10:45:11 |
| 11 | | case? | 10:45:11 |
| 12 | A | Correct. | 10:45:12 |
| 13 | Q | Okay. | 10:45:12 |
| 14 | | And what was -- what was your fee for | 10:45:14 |
| 15 | | handling a -- an immigration case? | 10:45:16 |
| 16 | A | If they charged, let's say, for example, | 10:45:20 |
| 17 | | $1,000 for a case, I get 50 percent. | 10:45:23 |
| 18 | Q | Okay. | 10:45:28 |
| 19 | | So you -- you would -- you would get half of | 10:45:30 |
| 20 | | what the -- what -- | |
| 21 | A | Correct. | 10:45:31 |
| 22 | Q | -- the firm took in -- | 10:45:32 |
| 23 | A | Yes. | 10:45:33 |
| 24 | Q | -- right?  Okay. | 10:45:35 |
| 25 | | Did you bill your -- your -- did you record | |

22

| 1 | your time? | 10:45:39 |
|---|---|---|
| 2 | A    No. | 10:45:39 |
| 3 | Q    Okay. | 10:45:45 |
| 4 | Have you ever kept a -- a case list? | 10:45:47 |
| 5 | A    I do not keep a list. | 10:45:49 |
| 6 | Q    Do you -- do you still work for Shen & Chan? | 10:45:58 |
| 7 | A    We're in the same office building.  If they | 10:46:01 |
| 8 | do not want to do immigration cases, they usually | 10:46:05 |
| 9 | refer to me. | 10:46:05 |
| 10 | Q    Okay. | 10:46:06 |
| 11 | So you still have a relationship with them? | 10:46:09 |
| 12 | A    As a referral basis, not as a contracting | 10:46:13 |
| 13 | attorney. | 10:46:14 |
| 14 | Q    Okay. | 10:46:17 |
| 15 | So you never had a -- your relationship with | 10:46:21 |
| 16 | them was never separated; in other words, you | 10:46:24 |
| 17 | never -- they never stopped using you; it's just now | 10:46:26 |
| 18 | that you have your own office, they'll occasionally | 10:46:29 |
| 19 | refer immigration cases to you; is that right? | 10:46:31 |
| 20 | A    Correct. | 10:46:31 |
| 21 | Q    Okay. | 10:46:33 |
| 22 | Do you still -- strike that. | 10:46:35 |
| 23 | You were an independent contractor for them? | 10:46:38 |
| 24 | A    Yes. | 10:46:39 |
| 25 | Q    And you were 1099'd at the end of the year? | |

23

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | A | Yes. | 10:46:44 |
|---|---|------|----------|
| 2 | Q | Do you -- did you keep those 1099's? | 10:46:47 |
| 3 | A | Yes. | 10:46:47 |
| 4 | Q | Okay. | 10:46:48 |
| 5 | | So you have records of how much you earned | 10:46:51 |
| 6 | | with Shen & Chan? | 10:46:52 |
| 7 | A | Yes. | 10:46:52 |
| 8 | Q | Okay. | 10:46:55 |
| 9 | | Did you work -- did you perform any legal | 10:47:00 |
| 10 | | services between law school and today's date, other | 10:47:06 |
| 11 | | than for Shen & Chan and for the Law Offices of Rosey | 10:47:10 |
| 12 | | Liu? | 10:47:10 |
| 13 | A | No. | 10:47:11 |
| 14 | Q | Okay. | 10:47:12 |
| 15 | | You've never worked for any other firms? | 10:47:14 |
| 16 | A | No. | 10:47:14 |
| 17 | Q | And all the work you did for Shen & Chan was | 10:47:17 |
| 18 | | all -- | 10:47:17 |
| 19 | A | Between law school and now? | 10:47:19 |
| 20 | Q | Yeah. | 10:47:20 |
| 21 | A | Does that include summer intern during law | 10:47:24 |
| 22 | | school? | 10:47:25 |
| 23 | Q | No, it actually doesn't.  I just wanted to | 10:47:28 |
| 24 | | know between law school and now. | 10:47:30 |
| 25 | A | No. | |

64

24

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | Q | Okay. | 10:47:31 |
| 2 | | Did you intern for somebody during the | 10:47:33 |
| 3 | summer? | | 10:47:33 |
| 4 | A | Yes. | 10:47:33 |
| 5 | Q | Who did you intern with? | 10:47:36 |
| 6 | A | Arco, legal department. | 10:47:38 |
| 7 | Q | Where was that? | 10:47:39 |
| 8 | A | Downtown L.A. | 10:47:41 |
| 9 | Q | Was that the summer of '98 or '97? | 10:47:45 |
| 10 | A | Summer of '95. | |
| 11 | Q | Okay. | 10:47:52 |
| 12 | A | Attorney general's office, downtown L.A., | 10:47:56 |
| 13 | summer of '96. | | 10:48:04 |
| 14 | Q | Anywhere else? | 10:48:06 |
| 15 | A | No. | 10:48:06 |
| 16 | Q | All right. | 10:48:10 |
| 17 | | Do you have a -- can you -- can you estimate | 10:48:13 |
| 18 | for me how many cases you handled for Shen & Chan | | 10:48:16 |
| 19 | during the time frame that you had a relationship | | 10:48:18 |
| 20 | with them as an independent contractor? | | 10:48:23 |
| 21 | A | I don't remember. | 10:48:24 |
| 22 | Q | Would you say it's more or less than six | 10:48:31 |
| 23 | cases a year? | | 10:48:32 |
| 24 | A | In some years, yes. | 10:48:33 |
| 25 | Q | Okay. | |

65

25

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | | As high as -- as -- as how many? | 10:48:41 |
| 2 | A | I don't remember.  Eight maybe. | 10:48:47 |
| 3 | Q | Eight would be about the tops? | 10:48:50 |
| 4 | A | Estimate. | 10:48:51 |
| 5 | Q | Okay. | 10:48:52 |
| 6 | | And what's -- in a year -- let's say the | 10:48:55 |
| 7 | | year where you worked with them the least, how many | 10:48:57 |
| 8 | | cases did you handle? | 10:48:58 |
| 9 | A | Worked the least? | 10:49:00 |
| 10 | Q | Yeah. | 10:49:02 |
| 11 | A | Could be just one. | 10:49:03 |
| 12 | Q | So -- so you handled typically between about | 10:49:07 |
| 13 | | one and eight cases a year for them; does that sound | 10:49:11 |
| 14 | | fair? | 10:49:11 |
| 15 | A | Towards 2006 and '07, I didn't work for them | 10:49:17 |
| 16 | | much at all. | 10:49:17 |
| 17 | Q | Okay. | 10:49:18 |
| 18 | | How -- how come? | 10:49:22 |
| 19 | A | I was too busy.  No time. | 10:49:25 |
| 20 | Q | Too busy with your own law practice? | 10:49:33 |
| 21 | A | No, I did not have -- not 2007.  2006 I was | 10:49:39 |
| 22 | | too busy with my family and work. | 10:49:42 |
| 23 | Q | And have any estimate for me how much you -- | 10:49:52 |
| 24 | | you typically earned from Shen & Chan during the | 10:49:57 |
| 25 | | course of a year? | |

66

26

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | A | The highest I remember was 8,000. | 10:50:04 |
|---|---|---|---|
| 2 | Q | 8,000? | 10:50:07 |
| 3 | A | (No audible response.) | 10:50:07 |
| 4 | Q | Okay. | 10:50:13 |
| 5 | | And what -- on the low end -- | 10:50:16 |
| 6 | A | Low end, maybe 500. | 10:50:18 |
| 7 | Q | Okay. | 10:50:22 |
| 8 | | Did you ever inform Sterigenics that you | 10:50:27 |

9  were performing legal work on a contract basis for        10:50:29

10  Shen & Chan when you were working for Sterigenics?        10:50:34

| 11 | A | No. | 10:50:34 |
| 12 | Q | How come? | 10:50:35 |
| 13 | A | It -- because I didn't do it at work.  I was | 10:50:37 |

14  doing it in my spare time, Sunday evenings.  It's not      10:50:45

15  related to my job.                                          10:50:46

| 16 | Q | Did you try to keep that from Sterigenics? | 10:50:50 |
| 17 | A | It's not -- my job at Sterigenics was an | 10:50:53 |

18  engineer, not a lawyer.                                     10:50:55

| 19 | Q | Did you try to keep that information from | 10:50:57 |

20  Sterigenics?                                                10:50:58

| 21 | A | Nobody ever -- I -- I don't see the need to | 10:51:02 |

22  bring that up.  It's not even related.                     10:51:05

| 23 | Q | Is the answer to my question yes, that you | 10:51:08 |

24  did try to keep it from them?                               10:51:10

| 25 | A | I don't think "try to keep it from them" is | |

27

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | the word. It's just not -- never discussed. | 10:51:17 |
| 2 | Q   You -- you never discussed it with them; | 10:51:21 |
| 3 | right? | 10:51:21 |
| 4 | A   Correct. | 10:51:21 |
| 5 | Q   And you never gave -- never gave Sterigenics | 10:51:23 |
| 6 | any indication that you were -- had a little bit of a | 10:51:28 |
| 7 | law practice on the side, did you? | 10:51:29 |
| 8 | A   No. | 10:51:30 |
| 9 | Q   Am I correct? | 10:51:31 |
| 10 | A   Correct, I did not tell them. | 10:51:33 |
| 11 | Q   Your law practice that you have right now, | 10:51:42 |
| 12 | what is your focus; is it on immigration? | 10:51:46 |
| 13 | A   Most my clients, yeah, immigration cases. | 10:51:49 |
| 14 | Q   Do you do any other kind of work? | 10:51:52 |
| 15 | A   Yes, I do some family law. | 10:52:02 |
| 16 | Q   Anything else? | 10:52:04 |
| 17 | A   I do personal injury.  I do contracts.  And | 10:52:13 |
| 18 | I draft some living trusts as well. | 10:52:16 |
| 19 | Q   And do you -- do you have any assistants at | 10:52:26 |
| 20 | your office, or are you operating on your own? | 10:52:29 |
| 21 | A   We -- we had -- well, all the legal work I | 10:52:31 |
| 22 | do on my own.  We have assistants answering phones | 10:52:36 |
| 23 | and -- | |
| 24 | Q   Okay. | 10:52:37 |
| 25 | A   -- talking to the clients. | |

68

28

| | | | |
|---|---|---|---|
| 1 | Q | Any other attorneys? | 10:52:38 |
| 2 | A | Not in my law firm. | 10:52:40 |
| 3 | Q | Okay. | 10:52:41 |
| 4 | | Any -- any paralegals? | 10:52:42 |
| 5 | A | No. | 10:52:42 |
| 6 | Q | When did you -- when did you decide to open | 10:52:58 |
| 7 | | your law practice; is that something you've always -- | 10:53:02 |
| 8 | | always had in mind? | 10:53:03 |
| 9 | A | I always, well, want to use my legal | 10:53:10 |
| 10 | | education, but never thought about opening my law | 10:53:13 |
| 11 | | practice until 2007. | 10:53:15 |
| 12 | Q | Why not? | 10:53:18 |
| 13 | A | I think probably because my personality. | 10:53:24 |
| 14 | | I -- everybody told me I'm not aggressive enough to | 10:53:27 |
| 15 | | be a lawyer. | 10:53:37 |
| 16 | Q | So you never -- never really gave it much | 10:53:39 |
| 17 | | thought until -- until after your employment at | 10:53:41 |
| 18 | | Sterigenics; is that -- | |
| 19 | A | Correct. | 10:53:43 |
| 20 | Q | -- true? | 10:53:43 |
| 21 | A | Yes. | 10:53:44 |
| 22 | Q | After your employment at Sterigenics, by the | 10:53:49 |
| 23 | | way, did you -- did you ever seek any other -- | 10:53:54 |
| 24 | A | Yes. | 10:53:54 |
| 25 | Q | -- other work other than the efforts that | |

29

69

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1   you put into opening your law practice?          10:53:59

 2       A    Yes.                                     10:53:59

 3       Q    What -- tell me -- tell me what other    10:54:01

 4   efforts you made to try to gain work after your  10:54:06

 5   employment at Sterigenics ended.                 10:54:08

 6       A    I put my resume on Caljob.com, Monster   10:54:14

 7   board.  I talked to six or seven recruiters.     10:54:31

 8       Q    Okay.                                    10:54:32

 9            Did you ever -- did you ever submit your 10:54:36

10   resume to any employers?                         10:54:38

11       A    Yes.                                     10:54:38

12       Q    Do you recall who?                       10:54:39

13       A    One is Tyco Electronics in Torrance,     10:54:49

14   I.C.I. "Paint."                                  10:54:53

15       Q    I.C.I. "Paint"?                          10:54:55

16       A    Yes.                                     10:54:56

17       Q    Okay.                                    10:54:59

18       A    There is another company, forgot the name, 10:55:02

19   in Commerce.  And then submit my resumes to all the 10:55:09

20   recruiters that I talked to.                     10:55:11

21       Q    Okay.                                    10:55:14

22            Do you know what -- what -- were you     10:55:18

23   applying for a particular job at Tyco Electronics? 10:55:22

24       A    Yes.                                     10:55:22

25       Q    Do you recall what job you were applying 10:55:XX
```

                                                         30

```
 1    for?                                               10:55:25

 2        A    Environmental health and safety engineer.  10:55:33

 3        Q    Was that a job that Tyco was posting for?   10:55:36

 4        A    Yes.                                        10:55:36

 5        Q    Okay.                                       10:55:38

 6             Did you -- were you granted an interview?   10:55:41

 7        A    Yes.                                        10:55:41

 8        Q    And did you interview?                      10:55:43

 9        A    Yes.                                        10:55:43

10        Q    Were you offered a position?               10:55:46

11        A    No.                                        10:55:46

12        Q    Do you know why?                            10:55:48

13        A    No.                                        10:55:49

14        Q    Did you tell Tyco why your employment at   10:55:55

15    Sterigenics had ended?                              10:56:01

16        A    I did not tell -- excuse me.                10:56:05

17             They did not ask the reason.  I just said I 10:56:09

18    left the company.                                   10:56:10

19        Q    Okay.                                       10:56:14

20             How about I.C.I. "Paint"; what kind of     10:56:16

21    position were you seeking there?                    10:56:17

22        A    I think it's safety compliance engineer    10:56:31

23    or -- no, it's called environmental safety          10:56:34

24    coordinator.  Environmental health and safety       10:56:40

25    coordinator.                          71
```

31

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | Q | Were you granted an interview? | 10:56:44 |
| 2 | A | Yes. | 10:56:44 |
| 3 | Q | Were you offered a position? | 10:56:48 |
| 4 | A | No. | 10:56:48 |
| 5 | Q | Do you know why? | 10:56:50 |

6    A    I -- actually, I went there twice, and they     10:56:58
7    probably find somebody else.                          10:57:00

| 8 | Q | Did -- did they ever tell you why? | 10:57:02 |
| 9 | A | They found more suitable candidate. | 10:57:06 |
| 10 | Q | But did they tell you that? | 10:57:08 |
| 11 | A | Yes. | 10:57:08 |
| 12 | Q | Okay. | 10:57:10 |

13           Did you ever learn why you weren't hired at    10:57:12
14    Tyco -- or rather why you weren't offered a job at    10:57:16
15    Tyco?                                                 10:57:17

16    A    No, I couldn't get ahold of the person, but    10:57:22
17    that office is too far from my home.  When I went for  10:57:25
18    interview, it took me an hour and a half to get there  10:57:28
19    and two hours to get home; so I didn't pursue          10:57:29
20    further.                                               10:57:30

21    Q    So you weren't interested in that really       10:57:34
22    anyway?                                               10:57:34

23    A    I was.  I liked the company, but I had to --   10:57:40
24    I -- I -- they asked me, "Do you mind the driving?"   10:57:43
25           I said, "No, but if we can work out some

32

| | | |
|---|---|---|
| 1 | work schedule, I'll be working there." | 10:57:52 |
| 2 | Q   And you never spoke with them after that? | 10:57:58 |
| 3 | A   I called them couple times. | 10:57:59 |
| 4 | Q   They didn't respond? | 10:58:01 |
| 5 | A   They probably find somebody else. | 10:58:04 |
| 6 | Q   Do -- do you know what -- what the -- what | 10:58:06 |
| 7 | salary was being offered at Tyco, by the way? | 10:58:09 |
| 8 | A   We didn't discuss that. | 10:58:11 |
| 9 | Q   Do you have any idea; did they post a range? | 10:58:14 |
| 10 | A   I think it's like 85. | 10:58:16 |
| 11 | Q   Okay. | 10:58:17 |
| 12 | And how about at I.C.I. Paints? | 10:58:19 |
| 13 | A   Probably same range. | 10:58:21 |
| 14 | Q   All right. | 10:58:24 |
| 15 | Any other -- or strike that. | 10:58:27 |
| 16 | You indicated that you applied for a job in | 10:58:30 |
| 17 | the City of Commerce? | 10:58:31 |
| 18 | A   There's -- not city.  There's a company in | 10:58:35 |
| 19 | Commerce.  I don't remember the -- I saw the job | 10:58:39 |
| 20 | posting.  I just sent my resume. | 10:58:42 |
| 21 | Q   Do you recall what the job was? | 10:58:44 |
| 22 | A   Environmental engineer. | 10:58:46 |
| 23 | Q   Did you -- were you granted an interview? | 10:58:55 |
| 24 | A   No. | 10:58:56 |
| 25 | Q   So after you submitted -- did you submit an | |

33

73

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | | application? | 10:59:02 |
| 2 | A | No. | 10:59:02 |
| 3 | Q | Did you submit a resume? | 10:59:04 |
| 4 | A | Just resume. | 10:59:05 |
| 5 | Q | Okay. | 10:59:05 |
| 6 | | And you never heard back from them? | 10:59:08 |
| 7 | A | Correct. | 10:59:08 |
| 8 | Q | Did you ever follow up with them? | 10:59:10 |
| 9 | A | I called. | 10:59:11 |
| 10 | Q | And what -- what became -- | 10:59:11 |
| 11 | A | Left voice messages.  They didn't call. | 10:59:14 |
| 12 | Q | Okay. | 10:59:20 |
| 13 | | Any other specific jobs that you learned | 10:59:26 |
| 14 | | about, that you tried to pursue? | 10:59:38 |
| 15 | A | No. | 10:59:39 |
| 16 | Q | What were the names of the -- of the | 10:59:44 |
| 17 | | recruiters that you used; do you recall? | 10:59:52 |
| 18 | A | Most them out of state's.  I remember one -- | 11:00:04 |
| 19 | | I don't know if I kept his name.  I -- I'm still | 11:00:08 |
| 20 | | getting calls from different recruiters about the | 11:00:10 |
| 21 | | jobs. | 11:00:12 |
| 22 | | Isaac -- I don't even know it's his first | 11:00:16 |
| 23 | | name or last name. | 11:00:22 |
| 24 | Q | Have you told him -- or strike that. | 11:00:25 |
| 25 | | What have you told this recruiter Isaac | |

34

| | | |
|---|---|---|
| 1 | about your level of interest in -- in jobs, say, in | 11:00:34 |
| 2 | the environmental health and safety? | 11:00:37 |
| 3 | Have you told him you're not interested, | 11:00:39 |
| 4 | that you've opened up your law practice? | 11:00:41 |
| 5 | A    Afterwards, after I started my law practice, | 11:00:43 |
| 6 | yes. | 11:00:43 |
| 7 | Q    You have told him that? | 11:00:45 |
| 8 | A    If I get calls after March of 2007, yes. | 11:00:49 |
| 9 | Q    Okay. | 11:00:54 |
| 10 | So as of March of 2007, you have no interest | 11:01:02 |
| 11 | in pursuing jobs in -- in environmental health and | 11:01:09 |
| 12 | safety? | 11:01:10 |
| 13 | A    I didn't really close all my doors.  I still | 11:01:16 |
| 14 | said that, "If you have good opportunity, let me | 11:01:19 |
| 15 | know.  I -- I'm still open-minded." | 11:01:24 |
| 16 | Q    Okay. | 11:01:26 |
| 17 | Just to keep your options open? | 11:01:28 |
| 18 | A    Correct. | 11:01:28 |
| 19 | Q    But as of right now, you're not pursuing any | 11:01:32 |
| 20 | other -- other -- you're not pursuing any jobs | 11:01:35 |
| 21 | outside of your practice of law? | 11:01:36 |
| 22 | A    Correct. | 11:01:37 |
| 23 | Q    Okay. | 11:01:42 |
| 24 | Do you know the names of any other employers | 11:01:44 |
| 25 | to whom your resume or information has been | |

35

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1    submitted, other than the three you identified?      11:01:52

 2        A    I don't remember offhand.  I may have some   11:01:56

 3    records at home.                                      11:01:56

 4        Q    Okay.                                        11:01:58

 5             So as you sit here today, you can't recall   11:02:00

 6    the names of any other employers --                   11:02:02

 7        A    Correct.                                     11:02:02

 8        Q    -- other than those three?  Okay.            11:02:05

 9             Do you know the names of any employers that  11:02:07

10    your recruiters submitted information to?             11:02:11

11        A    I don't remember.                            11:02:12

12        Q    Okay.                                        11:02:13

13             Do you remember the names of any of your     11:02:17

14    recruiters, other than Isaac?                         11:02:18

15        A    I may have their name at home.               11:02:22

16        Q    Okay.                                        11:02:22

17             Do you recall the names other than Isaac?    11:02:25

18        A    The other lady's name, Cindy, in Orange.     11:02:34

19        Q    Do you recall any others?                    11:02:38

20        A    Matt, out of state, East Coast.              11:02:43

21        Q    Okay.                                        11:02:44

22             Where is -- where is Isaac located; do you   11:02:46

23    know?                                                 11:02:47

24        A    I think somewhere like Norwalk/Gardena area  11:02:52

25    because his number is 562 area code.
```

36

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1       Q      Do you know if he's affiliated with an      11:02:58

 2   agency or a company?                                   11:02:59

 3       A      Agency.                                     11:02:59

 4       Q      Who?                                        11:03:00

 5       A      I don't remember the name.                  11:03:01

 6       Q      You don't know?                             11:03:01

 7       A      I may have the old e-mail.                  11:03:04

 8       Q      Okay.                                       11:03:05

 9              And how about Cindy; who -- do you know     11:03:08

10   Cindy's last name?                                     11:03:09

11       A      Don't remember.                             11:03:10

12       Q      Do you know, is she affiliated with an      11:03:13

13   agency or a company?                                   11:03:14

14       A      Agency.                                     11:03:14

15       Q      Do you know who?                            11:03:15

16       A      Don't remember.                             11:03:16

17       Q      Okay.                                       11:03:19

18              You say she's located in Orange?            11:03:23

19       A      Orange or Fullerton or Placentia.  One of  11:03:27

20   those three.  I don't remember.                        11:03:28

21       Q      Okay.                                       11:03:29

22              And then you identified another one by the  11:03:31

23   name of Matt; right?                                   11:03:31

24       A      Correct.                                    11:03:32

25       Q      Do you know Matt's last name?
```

37

| | | | |
|---|---|---|---|
| 1 | A | I don't remember. | 11:03:34 |
| 2 | Q | Do you know who he works with or for? | 11:03:37 |
| 3 | A | He has his own recruiting firm. | 11:03:41 |
| 4 | Q | Do you know where he's located? | 11:03:43 |
| 5 | A | I think somewhere Pennsylvania or -- it's | 11:03:47 |
| 6 | | just three-hour difference. | 11:03:49 |
| 7 | Q | Were you ever looking for jobs outside of | 11:03:55 |
| 8 | | Southern California? | 11:03:57 |
| 9 | A | No. | 11:03:58 |
| 10 | Q | Did you -- in terms of your job search, did | 11:04:03 |
| 11 | | you -- did you have any -- any particular | 11:04:05 |
| 12 | | requirements for the type of job that you were | 11:04:11 |
| 13 | | looking for? | 11:04:12 |
| 14 | A | No. | 11:04:13 |
| 15 | Q | Okay. | 11:04:14 |
| 16 | | And by that, were you looking for -- this is | 11:04:18 |
| 17 | | prior to opening up your law practice -- were you | 11:04:27 |
| 18 | | looking for jobs in environmental safety and health, | 11:04:27 |
| 19 | | or what -- what was your -- what was your job focus? | 11:04:29 |
| 20 | A | Environmental health and safety, all of | 11:04:32 |
| 21 | | them. | 11:04:32 |
| 22 | Q | Okay. | 11:04:32 |
| 23 | | Any -- any particular positions within the | 11:04:39 |
| 24 | | field of environmental health and safety? | 11:04:42 |
| 25 | A | No. | |

38

78

| | | |
|---|---|---|
| 1 | Q    Was there a particular geographic area that | 11:04:50 |
| 2 | you would have been -- where you would have been | 11:04:54 |
| 3 | willing to work or accept a job? | 11:04:56 |
| 4 | A    Southern California. | 11:04:57 |
| 5 | Q    Okay. | 11:04:58 |
| 6 | And any -- was it narrower than that, or | 11:05:05 |
| 7 | anywhere in Southern California? | 11:05:06 |
| 8 | A    Greater Los Angeles area. | 11:05:08 |
| 9 | Q    Okay. | 11:05:09 |
| 10 | Is there any level of position that you were | 11:05:11 |
| 11 | limiting your search to, whether it be management | 11:05:15 |
| 12 | or -- or supervisor or anything like that? | 11:05:17 |
| 13 | A    Anything that I'm qualified for. | 11:05:19 |
| 14 | Q    And what -- what -- what are you -- what | 11:05:20 |
| 15 | level positions do you feel you're qualified for? | 11:05:22 |
| 16 | A    Engineer or senior or director, manager. | 11:05:27 |
| 17 | Q    You said engineer or senior engineer? | 11:05:33 |
| 18 | A    Correct. | 11:05:34 |
| 19 | Q    Director? | 11:05:35 |
| 20 | A    Sometimes they have the director of | 11:05:39 |
| 21 | environmental health and safety, yeah, "apply that | 11:05:42 |
| 22 | for" too. | 11:05:42 |
| 23 | Q    Okay. | 11:05:44 |
| 24 | Or manager? | 11:05:44 |
| 25 | A    Correct. | |

39

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | Q | Anything else? | 11:05:46 |
| 2 | A | No. | 11:05:47 |
| 3 | Q | Okay. | 11:05:52 |
| 4 | | Did you have a -- a salary range that you | 11:05:57 |
| 5 | were focused on? | | 11:05:58 |
| 6 | A | No. | 11:05:59 |
| 7 | Q | Is there -- was there a particular salary at | 11:06:03 |
| 8 | which you would have said to yourself, "I'm -- I'm | | 11:06:06 |
| 9 | not interested in working at that rate of pay"? | | 11:06:09 |
| 10 | A | Didn't really have that set. | 11:06:11 |
| 11 | Q | Any other parameters other than just | 11:06:17 |
| 12 | environmental health and safety within the greater | | 11:06:19 |
| 13 | L.A. area, working in a position for which you would | | 11:06:25 |
| 14 | have been qualified? | | 11:06:26 |
| 15 | | Does that pretty much sum it up? | 11:06:30 |
| 16 | A | Yes. | 11:06:31 |
| 17 | Q | Okay. | 11:06:31 |
| 18 | | And other than applying at those three jobs | 11:06:34 |
| 19 | and -- and contacting the recruiters that you | | 11:06:37 |
| 20 | identified, any other efforts to try to get a job | | 11:06:41 |
| 21 | within that field? | | 11:06:43 |
| 22 | A | I sent many resumes out. | 11:06:44 |
| 23 | Q | Okay. | 11:06:45 |
| 24 | | Can you recall the names of any employers to | 11:06:48 |
| 25 | whom you sent resumes, other than the three that you | | |

40

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| | | | |
|---|---|---|---|
| 1 | | mentioned? | 11:06:52 |
| 2 | A | I don't remember. | 11:06:52 |
| 3 | Q | Okay. | 11:06:52 |
| 4 | | Do you have that information in your | 11:06:54 |
| 5 | | possession; not here today, but in your possession at | 11:06:57 |
| 6 | | home? | 11:06:57 |
| 7 | A | I may have, yes. | 11:06:58 |
| 8 | Q | Do you know how many -- or strike that. | 11:07:08 |
| 9 | | Were -- when you were sending out resumes, | 11:07:10 |
| 10 | | were you sending them out to employers who were | 11:07:13 |
| 11 | | hiring, or just were you blindly sending them out | 11:07:16 |
| 12 | | to -- to employers? | 11:07:17 |
| 13 | A | I send out who are hiring. | 11:07:19 |
| 14 | Q | Okay. | 11:07:20 |
| 15 | | And how many do you think you sent out? | 11:07:23 |
| 16 | A | A dozen. | 11:07:24 |
| 17 | Q | Okay. | 11:07:25 |
| 18 | | Did you receive responses from -- from any | 11:07:31 |
| 19 | | employers other than the -- the -- the two that you | 11:07:36 |
| 20 | | mentioned to me that you did receive a response from? | 11:07:39 |
| 21 | A | A couple of rejection letters. | 11:07:41 |
| 22 | Q | Okay. | 11:07:46 |
| 23 | | Any other response? | 11:07:48 |
| 24 | A | No. | 11:07:48 |
| 25 | Q | Have you told me about all of your efforts | |

41

81

**ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL**

| | | |
|---|---|---|
| 1 | to try to get a job after your employment at | 11:07:56 |
| 2 | Sterigenics ended? | 11:07:57 |
| 3 | A    I talked to some of my friends, old | 11:08:01 |
| 4 | coworkers. | 11:08:02 |
| 5 | Q    And just asked them if they knew of | 11:08:04 |
| 6 | anything? | 11:08:04 |
| 7 | A    Correct. | 11:08:04 |
| 8 | Q    Did you learn of anything that -- that | 11:08:07 |
| 9 | furthered your job search? | 11:08:09 |
| 10 | A    No. | 11:08:09 |
| 11 | Q    Okay. | 11:08:11 |
| 12 | Have you told me about, at this point, all | 11:08:13 |
| 13 | of your efforts to try to get a job after | 11:08:16 |
| 14 | Sterigenics? | 11:08:17 |
| 15 | A    Pretty much.  Internet search. | 11:08:19 |
| 16 | Q    And what -- what did you do on the Internet | 11:08:26 |
| 17 | to try to further your job search? | 11:08:28 |
| 18 | A    I look up Monster.com almost every day, | 11:08:33 |
| 19 | Caljobs almost every day.  I look up L.A. Times | 11:08:36 |
| 20 | online.  Yes, that's -- | 11:08:41 |
| 21 | Q    So you looked for jobs on the Internet? | 11:08:45 |
| 22 | A    Yes. | 11:08:45 |
| 23 | Q    Okay. | 11:08:47 |
| 24 | Anything else? | 11:08:48 |
| 25 | A    Other than talking to old friends and | |

42

82

| | | |
|---|---|---|
| 1 | coworkers, yes, that's pretty much it. | 11:08:55 |
| 2 | Q    Is there anything else -- when you say | 11:08:58 |
| 3 | "pretty much," that suggests to me that maybe there's | 11:09:00 |
| 4 | something else, and if there is, I'd just like to | 11:09:03 |
| 5 | know about it. | 11:09:05 |
| 6 | A    I can't recall right now. | 11:09:07 |
| 7 | Q    Okay. | 11:09:09 |
| 8 | Why did you decide to not work in | 11:09:16 |
| 9 | environmental health and safety and instead pursue a | 11:09:20 |
| 10 | legal career? | 11:09:22 |
| 11 | A    After many failures, that's my option -- | 11:09:28 |
| 12 | only option. | 11:09:28 |
| 13 | Q    And when you say "after many failures," what | 11:09:32 |
| 14 | do you mean by that? | 11:09:33 |
| 15 | A    If -- well, if -- after I didn't get the job | 11:09:37 |
| 16 | offers, I figure I should do something. | 11:09:39 |
| 17 | Q    So you did that because you weren't having | 11:09:44 |
| 18 | any success getting a job in environmental health and | 11:09:48 |
| 19 | safety? | 11:09:48 |
| 20 | A    Correct. | 11:09:49 |
| 21 | Q    Are you -- are you earning income as an | 11:10:01 |
| 22 | attorney? | 11:10:01 |
| 23 | A    Yes. | 11:10:01 |
| 24 | Q    When did -- when did you formally open up | 11:10:07 |
| 25 | your offices; March 2007? | |

43

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

```
 1      A      That's when I started renting the office      11:10:12

 2   from --

 3      Q      Okay.                                          11:10:15

 4      A      -- the law firm.                               11:10:16

 5      Q      Well, let me ask you, have you -- have you     11:10:18

 6   earned any income since October of 2006 up through      11:10:23

 7   today?                                                  11:10:24

 8      A      Yes.                                           11:10:24

 9      Q      And by that I mean from any source as a        11:10:27

10   result of your efforts at working.  I'm not talking     11:10:30

11   about an investment property or a stock.                11:10:33

12          But as a result of your efforts to try to --     11:10:36

13   to work, have you earned any income?                    11:10:38

14      A      Yes.                                           11:10:38

15      Q      Okay.                                          11:10:39

16          And from what source?                            11:10:40

17      A      My law practice.                               11:10:42

18      Q      Okay.                                          11:10:43

19          Is that the only source of income that           11:10:45

20   you've had since you worked at Sterigenics?             11:10:47

21      A      Yes.                                           11:10:47

22      Q      And when -- when did you start earning         11:10:51

23   income from your law practice?                          11:10:54

24      A      After I opened the office.                     11:10:54
                                            84
25      Q      And when was that?
```

44

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1  | A | Sometime around March 2006. | 11:11:02 |
| 2  | Q | March 2007? | 11:11:04 |
| 3  | A | '07. | 11:11:05 |
| 4  | Q | Okay. | 11:11:05 |
| 5  | A | Sorry. | 11:11:05 |
| 6  | Q | So you've been open for almost a year now? | 11:11:09 |
| 7  | A | Correct. | 11:11:10 |
| 8  | Q | Okay. | 11:11:10 |
| 9  |   | And how much have you earned in the last | 11:11:12 |
| 10 | year? | | 11:11:13 |
| 11 | A | 11,000 approximately.  I don't remember. | 11:11:21 |
| 12 | Q | Okay. | 11:11:25 |
| 13 |   | Have you -- I -- I gather there's probably | 11:11:29 |
| 14 | sort of a startup period where you have to make | | 11:11:32 |
| 15 | investments in overhead and you have to go out and | | 11:11:35 |
| 16 | get clients and all that kind of stuff -- | | 11:11:37 |
| 17 | A | Correct. | 11:11:37 |
| 18 | Q | -- and advertise; right? | 11:11:38 |
| 19 |   | Do you expect to earn more this year? | 11:11:40 |
| 20 | A | Yes. | 11:11:40 |
| 21 | Q | Have you -- have you ever projected what | 11:11:42 |
| 22 | you -- you think you can earn this year? | | 11:11:43 |
| 23 | A | No. | 11:11:44 |
| 24 | Q | How about next year and in the years to | 11:11:48 |
| 25 | come? | | |

85

45

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | A | It's hard to predict. | 11:11:49 |
| 2 | Q | Have you ever -- have you ever tried to | 11:11:51 |
| 3 | estimate what it could be? | | 11:11:53 |
| 4 | A | Only in my dreams. | 11:11:55 |
| 5 | Q | What -- what about realistically? | 11:11:58 |
| 6 | A | It's really hard to predict because some | 11:12:01 |
| 7 | months you think it would be slow, but you get a few | | 11:12:06 |
| 8 | cases. | | 11:12:07 |
| 9 | | And then Chinese New Year you don't get | 11:12:10 |
| 10 | calls at all because of my clientele mostly are from | | 11:12:15 |
| 11 | Chinese community.  It's very hard to predict my | | 11:12:18 |
| 12 | income. | | 11:12:18 |
| 13 | Q | Okay. | 11:12:19 |
| 14 | | So you don't know whether -- you don't have | 11:12:23 |
| 15 | a sense of -- of -- of -- of how much you may earn | | 11:12:26 |
| 16 | going forward? | | 11:12:28 |
| 17 | A | I may pass that 11,000. | 11:12:30 |
| 18 | Q | Okay. | 11:12:35 |
| 19 | | Do you expect to be able to earn more | 11:12:38 |
| 20 | practicing law than you did when you worked at | | 11:12:40 |
| 21 | Sterigenics? | | 11:12:41 |
| 22 | A | No. | 11:12:41 |
| 23 | Q | Never? | 11:12:45 |
| 24 | A | After talking to all my friends, no. | 11:12:49 |
| 25 | Q | Okay. | |

86

46

| | | | |
|---|---|---|---|
| 1 | | What was your -- what was your highest rate | 11:12:52 |
| 2 | | of pay at Sterigenics? | 11:12:57 |
| 3 | A | It was a 75,000 base salary, plus bonus. | 11:13:05 |
| 4 | Q | Okay. | 11:13:06 |
| 5 | | And you -- as you sit here, you don't expect | 11:13:08 |
| 6 | | to be able to earn more than that as a lawyer? | 11:13:12 |
| 7 | A | I -- I'm not sure.  I -- I can't tell.  Not | 11:13:17 |
| 8 | | in the next couple years. | 11:13:22 |
| 9 | Q | All right. | 11:13:28 |
| 10 | | You did your undergraduate work in China; is | |
| 11 | | that right? | 11:13:31 |
| 12 | A | Correct. | 11:13:31 |
| 13 | Q | Where at? | 11:13:32 |
| 14 | A | Shanghai. | 11:13:36 |
| 15 | Q | Okay. | 11:13:36 |
| 16 | | And what did you study there? | 11:13:38 |
| 17 | A | Chemical engineering. | 11:13:40 |
| 18 | Q | Did you receive a degree? | 11:13:41 |
| 19 | A | Yes. | 11:13:42 |
| 20 | Q | When? | 11:13:42 |
| 21 | A | '85. | 11:13:48 |
| 22 | Q | Okay. | 11:13:49 |
| 23 | | Were you -- were you born in China? | 11:13:50 |
| 24 | A | Yes. | 11:13:50 |
| 25 | Q | When? | |

87

47

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | A | '60, 1960. | 11:13:56 |
| 2 | Q | Okay. | 11:13:58 |
| 3 | | And when did you -- when did you move to the | 11:14:01 |
| 4 | United States? | | 11:14:01 |
| 5 | A | December of 1985. | 11:14:06 |
| 6 | Q | Okay. | 11:14:07 |
| 7 | | And have you lived in the United States ever | 11:14:09 |
| 8 | since? | | 11:14:10 |
| 9 | A | Yes. | 11:14:10 |
| 10 | Q | Do you have a Social Security number? | 11:14:13 |
| 11 | A | Yes. | 11:14:13 |
| 12 | Q | What is that? | 11:14:14 |
| 13 | A | 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. | 11:14:20 |
| 14 | Q | Okay. | 11:14:21 |
| 15 | | Are you currently married? | 11:14:22 |
| 16 | A | Yes. | 11:14:22 |
| 17 | Q | To whom? | 11:14:23 |
| 18 | A | George Tao, T-a-o. | 11:14:28 |
| 19 | Q | Okay. | 11:14:28 |
| 20 | | And you have two children? | 11:14:30 |
| 21 | A | Yes. | 11:14:30 |
| 22 | Q | What are their names and ages? | 11:14:32 |
| 23 | A | Edward Tao, 8 years old; Joshua Tao, 6 years | 11:14:39 |
| 24 | old. | | 11:14:39 |
| 25 | Q | Okay. | |

48

ROSEY LIU - 2/20/2008 - LIU VS. STERIGENICS INTERNATIONAL

| 1 | | I assume you've -- you've never -- have you | 11:14:43 |
| 2 | | ever been convicted of a felony? | 11:14:46 |
| 3 | A | No. | 11:14:46 |
| 4 | Q | That's good. | 11:14:48 |
| 5 | | Other than your law degree, do you hold | 11:14:51 |
| 6 | | any -- any professional licenses? | 11:14:53 |
| 7 | A | I have a engineer in training, E.I.T. | 11:14:59 |
| 8 | Q | What's that mean? | 11:15:00 |
| 9 | A | Engineer in training.  It's like one step | 11:15:03 |
| 10 | | before the professional engineer license. | 11:15:05 |
| 11 | Q | And when did you earn that? | 11:15:08 |
| 12 | A | 1988. | 11:15:14 |
| 13 | Q | Okay. | 11:15:19 |
| 14 | | And does that mean that you're almost an | 11:15:21 |
| 15 | | engineer or not necessarily? | 11:15:23 |
| 16 | A | I was an engineer, just I did not have the | 11:15:26 |
| 17 | | license. | |
| 18 | Q | Okay. | 11:15:27 |
| 19 | A | It's not licensed engineer. | 11:15:28 |
| 20 | Q | What would it take for you to become a | 11:15:31 |
| 21 | | licensed engineer? | 11:15:31 |
| 22 | A | Have to pass the professional license | 11:15:35 |
| 23 | | engineer exam. | 11:15:36 |
| 24 | Q | So if you took and passed that test, you'd | 11:15:39 |
| 25 | | be a licensed engineer? | |

89

49

```
 1      A    Yes.                                      11:15:40

 2      Q    Have you ever considered doing that?      11:15:43

 3      A    I tried.                                  11:15:44

 4      Q    When?                                     11:15:45

 5      A    1990.                                     11:15:48

 6      Q    How many times did you take that test?    11:15:56

 7      A    Once.                                     11:15:56

 8      Q    Have you considered taking it again, or are  11:16:01

 9   you done with that?                               11:16:02

10      A    Because I was working as an environmental  11:16:11

11   engineer, the P.E. license was not that critical or  11:16:16

12   important.                                        11:16:18

13      Q    Okay.                                     11:16:19

14           So you -- you haven't considered going back  11:16:20

15   and getting your engineer's --

16      A    If I was --                               11:16:22

17      Q    -- license?                               11:16:23

18      A    -- keep working for a consultant, I may.  11:16:27

19   But working for a company, it's not that important.  11:16:31

20      Q    Okay.                                     11:16:38

21           When you -- okay.                         11:16:50

22           At some point you learned about potential  11:16:55

23   employment opportunities at -- at Sterigenics; is

24   that true?                                        11:16:57

25      A    Yes.                          90
```