1 | Charles T. Mathews, Esq.  SBN 055889
ted@ctmesq.com
2 | Laurel Hyde, Esq. SBN 149446
laurel@ctmesq.com
3 | CHARLES T. MATHEWS & ASSOCIATES
2596 Mission Street, Suite 204
4 | San Marino, California 91108
Ph.:   (626) 683-8291
5 | Fax:  (626) 683-8295

6 | Attorneys for Plaintiff
ROSEY LIU
7

8 |              UNITED STATES DISTRICT COURT

9 |              CENTRAL DISTRICT OF CALIFORNIA

10

11 | ROSEY LIU,                          )  CASE NO.: CV-07-05976 PSG (CWx)
                                     )  [*Assigned to the Hon. Philip S. Gutierrez*]
12 |              Plaintiff,           )
                                     )  **PLAINTIFF'S   OPPOSITION   TO**
13 |     vs.                          )  **DEFENDANTS'   MOTION   FOR**
                                     )  **S U M M A R Y    J U D G M E N T ;**
14 | STERIGENICS INTERNATIONAL)          **DECLARATION OF LAUREL HYDE**
INC., a corporation, GRIFFITH)
15 | MICRO SCIENCE, a corporation,)
ION BEAM APPLICATIONS, a)
16 | corporation,    KATHLEEN)           Date:              October 6, 2008
HOFFMAN,   an   individual,   and)       Time:              10:00 a.m.
17 | DOES 1 through 10, Inclusive,)        Courtroom:         790
                                     )
18 |              Defendants.         )
                                     )  Trial:             January 13, 2009
19 | _____)

20 |        TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD:
21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PLAINTIFF'S CAUSES OF ACTION AND PLAINTIFF'S DISMISSAL OF
        THE FOURTH AND FIFTH CAUSES OF ACTION . . . . . . . . . . . . . . . 4

IV.     PLAINTIFF HAS SUBMITTED EVIDENCE WHICH RAISES A TRIABLE
        ISSUE OF MATERIAL FACT IN SUPPORT OF HER DISCRIMINATION
        CAUSE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.   Plaintiff raises a prima facie case of Discrimination that she was
             discriminated against on the basis of her status as a Chinese Female.
             . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.   Plaintiff raises a triable issue of material fact that her adverse
             employment actions were motivated by her Chinese Ancestry based
             upon evidence that a similarly situated white male was given a more
             senior title, even though both he and Plaintiff had similar employment
             background and work duties. . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C.   Plaintiff has raised a triable issue of material fact that her adverse
             employment actions were motivated by her Chinese Ancestry based
             upon evidence that a similarly situated white male was treated
             differently, even though he had similar performance problems. . . . 9

        D.   Plaintiff has raised a triable issue of material fact that her adverse
             employment actions were motivated by her Chinese Ancestry based
             upon evidence of a glass ceiling showing the lack of any other Asian
             women in management. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        E.   Plaintiff has "direct evidence" of intentional discrimination based upon
             Hoffman's response to her request for a promotion . . . . . . . . . . . 10

        F.   Plaintiff has produced evidence which raises a triable issue of material
             fact that Defendant's justification for her termination were false and
             contradicted to the Performance Evaluation issued to Plaintiff just 2
             days later. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.      PLAINTIFF HAS SUBMITTED EVIDENCE TO RAISE A TRIABLE ISSUE
        OF MATERIAL FACT IN SUPPORT OF HER CAUSE OF ACTION FOR
        RETALIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.   Plaintiff has submitted evidence to raise a triable issue of material fact
             that she engaged in a protected activity by complaining to her
             supervisor that she was being subject to discriminatory treatment.
             . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        B.   The short time between Plaintiff's discrimination complaint and the
             memo threatening her with termination raises a triable issue of
             material fact of causation. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

C.     Hoffman's knowledge of Plaintiff's complaint as well as her immediate negative reaction raise a triable issue of material fact to show causation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VI.    **PLAINTIFF HAS SUBMITTED EVIDENCE TO RAISE A TRIABLE ISSUE OF MATERIAL FACT THAT STERIGENICS' TERMINATION OF PLAINTIFF WAS PRETEXTUAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

     A.     The night and day contrast between the lack of any negative performance ratings prior to her complaint and the discipline and termination thereafter is evidence which raises a triable issue of material fact that Defendant's rational for terminating Plaintiff is pretextual. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

     B.     Plaintiff has shown that Defendant's rationale for her termination of having performance problems were false and pretextual based on the content of her 2005 Performance Evaluation. . . . . . . . . . . . . . . . . . **16**

     C.     Plaintiff has shown that Defendant's rationale for her termination of not being proactive were false and pretextual because Hoffman regularly complimented her for being proactive during 2005 and 2006. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

VII.   **PLAINTIFF'S WRONGFUL TERMINATION CAUSE OF ACTION SURVIVES MOTION FOR SUMMARY FOR THE SAME REASONS AS PLAINTIFF'S FEHA CAUSES OF ACTION** . . . . . . . . . . . . . . . . . . . . . . 17

VIII. **THE SAME ACTOR RULE DOES NOT APPLY IN THIS CASE** . . . . **17**

     A.     The same actor inference should not be applied in a motion for summary judgment.

     B.     Plaintiff's timeline is sufficient evidence to rebut the same actor rule. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18**

IX.    **THE ISSUE OF PUNITIVE DAMAGES CANNOT BE ADDRESSED IN A MOTION FOR SUMMARY JUDGMENT AS THEY ARE THE PROVINCE OF THE JURY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

X.     **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

2

1

## **TABLE OF AUTHORITIES**

2  **CASES**

3  *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 250 . . . . . . . . . . . . . . . . . . . . . . . . . 5

4  *Ash v. Tyson Foods Inc.* (2006) 546 U.S. 454, 456 . . . . . . . . . . . . . . . . . . . . . . . .  10

5  *Bradley v. Harcourt, Brace & Co.*(9th Cir.1996) 104 F.3d 267, 271.  In *Bradley*, the

6  *Brandon v. Rite Aid Corp., Inc.* (E.D.Cal., 2006) 408 F.Supp.2d 964, 980. . . . . . .  16

7  *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 322  . . . . . . . . . . . . . . . . . . . . . . . . . 5

8  *Cooper Industries, Inc. v Leatherman Tool Group, Inc.* (2001) 532 U.S. 408, 416   19

9  *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*
   (9th Cir.2000) 225 F.3d 1115, 1123-24  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

10

   *EEOC v. Crown Zellerbach Corp.* (9th Cir. 1983) 720 F.2d 1008, 1013. . . . . . . . . 13

11
   *Garcia-Paz v. Swift Textiles, Inc.* (D.Kan.1995) 873 F.Supp. 547, 559-560 . . . . . .  13

12
   *Godwin v. Hunt Wesson, Inc.* (9th Cir. 1998) 150 F.3d 1217, 1221  . . . . . . . . . . . .  10

13
   *Horn v. Cushman & Wakefield Western, Inc.*(1999) 72 Cal. App. 4th 798, 807 . . .  11

14
   *International Broth. of Teamsters v. U.S.*(1977) 431 U.S. 324, 335, fn 15  . . . . . . . .  8

15
   *Jefferies v. Harris County Community Action Association* (5th Circuit 1980) 615 F.2d
16  1025, 1032-33  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

17  *Lowe v. J.B. Hunt Transp., Inc.* (8th Cir.1992) 963 F.2d 173  . . . . . . . . . . . . . . . .  18

18   *McDonnell-Douglas Corp. v. Green (1973) 411* U.S. 792, 802 . . . . . . . . . . . . passim

19  *Passantino v. Johnson & Johnson Consumer Products, Inc.* (9th Cir. 2000) 212 F.3d
20  493, 507. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

21  *Peterson v. Hewlett-Packard Co.,* (9th Cir. 2004) 358 F. 3d 599, 603 . . . . . . . . . . .  6

22  *Ray v. Henderson* (9th Cir.2000) 217 F.3d 1234, 1240  . . . . . . . . . . . . . . . . . . . . . 12

23  *Rivera v. National R.R. Passenger Corp.*  (9th Cir. 2003) 331 F.3d 1074, 1079.  15, 17

24  *Sischo-Nownejad v. Merced Community College District*  (9th Cir. 1991) 934 F.2d
    1104, 1111 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

25  *United States v. Diebold, Inc.* (1962) 369 U.S. 654, 655. . . . . . . . . . . . . . . . . . . . . 5, 6

26  *Vasquez v. County of Los Angeles* (9th Cir.2003) 349 F.3d 634, 640  . . . . . . . . . . . 12

27  *Villiarimo v. Aloha Island Air, Inc.,* (9th Cir. 2002) 281 F.3d 1054, 1065. . . . . . . .  13

28  *Wexler v. White's Fine Furniture, Inc.* (6th Circuit 2003) 317 F. 3d 564, 573-574. .  18

1

**STATUTE**

Fed. R. Civ.P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

# I.     INTRODUCTION

This is a classic case of disparate treatment discrimination where Plaintiff Rosey Liu, the only Asian female in Corporate management, was hired as an "Engineer."  Defendant Sterigenics International Inc., subsequently hired a white male with a similar background to the same position, but hired him into a "Director" position.  Plaintiff complained that she was being treated unfairly and requested a promotion to be on par with her white male counterpart, as they each were performing the same employment duties, Within approximately 3 ½ months complaining of discrimination, Sterigenics issued Plaintiff, a six-year employee, with her first ever disciplinary memo.  Within 90 days thereafter, Sterigenics terminated Plaintiff. Defendant terminated Plaintiff even though she had never received a Performance Evaluation which evaluated her as less than "Meets Expectations," not "Meets Some Expectations" nor "Below Expectations."  Plaintiff also had received annual raises and bonuses.

In support of her cause of action for discrimination, Plaintiff submits the deposition testimony of her co-worker, Steve Morris, who testified Kathleen Hoffman, their mutual supervisor, testified that he had performance problems; his work was not timely; and that, as a result, Ms. Hoffman criticized him in meetings and "chewed out his ass." Mr. Morris distinguished Ms. Hoffman's treatment of Plaintiff, by saying that she just would "question" Plaintiff.   However, Steven Morris never received a written reprimand andremains employed there today. Plaintiff also submits the deposition testimony of her supervisor Kathleen Hoffman, who admits that she was "surprised" that Plaintiff asked for a promotion and that she attempted to "suppress" it.

The remain no Asian females employed by Sterigenics in Corporate management.

The substantial evidence  raises a triable issue of material fact which defeats Defendant's motion for summary judgment.

## II.   STATEMENT OF FACTS

During the year 2000, Plaintiff began her employment with Defendant Sterigenics (and its predecessor). Declaration of Plaintiff Rosey Liu ("Liu Decl."), Liu Decl, ¶ 3.  Plaintiff's Performance Evaluations for the years 2000, 2002, 2003, 2005 (the years which are available) each rate her in the category of "Meets Expectations," without a even a single score of "Below Expectations." Plaintiff's Decl., ¶¶ 6-10.  Plaintiff never received a Performance Evaluation which rated her as "Meets Some Expectations," much less "Below Expectations."  Plaintiff's Decl., ¶¶ 6-10.

Plaintiff was hired into the position of "Engineer." Plaintiff's Decl. ¶ 12. Approximately 1 year later, in April 2001, Sterigenics hired her counterpart, Steven Morris, a White male, as an "EH&S Director." Plaintiff's Decl. ¶ 12.  Prior to their hire, Plaintiff and Steven Morris had similar employment and educational backgrounds.  Plaintiff's Decl. ¶ 12.  Plaintiff and Steven Morris shared the same work responsibilities. Plaintiff's Decl. ¶ 12.

In March 2006, Plaintiff Rosey Liu asked her supervisor Kathleen Hoffman for a promotion to the position of "Director" or "Senior Engineer." Hoffman depo., 94:1-5.  During the same conversation, her manager, Defendant Kathleen Hoffman patronizingly attempted to talk her out of it by telling Plaintiff that she should not focus on her work and just focus on her family, thereby invoking stereotypes of Asian women being  subservient, quiet, docile and maternal. Plaintiff Decl., ¶¶ 25-26.

During the time when Defendant contends Plaintiff's performance was inadequate, Plaintiff continued to receive glowing compliments, including from Hoffman. On October 18, 2005, Hoffman wrote an email to Plaintiff which exclaimed: "Good Work Rosey!" Exhibt E [Liu 10] to Plaintiff's Decl. On June May 3, 2006, Hoffman, again, singled out Plaintiff to give her thanks for a job well done, this time for Facility Work Instruction procedures for handling products that may involve bloodborne pathogens. Exhibit F [Liu 7] to Plaintiff's Decl. On June 22,

1  2006, Mike Bula, Vice President, complimented Plaintiff for her "professional" and
2  "well done" safety training program and recommended it be utilized as "the standard
3  for new safety training programs going forward."  Exhibit G [Liu 9] to Plaintiff's
4  Decl.

5      On July 25, 2006, for the first time in her employment history, Sterigenics
6  issued her a disciplinary memo. Plaintiff Decl., ¶ 29. Moreover, this memo threatened
7  her with termination. Plaintiff Decl., ¶ 29.   On July 27, 2006, just two days later,
8  Plaintiff received her 2005 Performance Evaluation which rated her as "Meets
9  Expectations. Plaintiff Decl., ¶ 29.

10     On October 23, 2006, within 90 days after the July 25, 2006 memo was issued,
11  Sterigenics terminated Plaintiff. Plaintiff Decl., ¶ 32.

12  **III.   PLAINTIFF'S CAUSES OF ACTION AND PLAINTIFF'S DISMISSAL**
13  **OF THE FOURTH AND FIFTH CAUSES OF ACTION**

14     Plaintiff's Complaint raises the following causes of action:

15     (1)    Retaliation;

16     (2)    National Origin Discrimination;

17     (3)    Gender Discrimination;

18     (4)    Discrimination;

19     (5)    Breach of Covenant of Good Faith and Fair Dealing; and

20     (6)    Wrongful Termination in Violation of Public Policy.

21     Plaintiff does not oppose Defendants' motion on the Fifth cause of action for Breach of
22  Covenant of Good Faith and Fair Dealing. Plaintiff further dismisses the Fourth cause of
23  action for "Discrimination" as redundant of the Second and Third causes of action.

24

25

26

27

28

4

IV.   **PLAINTIFF HAS SUBMITTED EVIDENCE WHICH RAISES A TRIABLE ISSUE OF MATERIAL FACT IN SUPPORT OF HER DISCRIMINATION CAUSE OF ACTION**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 250; *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 322. In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.* (1962) 369 U.S. 654, 655.

In an employment discrimination case, the plaintiff has the initial burden of demonstrating a prima facie case of discrimination. *McDonnell-Douglas Corp. v. Green (1973) 411* U.S. 792, 802. But "a plaintiff's prima facie burden is minimal." *Sischo-Nownejad v. Merced Community College District* (9th Cir. 1991) 934 F.2d 1104, 1111. Once the plaintiff has demonstrated a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *McDonnell-Douglas,* 411 U.S. at 802. If the employer can articulate a legitimate, non-discriminatory reason for the adverse action, "the burden then shifts back to the plaintiff to show that the employer's stated reason for the averse employment decision was in fact pretext." *Id.* at 804.

Where the employee is the non-moving party, the plaintiff's efforts to establish a prima facie case under the *McDonnell-Douglas* test will be viewed in a light most favorable to the employee, and the Court will make all justifiable inferences in the plaintiff's favor. *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 2442, 248.

In this case, Plaintiff satisfies the burden shifting test by submitting a substantial amount of evidence to raise a triable issue of material fact in support of each of her causes of action not just by her declaration, but by irrefutable evidence. Plaintiff has submitted Performance Evaluations; emails from Hoffman and other members of management; deposition testimony of Hoffman; and deposition testimony of Morris.  This overwhelming amount of evidence conclusively refutes Defendants' primary contention that Plaintiff has "no evidence," based on a selective use of Plaintiff's deposition testimony.  Plaintiff's evidence warrants Defendant's motion being denied as she has raised a triable issue of material fact, particularly when Plaintiff's evidence is viewed in the most favorable light. motion. *United States v. Diebold, Inc.*, supra.

**A.**   **Plaintiff raises a prima facie case of Discrimination that she was discriminated against on the basis of her status as a Chinese Female.**

Plaintiff alleges that she was discriminated against because she was a Chinese female, thereby creating a specific "race plus" protected category.  *Jefferies v. Harris County Community Action Association* (5th Circuit 1980) 615 F.2d 1025, 1032-33 ["Discrimination against black females can exist even in the absence of discrimination against black men or white women."][1]

To make out a prima facie case of discrimination based on race or sex, Plaintiff must prove: (1) she was a member of a protected class; (2) she was satisfactorily performing in the position; (3) she suffered an adverse employment action; and (4) there were circumstances that give rise to an inference of discrimination. *McDonnell Douglass,* 411 U.S. at 802: *Peterson v. Hewlett-Packard Co.,* (9th Cir. 2004) 358 F. 3d 599, 603.

---

[1] Plaintiff's claim is not diminished because she and Hoffman are both female. This inference that one member of the same group is unlikely to discriminate against another has been explicitly rejected by the Supreme Court in the context of race and sex discrimination. *Oncale v. Sundowner Offshore Servs., Inc.* (1998) 523 U.S. 75, 78 (explaining that "[b]ecause of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group")

6

1  There is no dispute that Plaintiff is a female and of Chinese ancestry, who was
2  employed by Sterigenics (and predecessors) in the position of Environment Health
3  and Safety ("EH&S") Engineer since April 24, 2000. [SUMF 2-4].

4  Defendant erroneously claims that "Plaintiff's performance was mediocre
5  throughout her employment." MSJ 2:20. Plaintiff raises a triable issue of material fact
6  that she was satisfactorily performing in the position based upon her annual merit
7  bonuses, annual salary increases and Performance Evaluations.

8  Sterigenics issued bonuses to employees based on the employee achieving
9  certain pre-determined goals. Morris depo, 64:5-19.  Kathleen Hoffman set the goals,
10 reduced them to writing and determined whether they had been met. Morris depo,
11 64:18-22. During Plaintiff's employment with Sterigenics, Plaintiff enjoyed an
12 unbroken series of salary increases and bonuses, which show that Kathleen Hoffman
13 determined that her performance more than satisfied expectations.  Plaintiff's Decl., ¶
14 5. There was never one year during the course of Plaintiff's employment, *including*
15 *the year in which she was terminated*, when she did not receive a salary increase or
16 bonus.  Plaintiff's Decl., ¶ 5. Plaintiff's salary increases and bonuses are summarized
17 as follows:

| Year | Salary | % Increase | Bonus | Bonus % |
|------|--------|-----------|-------|---------|
| 2000 | 62,000 |           |       |         |
| 2001 | 63,240 | 2%        | 1,573 | 2.5%    |
| 2002 | 65,137 | 3%        | 5,059 | 8%      |
| 2003 | 67,091 | 3%        | 4,560 | 7%      |
| 2004 | 69,775 | 4%        | 5,658 | 8.5%    |
| 2005 | 72,147 | 3.4%      | 5,896 | 8.5%    |
| 2006 | 74,384 | 3.1%      | 5,533 | 7.7%    |

Plaintiff's Decl., ¶ 5.

Plaintiff's Performance Evaluations for the years 2000, 2002, 2003, 2005 (the
years which are available) each rate her in the category of "Meets Expectations."

7

Plaintiff's Decl., ¶¶ 6-10.  None of her Performance Evaluations contain even a single, isolated score of "Below Expectations." Plaintiff's Decl., ¶¶ 6-10.  Plaintiff never received a Performance Evaluation which, overall, rated her as "Meets Some Expectations," much less "Below Expectations."  Plaintiff's Decl., ¶¶ 6-10.

Steven Morris, Plaintiff's co-worker, testified that he had the opportunity to evaluate her work on three or four occasions, on occasions that lasted multiple days and that her work was acceptable.  Morris depo, 27:7-18 and 28:24.

> **B.**     **Plaintiff raises a triable issue of material fact that her adverse employment actions were motivated by her Chinese Ancestry based upon evidence that a similarly situated white male was given a more senior title, even though both he and Plaintiff had similar employment background and work duties.**

"Disparate treatment" such as is alleged in the present case is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin. Proof of discriminatory motive is critical, *although it can in some situations be inferred from the mere fact of differences in treatment*."  *International Broth. of Teamsters v. U.S.*(1977) 431 U.S. 324, 335, fn 15 (emphasis added).

In or around March or April 2001, Sterigenics hired Steven Morris, a white male. Morris depo, 12:9. Prior to working at Sterigenics, Mr. Morris had a professional career working for various companies and had developed an expertise in regulatory compliance in environmental health and safety.  Morris depo., 11:21-12:9. Mr. Morris has obtained a J.D. degree.  Morris depo, 33:15. Similarly, prior to her employ at Sterigenics, Plaintiff also had an extensive professional career having worked for over 10 years in the field and had developed an expertise in regulatory compliance. Plaintiff Decl., ¶2.  Plaintiff has a J.D. degree. Plaintiff Decl., ¶ 12.

Both Plaintiff and Steve Morris were hired into the same position, split the same duties, and their only difference was that Steven Morris covered the Eastern half

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

of the United States, whereas Plaintiff covered the Western half of the United States, and also Mexico.   Plaintiff Decl., ¶¶ 12-13.

However, despite having similar backgrounds and exactly the same work responsibilities, Sterigenics hired Steven Morris as a Director, whereas Plaintiff was hired as an "Engineer." Kathleen Hoffman was very aware of the blatant preference given to Steve Morris and the unfairness to Plaintiff when she told her that she "hoped [Plaintiff] didn't mind" and specifically told Plaintiff "not to let the title difference bother" her, even though there was no objective rationale for the title difference.  Plaintiff's Decl., ¶ 12.

C.   **Plaintiff has raised a triable issue of material fact that her adverse employment actions were motivated by her Chinese Ancestry based upon evidence that a similarly situated white male was treated differently, even though he had similar performance problems.**

Steven Morris testified that during weekly telephonic conference calls, Kathleen Hoffman "criticized" him for not turning in his reports on a timely basis on multiple occasions.  Morris depo, 57:13.  Steven Morris testified that Kathleen Hoffman singled him out for criticism because she did not criticize Plaintiff during these meetings.  Morris depo, 55:25-56:5.  Steven Morris also admitted that he "may have" told Plaintiff that Kathleen Hoffman on occasion "chewed his ass out."  Morris depo, 59:3-5.  Steven Morris had additional performance problems which indicated his difficulty in being proactive regarding safety.  His performance problems included: having his plants receive various problem notices and citations from regulatory agencies and having the plants in his region being at risk of facing a temporarily shut down. Plaintiff Decl., ¶ 18.  These problems are exactly what Plaintiff and Mr. Morris were to prevent from happening.  Plaintiff Decl., ¶ 18.

9

**D.      Plaintiff has raised a triable issue of material fact that her adverse employment actions were motivated by her Chinese Ancestry based upon evidence of a glass ceiling showing the lack of any other Asian women in management.**

Sterigenics did not employ any other Asian females in corporate management, including EH&S, Engineering, Maintenance or Information Technology.  Plaintiff Decl., ¶28. There were no Asian female Directors, Vice-Presidents or any with any similar title. Plaintiff Decl., ¶28. If Plaintiff would have been promoted into this position, she would have been the only one and would have broken the "glass ceiling." Plaintiff Decl., ¶28.

Steve Morris also corroborated Plaintiff's claim that a glass ceiling existed at Sterigenics.  Mr. Morris testified that he was not aware of any Asian females in Corporate employed at a higher level than he was. Hoffman depo, 67:11-68:5.

**E.      Plaintiff has "direct evidence" of intentional discrimination based upon Hoffman's response to her request for a promotion**

"Direct evidence,is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." *Godwin v. Hunt Wesson, Inc.* (9th Cir. 1998) 150 F.3d 1217, 1221.  A decisionmaker's remarks about race may be an indicator of discriminatory bias which "may depend on various factors including context, inflection, tone of voice, local custom and historical usage.*" Ash v. Tyson Foods Inc.* (2006) 546 U.S. 454, 456.

Plaintiff has presented direct evidence of Hoffman's discriminatory intent by Hoffman's response to her request for a promotion to the position of Senior Engineer or Director.  Hoffman acknowledges that Plaintiff told her she wanted her position to be promoted from the position of "Engineer" to that of "Senior Engineer" or "Director" because she had the same duties and responsibilities as Steve Morris, who was a "Director." Hoffman depo., 94:1-5. In response to Plaintiff's request, Hoffman stated that  when she received she was "surprised" and tried to "suppress" Plaintiff's

10

request.  Hoffman depo., 93:15-17. Plaintiff further also states that not only did Hoffman express surprise and try to talk her out of it, as Hoffman concedes, Hoffman also told Plaintiff that she thought that Plaintiff was happy in her present position and wanted to spend more time with her kids and family.  Plaintiff Decl., ¶25.

There is no legitimate reason why Hoffman, or any supervisor, would raise the issue of a subordinate employee's family life and/or desire to be a Mom in response to a request for a promotion.  In the context of Plaintiff's request, Hoffman's inappropriate comments raise a triable issue of material fact of direct discrimination, pursuant to *Ash v. Tyson Foods Inc.*, supra.  Hoffman's response is direct evidence of discrimination based upon her own admission of that she displayed surprise and even attempted to suppress the request, in addition to invoking stereotypes of Asian women being subservient, quiet, docile and maternal.

**F.     Plaintiff has produced evidence which raises a triable issue of material fact that Defendant's justification for her termination were false and contradicted to the Performance Evaluation issued to Plaintiff just 2 days later.**

To raise a triable issue of material fact, " the employee 'must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reason able factfinder could rationally find them 'unworthy of credence,' [citation], and hence infer that the employer did not act for the [... asserted] non-discriminatory reasons. [Citations.]" *Horn v. Cushman & Wakefield Western, Inc.*(1999) 72 Cal. App. 4th 798, 807.[2]

In July 25, 2006, Hoffman issued Plaintiff a disciplinary memo entitled "2005 and 2006 Performance Reviews" following Plaintiff's 2005 Performance review. SUMF 27.  The disciplinary memo also threatened Plaintiff with termination. SUMF 27.

---

[2]*Horn v. Cushman*, supra, is contained in Defendant's Notice of Filing Non-Federal Authority.

11

Plaintiff raised a triable issue of material fact that Defendant's rationale for her termination were false and pretextual based on the content of her 2005 Performance Evaluation, dated July 27, 2006, because it was issued just two days after she was threatened for termination based upon her 2005 Performance Evaluation, and rated Plaintiff as "Meets Expectations.  Exhibit D to Plaintiff's Decl. Plaintiff's 2005 Performance Evaluation does not negatively evaluate Plaintiff, and contradicts any justification for her termination, because it evaluates her as "Meets Expectations," not "Meets Some Expectations" and not "Blow Expectations."  Hoffman further does not issue an evaluation of a single category of "Below Expectations."  There is only one, single evaluation of "Meets Some Expectations" out of twelve (12) categories.  If Plaintiff's performance actually had fallen to the level where she should have been subject to termination, this would have been indicated in her Performance Evaluation. The fact there was no such indication raises a triable issue of material fact that Defendant's purported rationale for terminating Plaintiff is pretextual and false.

## IV.   PLAINTIFF HAS SUBMITTED EVIDENCE TO RAISE A TRIABLE ISSUE OF MATERIAL FACT IN SUPPORT OF HER CAUSE OF ACTION FOR RETALIATION

A claim for retaliation in employment follows the *McDonnell Douglas* burden shifting test. *Ray v. Henderson* (9th Cir.2000) 217 F.3d 1234, 1240; *Vasquez v. County of Los Angeles* (9th Cir.2003) 349 F.3d 634, 640. Under that framework, the plaintiff must first establish a prima facie case of discrimination to go forward on his claims. If the plaintiff meets this burden,the burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory, [or nonretaliatory] reason for the challenged action. If the employer does so, the plaintiff must show that the articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. *Chuang v. Univ. of Cal. Davis, Bd. of Trustees* (9th Cir.2000) 225 F.3d 1115, 1123-24.

12

The plaintiff's prima facie case consists of establishing that: "(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, supra, 217 F.3d at 1240;  *Vasquez v. County of Los Angeles*, supra, 349 F.3d at 646.

**A.    Plaintiff has submitted evidence to raise a triable issue of material fact that she engaged in a protected activity by complaining to her supervisor that she was being subject to discriminatory treatment.**

Internal complaints to company management constitute protected activity for retaliation. *Villiarimo v. Aloha Island Air, Inc.*, (9th Cir. 2002) 281 F.3d 1054, 1065. "Courts have not imposed a rigorous requirement of specificity in determining whether an act constitutes 'opposition'" to determine whether an employee engaged in a protected activity for retaliation. *EEOC v. Crown Zellerbach Corp.* (9th Cir. 1983) 720 F.2d 1008, 1013.

"Employees often do not speak with the clarity or precision of lawyers. At the same time, however, employers need not approach every employee's comment as a riddle, puzzling over the possibility that it contains a cloaked complaint of discrimination. But the thrust of inartful, subtle, or circumspect remarks nevertheless may be perfectly clear to the employer, and the Court discerns no evidence that Congress intended to protect only the impudent or articulate. The relevant question, then, is not whether a formal accusation of discrimination is made but whether the employee's communications to the employer sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner." *Garcia-Paz v. Swift Textiles, Inc.* (D.Kan.1995) 873 F.Supp. 547, 559-560 (emphasis added).

Plaintiff presents evidence she communicated to management, Vice President Hoffman, that the employer was acting unfairly and treating her differently than Steve Morris based on Hoffman's testimony. Hoffman testified that during a conversation

1 which "went on for a while," Plaintiff told her she wanted her position to be promoted

2 from the position of "Engineer" to that of "Senior Engineer" or "Director" because

3 she had the same duties and responsibilities as Steve Morris, who was a "Director."

4 Hoffman depo., 93:13 and 94:1-5.   Plaintiff adds that she specifically used the

5 buzzword, "unfair" to that her current employment situation constituted an adverse

6 employment activity.

7       Defendant's characterization of the event as Plaintiff asking for a promotion,

8 but not engaging in a protected activity is contradicted by the holding in *Garcia-Paz*

9 *v. Swift Textiles, Inc.*, supra, because <u>any communications</u> is sufficient to raise a

10 protected activity.  Defendant's argument that Plaintiff never lodged a formal

11 complaint is not dispositive because any employee may raise a complaint with a

12 manager and is not required to limit such complaints to the Human Resources

13 department.

14     **B.**        **The short time between Plaintiff's discrimination complaint and the**

15             **memo threatening her with termination raises a triable issue of**

16             **material fact of causation.**

17       "[C]ausation may be established based on the timing of the relevant actions.

18 Specifically, when adverse employment decisions are taken within a reasonable

19 period of time after complaints of discrimination have been made, retaliatory intent

20 may be inferred. [citations.] Moreover, we have held that evidence based on timing

21 can be sufficient to let the issue go to the jury, even in the face of alternative reasons

22 proffered by the defendant." *Passantino v. Johnson & Johnson Consumer Products,*

23 *Inc.* (9th Cir. 2000) 212 F.3d 493, 507.

24       In March 2006, Plaintiff complained to Hoffman that she should be promoted

25 and made to be a "Director" or "Senior Advisor."   Plaintiff Decl., ¶ 18; Hoffman

26 Depo, 92: 23-93:6l; SUMF 23. On July 25, 2006, within approximately 3 ½ months

27 of raising a discrimination complaint, Defendant Kathleen Hoffman issued this six-

28 year employee a disciplinary memo which threatened termination. SUMF 27-28.

14

Pursuant to *Passatino*, supra, the short time of 3 ½ months is sufficient time to raise an inference of causation for retaliation to defeat the instant motion for summary judgment.

    **C.**    **Hoffman's knowledge of Plaintiff's complaint as well as her immediate negative reaction raise a triable issue of material fact to show causation**.

An employee satisfies the element of causation in a retaliatory discharge claim by showing the employer's knowledge of the employee's conduct. *Rivera v. National R.R. Passenger Corp.* (9th Cir. 2003) 331 F.3d 1074, 1079.

Hoffman testified that not only did she directly receive Plaintiff's complaint, but also that she was surprised at the Plaintiff's complaint and immediately attempted to suppress Plaintiff's request for a promotion. This is a case where the decision maker had an immediate negative reaction and then took immediate retaliatory acts in reprisal.  These facts, standing alone, without the timing of the subsequent adverse act, raise a triable issue of material fact as to causation, particularly when they are given the liberal interpretation. *United States v. Diebold, Inc.*, supra.

**VI.**    **PLAINTIFF HAS SUBMITTED EVIDENCE TO RAISE A TRIABLE ISSUE OF MATERIAL FACT THAT STERIGENICS' TERMINATION OF PLAINTIFF WAS PRETEXTUAL**

    **A.**    **The night and day contrast between the lack of any negative performance ratings prior to her complaint and the discipline and termination thereafter is evidence which raises a triable issue of material fact that Defendant's rational for terminating Plaintiff is pretextual.**

A plaintiff satisfies the burden of showing that an employer's rationale for termination is pretextual based upon a showing "that the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the

1   proffered reason was insufficient to motivate discharge." *Brandon v. Rite Aid Corp.,*

2   *Inc.* (E.D.Cal., 2006) 408 F.Supp.2d 964, 980.

3          The dramatic, night and day difference in Hoffman's prior consistent evaluation

4   of Plaintiff's work performance as "Meets Expectation" is evidence which raises a

5   triable issue of material fact that Sterigenics' discipline and subsequent termination of

6   her was pretextual.  Plaintiff consistently received favorable "Meets Expectations"

7   performance evaluations, not "Meets Some Expectations" nor "Below Expectations"

8   each year she received a performance evaluation.  The abrupt and out-of -the-blue

9   discipline and subsequent termination in and of itself raises a triable issue of material

10  fact that Defendant's proffered reason did not actually motivate Plaintiff's discharge,

11  as required by *Brandon.*

12         **B.     Plaintiff has shown that Defendant's rationale for her termination of**

13                **having performance problems were false and pretextual based on the**

14                **content of her 2005 Performance Evaluation.**

15         Plaintiff raised a triable issue of material fact that Defendant's rationale for her

16  termination was false and pretextual based on the content of her 2005 Performance

17  Evaluation because it was issued just two days after she was threatened for termination

18  based upon her 2005 Performance Evaluation, and rated Plaintiff as "Meets

19  Expectations.  Exhibit D, to Plaintiff's Decl. Plaintiff's 2005 Performance Evaluation

20  does not negatively evaluate Plaintiff, and contradicts any justification for her

21  termination, because it evaluates her as "Meets Expectations," not "Meets Some

22  Expectations" and not "Blow Expectations."

23         **C.     Plaintiff has shown that Defendant's rationale for her termination of**

24                **not being proactive were false and pretextual  because Hoffman**

25                **regularly complimented her for being proactive during 2005 and**

26                **2006.**

27         On October 18, 2005, Hoffman wrote an email to Plaintiff which exclaimed:

28  "Good Work Rosey!" Exhibt E [Liu 10] to Plaintiff's Decl.  Hoffman further requested

Plaintiff publish it so that others could benefit from Plaintiff's analysis.

On June May 3, 2006, Hoffman, again, singled out Plaintiff to give her thanks for a job well done, this time for FWI procedures for handling products that may involve bloodborne pathogens. Exhibit F [Liu 7] to Plaintiff's Decl.

On June 22, 2006, Mike Bula, Vice President, complimented Plaintiff for her "professional" and "well done" safety training program and recommended it be utilized as "the standard for new safety training programs going forward."  Exhibit G [Liu 9] to Plaintiff's Decl.

## VII.  PLAINTIFF'S WRONGFUL TERMINATION CAUSE OF ACTION SURVIVES MOTION FOR SUMMARY FOR THE SAME REASONS AS PLAINTIFF'S FEHA CAUSES OF ACTION

To raise a material question of fact on a wrongful termination claim, a plaintiff must present evidence that her employer dismissed her "in violation of a public policy that is (1) embodied in a statute or constitutional provision, (2) beneficial to the public, (3) articulated at the time of discharge, and (4) fundamental."  *Rivera v. National R.R. Passenger Corp.*, supra, 331 F.3d at 1079-1080.

Plaintiff has presented evidence that her termination was in reprisal for claiming discrimination and retaliation based on her FEHA causes of action.  Government Code § 12940.  Sterigenics also acknowledges this legal issue, although Sterigenics frames it in the reverse.

## VIII. THE SAME ACTOR RULE DOES NOT APPLY IN THIS CASE

A.    **The same actor inference should not be applied in a motion for summary judgment.**

Other circuits have minimized the importance of the same-actor inference, emphasizing that although a court may infer an absence of discrimination where the same individual hired and fired the plaintiff, such an inference is not required. Haun v. Ideal Indus., Inc., 81 F.3d 541, 546 (5th Cir.1996) ( "While evidence of [same actor] circumstances is relevant in determining whether discrimination occurred, we decline to establish a rule that no inference of discrimination could arise under such circumstances."); Waldron v. SL Indus., Inc., 56 F.3d 491, 496 n. 6 (3d Cir.1995) (noting that the same-actor inference "is simply evidence like any other and should not be afforded presumptive value").

1  [This latter approach is more consistent with the requirement that, in
2  considering a motion for summary judgment, the court must view the
   evidence and draw all reasonable inferences in favor of the nonmoving
3  party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
   587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). We therefore reject the idea
4  that a mandatory inference must be applied in favor of a
   summary-judgment movant whenever the claimant has been hired and
5  fired by the same individual. Such an approach strikes us as being
   contrary to the Supreme Court's opinion in Anderson v. Liberty Lobby,
6  Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)
   ("Credibility determinations, the weighing of the evidence, and the
7  drawing of legitimate inferences from the facts are jury functions, not
   those of a judge, whether he is ruling on a motion for summary judgment
8  or for a directed verdict. The evidence of the non-movant is to be
   believed, and all justifiable inferences are to be drawn in his favor.").
9  Although the factfinder is permitted to draw this inference, it is by no
   means a mandatory one, and it may be weakened by other evidence.
10 Buhrmaster v. Overnite Transp. Co., 61 F.3d 461, 464 (6th Cir.1995)
   (describing how the length of time between hiring and firing an employee
11 may weaken the same-actor inference).

12 *Wexler v. White's Fine Furniture, Inc.* (6th Circuit 2003) 317 F. 3d 564, 573-574.

13    **B.    Plaintiff's timeline is sufficient evidence to rebut the same actor rule.**

14        "We therefore hold that where the same actor is responsible for both the hiring

15 and the firing of a discrimination plaintiff, and *both actions occur within a short*

16 *period of time*, a strong inference arises that there was no discriminatory motive."

17 *Bradley v. Harcourt, Brace & Co.*(9th Cir.1996) 104 F.3d 267, 271.  In *Bradley*, the

18 plaintiff was hired in February 1992, and terminated twelve months later, in February

19  1993.  Bradley relied upon another case in which the "short period of time" was just

20 two years.  See *Lowe v. J.B. Hunt Transp., Inc.* (8th Cir.1992) 963 F.2d 173 (finding

21 argument that company developed aversion to older people less than two years after

22 hiring member of protected age group "simply incredible").

23        In this case, the six (6) year passage of time from Plaintiff's hire date to

24 Plaintiff's termination date is sufficient evidence to raise a triable issue of fact which

25 rebuts the same actor inference because Plaintiff's hiring and termination did not

26 occur in the short time period, as required by *Bradley v. Harcourt, Brace & Co.*, supra.

27 Plaintiff was hired during the year 2000.  Plaintiff Decl., ¶ 2.  She was terminated six

28 (6) years later, on approximately October 20, 2006.  Plaintiff Decl., ¶ 24.

## IX. THE ISSUE OF PUNITIVE DAMAGES CANNOT BE ADDRESSED IN A MOTION FOR SUMMARY JUDGMENT AS THEY ARE THE PROVINCE OF THE JURY

A "jury's assessment of the extent of a plaintiff's injury is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation. [Citation.] Punitive damages are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence." *Cooper Industries, Inc. v Leatherman Tool Group, Inc.* (2001) 532 U.S. 408, 416.

"When dealing with a corporate employer, a plaintiff must also show that the employer's officer, director or managing agent had advance knowledge of the oppressive, malicious or fraudulent act and consciously disregarded, authorized or ratified it."*Brandon v. Rite Aid Corp., Inc.*, supra, 408 F.Supp.2d at 982; citing California Civil Code § 3294(b).

In *Brandon*, the Court denied, without prejudice, the motion for summary judgment on the issue of punitive damages as the plaintiff's evidence, when viewed in the light most favorable, would allow a jury to determine that the plaintiff's facts would constitute clear and convincing evidence sufficient for an imposition of punitive damages.

## X. CONCLUSION

For each of the reasons set forth herein, Plaintiff Rosey Liu respectfully requests that the Court deny outright all issues of Defendant's motion for summary judgment.

Dated: September 16, 2008          CHARLES T. MATHEWS & ASSOCIATES

By: _____
     CHARLES T. MATHEWS
     LAUREL HYDE
     Attorney for Plaintiff
     ROSEY LIU

19

## DECLARATION OF LAUREL HYDE

I, Laurel Hyde, hereby declare:

1.     I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would do so competently am an associate in the Law Office of Charles T. Mathews, attorney of record for Plaintiff.

2.     I am licensed to practice before this Court and all of the Courts in the State of California.

3.     I appeared for, and took, the deposition of Steven Morris.  Attached hereto as Exhibit A are true and correct copies of the pertinent pages of the deposition transcript of Steven Morris.

4.     I appeared for, and took, the deposition of Kathleen Hoffman.  Attached hereto as Exhibit B are true and correct copies of the pertinent pages of the deposition transcript of Kathleen Hoffman.

5.     I appeared for the deposition of Plaintiff Rosey Liu.  Attached hereto as Exhibit C are true and correct copies of the pertinent pages of the deposition transcript of Plaintiff Rosey Liu.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of September, 2008, at San Marino, California.

_____
LAUREL HYDE

22