1 | Charles T. Mathews, Esq.       SBN 055889
ted@ctmesq.com
2 | Laurel Hyde, Esq.       SBN 149446
laurel@ctmesq.com
3 | CHARLES T. MATHEWS & ASSOCIATES
2596 Mission Street, Suite 204
4 | San Marino, California 91108
Ph.:   (626) 683-8291
5 | Fax:   (626) 683-8295

6 | Attorneys for Plaintiff
ROSEY LIU
7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | ROSEY LIU,                                       CASE NO.: CV-07-05976 PSG (CWx)

12 |                Plaintiffs,          **PLAINTIFF'S   OPPOSITION   TO
                                          DEFENDANT'S   STATEMENT   OF
13 |       vs.                            UNDISPUTED   FACTS   AND
                                          STATEMENT OF GENUINE ISSUES**
14 | STERIGENICS INTERNATIONAL
INC., a corporation, GRIFFITH
15 | MICRO SCIENCE, a corporation,         Discovery Cut-Off: October 7, 2008
ION BEAM APPLICATIONS, a                 Motion Cut-Off:   November 7, 2008
16 | corporation,   KATHLEEN               Trial:             January 13, 2009
HOFFMAN, an individual, and
17 | DOES 1 through 10, Inclusive,

18 |                Defendants.

19

20

21 |       TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD:

22 | ///

23 | ///

24 | ///

25

26

27

28

1

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 1. Sterigenics, is an international provider of sterilization services for the medical and foodstuff industries, with its headquarters in Oak Brook, Illinois. Declaration of Kathleen Hoffman ("Hoffman Decl.") in Support of Defendant's Motion for Summary Judgment, ¶¶ 1-2. | 1. Admit. |
| 2. Plaintiff is a female of Chinese national origin. Deposition of Rosey Liu ("Liu Depo"), at 245:18-23; 47:23-24; true and correct copies of the Liu deposition transcript and exhibits are appended to the Declaration of Ian T. Wade ("Wade Decl.") at ¶ 5, Exh. 4. | 2. Admit. |
| 3. On or about March 17, 2000, Plaintiff interviewed for an engineer position at Griffith Micro Science, meeting with Kathleen Hoffman, the chief decision maker in Plaintiff's hiring, and several other Griffith employees during the interview process. Liu Depo., 51:22-53:10, Exh. 1; Hoffman Decl. ¶ 3. | 3. Admit. |
| 4. Since March 17, 2000, Griffith changed its name to IBA S&I, Inc., then Sterigenics EO, Inc., and then merged into Sterigenics U.S., LLC. Hoffman Decl.¶ 4. | 4. Admit. |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

| | | |
|---|---|---|
| 5. | On April 19, 2000, Hoffman extended Plaintiff an employment offer as Griffith's Corporated Environmental Health and Safety ("EH&S") Engineer, based in Los Angeles. Liu Depo., 64:7-65:2; 65:22-66:1, Exh.          3. | 5. Admit. |
| 6. | Plaintiff accepted the offer on April 24, 2000. Liu Depo., 66: 14-17, Exh. 3. | 6. Admit. |
| 7. | No one at Serigenics or its predecessors ever promised Plaintiff that her employment would be for a specific term, that she would be terminated only for cause, nor did anyone ever discuss job security during the interview. Liu Depo., 63:6-17; 68:15-69:20; 70:3-18; 70:20-72:7; Exhs. 4&5. | 7. Plaintiff does not oppose Defendant's motion on the Fifth cause of action for Breach of Covenant of Good Faith and Fair Dealing. |
| 8. | Sterigenics' at-will employment policy is clearly reflected in its Employment Handbook, which Plaintiff acknowledged receiving on more than on occasion. Liu Depo., 67:7-68:25; 72:13-74:4, Exh.4-6. | 8. Plaintiff does not oppose Defendant's motion on the Fifth cause of action for Breach of Covenant of Good Faith and Fair Dealing. |
| 9. | The handbook states in pertinent part: "[E]mployment with Sterigenics is not for any specified period and may be terminated by the employee or the company at any time, with or without cause or advance notice." Liu Depo, Exh. 6, pg. 7. | 9. Plaintiff does not oppose Defendant's motion on the Fifth cause of action for Breach of Covenant of Good Faith and Fair Dealing. |

3

| | |
|---|---|
| 10.    Indeed, Plaintiff admits that she was not given any assurances of continued employment and admits that she was an at-will employee and her employment could be terminated at any time with our without cause.<br>        Liu Depo., 63:6-17, 68:6-25, 69:16-20,70:2-18, 72:4-7; 74:18-75:7. | 10.Plaintiff does not oppose Defendant's motion on the Fifth cause of action for Breach of Covenant of Good Faith and Fair Dealing. |
| 11.    Plaintiff admits that she does not have any agreement with Sterigenics that Sterigenics did not comply with.<br>        Liu Depo., 249:6-24. | 11. Plaintiff does not oppose Defendant's motion on the Fifth cause of action for Breach of Covenant of Good Faith and Fair Dealing. |
| 12.    Indeed, in her response to Defendant's request for admission she admits that her contract claim rests solely on her belief that "[t]he contract Plaintiff signed contained an implied covenant of good faith and fair dealing."<br>        See Plaintiff's Responses to Defendant's Request for Admissions, attached to Wade Decl. at ¶ 3, Exh. 2, Request No. 11. | 12. Plaintiff does not oppose Defendant's motion on the Fifth cause of action for Breach of Covenant of Good Faith and Fair Dealing. |
| 13.    As a corporate EH&S Engineer, Plaintiff was responsible for providing EH&S support to Defendant's plants and facilities to ensure compliance with EH&S standards.<br>        Liu Depo., 94:14-21. | 13. Admit. |

4

| | | |
|---|---|---|
| 14. | As a corporate EH&S Engineer, Plaintiff was responsible for proactively addressing EH&S needs at plants (including the continuous improvement of existing EH&S-related procedures and programs) Liu Depo., 92:3-19. | 14. Admit. |
| 15. | As a corporate EH&S Engineer, Plaintiff was responsible for completing all necessary EH&S-related reports. Liu Depo., 91:7-15. | 15. Admit. |
| 16. | As a corporate EH&S Engineer, Plaintiff was responsible for establishing applicable EH&S procedures for plaints and oversaw testing and plants. Liu Depo., 95:22-24. | 16. Admit. |
| 17. | As a corporate EH&S Engineer, Plaintiff was responsible for establishing regular contact with the plants through annual plants visits and monthly calls. Liu Depo., 94:22-95:17. | 17. Admit. |
| 18. | It is undisputed that Hoffman, Plaintiff's direct supervisor, was highly critical of Plaintiff throughout Plaintiff's employment with Sterigenics. Liu Depo., 250:16-251:12. | 18. Admit. |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

| | |
|---|---|
| 21.   Plaintiff's 2005 Performance Review began to reveal mor profound performance deficiencies. Plaintiff received a score of 2.9 out of 5.0 (only two-tenths of a point above the minimum score for "meets expectations"), and Hoffman criticized Plaintiff for a multitude of inadequacies, including Plaintiff's failure to be more proactive in identifying potential issues and improving existing procedures and programs, and her failure to adequately communicate potential compliance issues.<br>      Liu Depo., 175:16-25; 177:25-178:20; 180:20-181:16; 185:1-15; Exh. 11. | 21. Admit. |
| 22.   Plaintiff admits that during her entire employment at Sterigenics, the highest score she ever received was just a "meets expectations."<br>      Liu Dpeo., 185:24-186:6. | 22. Admit. |

7

| 23. | In March 2006, Plaintiff sought to have her title changed from Environmental Health and Safety Engineer to Senior Environmental Health and Safety Engineer. Liu Depo. 217:25-218:23. | 23. Deny.  Plaintiff testified that she was terminated because she wanted to be promoted, not merely a "title change" asked to be promoted into the position of a "Director" or a "Senior Engineer." Deposition of Plaintiff Rosey Liu ("Liu Depo"), 217:9-12, attached as Exhibit C to the Declaration of Laurel Hyde ("Hyde Decl."). Declaration of Plaintiff Rosey Lue ("Plaintiff Decl."), ¶ 25. Kathleen Hoffman also testified that Rosey Liu asked for a promotion to the position of "Director" or "Senior Engineer." Depositon of Kathleen Hoffman ("Hoffman depo."), 94:1-5, attached as Exhibit B to Hyde Decl. |
|-----|-----|-----|

8

| | |
|---|---|
| 19.     In Plaintiff's 2002 Performance Review, Hoffman gave her a score of 2.2 out of 4.0 ("meets expectations"), and stated that Plaintiff needed more enthusiasm and initiative with the plants in order to become a larger EH&S resource to the company.<br>        Liu Depo., 159:21-161:6; Exh. 9. | 19. Admit. |
| 20.     In Plaintiff's 2003 Performance Review, Hoffman gave Plaintiff a score of 2.1 out  of 4.0 ("meets expectations") and urged  Plaintiff to continue building relationships to become an integrated  EH&S resource; communicate more with plant management, upper management, and peers; learn more about operations and emission control systems; and demonstrate greater initiative in leading projects and company programs.<br>        Liu Depo., 163:25-164:16; 165:7-166:15;  Exh. 10. | 20. Admit. |

6

| | | |
|---|---|---|
| 24. | Plaintiff testified that she was not sure whether that title really existed.<br><br>Liu Depo., 218:6-219-22. | 24. Deny.  Plaintiff testified that she was aware that there were Senior Engineers. Plaintiff depo., 219:12-14 and 21-23. Kathleen Hoffman and Sterigenics created the title of Senior Director of EH&S for new hire Arlene Farrar, a title which had not existed previously. Sterigenics also created the title of Director of Safety, a title and position which also did not exist previously. Currently, on the website for Sterigenics, Eric Beers is listed in the position of Senior Vice President of Engineering; Mike Padilla is listed in the position of Senior Consultant; and James Williams is listed in the position of CFO and Senior Vice President of Finance and Administration.  These titles show that Sterigenics has established practice of creating titles and positions, and also to routinely add the phrase "Senior" to titles.  Plaintiff Decl., ¶ 27. |
| 25. | Plaintiff also acknowledges that the time of her request, no one had ever held the position of Senior EH&S Engineer.<br>Liu Depo., 219:12-18. | 25. Admit. |

| | | |
|---|---|---|
| 26. | Here, Plaintiff has identified her request for a title change as the *only* basis for her retaliation claim.<br>Liu Depo., 217:9-23. | 26. Deny.  Plaintiff testified that she was terminated because she wanted to be promoted. Plaintiff depo, 217:9-12 and 21-23. Plaintiff also testified that all of her reasons were set forth in her Complaint, which she signed off on. Plaintiff depo, 223:6-9.  Plaintiff further asserts that she was terminated because she said that she was being treated unfairly with respect to her white male counterpart.  Plaintiff Decl., ¶ 26. |
| 27. | Following Plaintiff's 2005 Performance Review, Hoffman held an in-person performance counseling session with Plaintiff on July 25, 2006.<br>Liu Depo., 113:5-10, 186:9-187:3, Exh. 12. | 27. Admit. |
| 28. | In a memorandum documenting the July 25, 2006, meeting, Hoffman set forth specific areas of deficient performance where additional focus and attention were needed to meet Sterigenics' corporate safety standards.<br>Liu Depo., 186:9-21; Exh. 12. | 28. Admit as to date of meeting and memorandum. Plaintiff's Performance Evaluations for the years 2000, 2002, 2003, 2005 (the years which are available) each rate her in the category of "Meets Expectations," and did include a even a single score of "Below Expectations." Plaintiff's Decl., ¶¶ 6-10. Plaintiff never received a Performance Evaluation which rated her as "Meets Some Expectations," much less "Below Expectations."  Plaintiff's Decl., ¶¶ 6-10. |
| 29. | Plaintiff does not dispute that she missed a radiation safety call, on of the reasons for which she was counseled at that time.<br>Liu Depo., 97:10-18. | 29. Deny.  Plaintiff testified that she notified Kathleen Hoffman that she was approximately one-half hour late because she had to take her child to the doctor.  Plaintiff depo, 189:17-190:19. |

| | |
|---|---|
| 30.     During the meeting, Hoffman also counseled Plaintiff regarding Plaintiff's failure to adequately communicate to Hoffman regarding a flow meter that was not working and Plaintiff's failure to keep set office hours and communicate deviations to management.<br>          Liu Depo., 191:3-9, 195:3-15. | 30. Deny.  Plaintiff testified exactly the opposite.  Plaintiff testified that Hoffman did not raise the tardiness issue with her at the time.  Plaintiff depo., 98:7-10.  Plaintiff further testified that Ms. Hoffman told her that she did not care about her hours, as long as all of the work was finished. Plaintiff depo., 195:16-20. |
| 31.     In the memo and at other times Plaintiff was warned that she had failed to take proactive steps to complete her job and keep others informed about compliance and safety standards.<br>          Liu Depo., 98:12-16; 99:1-100:14; 106:16-25; 110:1-20; 111:2-8; Exh. 12. | 31. Admit. |
| 32.     Admittedly, Plaintiff was not perceived as being proactive by others at Sterigenics.<br>          Liu Depo., 169:4-24. | 32. Deny.  Plaintiff testified that she was not a very aggressive person and, as a result, unless she reported on each particular assignment, people had the "misconception that [she] didn't do her job." Plaintiff depo, 169:13-18. |
| 33.     In the memo Plaintiff was warned that she had failed to react to EH&S Managements requests.<br>          Liu Depo., 186:9-21; 193:7-14; Exh. 12. | 33. Admit. |
| 34.     In the memo Plaintiff was warned that she had failed to timely complete and submit environmental reports.<br>          Liu Depo., 186:9-21; Exh. 12. | 34. Admit. |

11

| | |
|---|---|
| 35. In the memo Plaintiff was warned that she had failed to keep regular office hours.<br>Liu Depo., 186:9-21; Exh. 12. | 35. Deny. This deposition cite only affirms that Plaintiff received the memo. Moreover, Plaintiff testified that Hoffman did not raise the tardiness issue with her at the time. Plaintiff depo., 98:7-10. Plaintiff further testified that Ms. Hoffman told her that she did not care about her hours, as long as all of the work was finished. Plaintiff depo., 195:16-20. |
| 36. In the memo, Hoffman also warned Plaintiff that failure to meet or comply with the memo could result in further discipline, including dismissal.<br>Liu Depo., 186:9-21; Exh. 12. | 36. Admit. |

12

| 37. | Despite the counseling, Hoffman saw not improvement in Plaintiff's performance over the next few months.<br>Hoffman Decl. At ¶ 7. | 37. Deny.  Doing the time when Defendant contends Plaintiff's performance was inadequate, Plaintiff continued to receive glowing compliments, including form Hoffman. On October 18, 2005, Hoffman wrote an email to Plaintiff which exclaimed: "Good Work Rosey!" Exhibt E [Liu 10] to Plaintiff's Decl. On June May 3, 2006, Hoffman, again, singled out Plaintiff to give her thanks for a job well done, this time for FWI procedures for handling products that may involve bloodborne pathogens. Exhibit F [Liu 7] to Plaintiff's Decl. On June 22, 2006, Mike Bula, Vice President, complimented Plaintiff for her "professional" and "well done" safety training program and recommended it be utilized as "the standard for new safety training programs going forward." Exhibit G [Liu 9] to Plaintiff's Decl. |
| 38. | Hoffman made the decision to terminate Plaintiff's employment, and terminated Plaintiff on October 23, 2006.<br>Hoffman Decl. At ¶ 8. | 38. Deny.  Kathleen Hoffman testified that termination must be reviewed and authorized by Cory, who is General Counsel, as well as  Human Resources. Hoffman depo, 3:12-14, 46:24-47:3 and 98:24-99:5 re signed off on the termination. |

13

| 39. Hoffman's decision was based upon the following series of events which she perceived as Plaintiff's performance issues: | 39. Deny. |
|---|---|
| • Plaintiff's 2004 performance review expressed the need for Plaintiff to be more proactive in terms of safety; she failed.<br>• Plaintiff's 2005 performance review demonstrated that her EH&S performance was declining and needed improvement and she needed to improve in safety and environmental compliance; again, she failed.<br>• In July 2006, Plaintiff was counseled for insubordination during a meeting. Plaintiff was provided a memo documenting her problems; Plaintiff's performance still failed to improve.<br>• Following this meeting, the LA facility continued to suffer from safety violations which should have been handled by Plaintiff; she did not.<br>• Thereafter, Plaintiff attempted to circumvent company standards and ignore catalytic oxidizer test results which demonstrated the machine was not operation correctly and subsequently failed to notify proper personnel of the problem.<br>• Plaintiff failed to inform | The dramatic, night and day difference in Hoffman's prior consistent evaluation of Plaintiff's work performance as "Meets Expectation" is evidence which raises a triable issue of material fact that Sterigenics' discipline and subsequent termination of her was pretextual. Plaintiff consistently received favorable "Meets Expectations" performance evaluations, not "Meets Some Expectations" nor "Below Expectations" each year she received a performance evaluation. Plaintiff raised a triable issue of material fact that Defendant's rationale for her termination was false and pretextual based on the content of her 2005 Performance Evaluation because it was issued just two days after she was threatened for termination based upon her 2005 Performance Evaluation, and rated Plaintiff as "Meets Expectations. Exhibit D to Plaintiff's Decl. Plaintiff's 2005 Performance Evaluation does not negatively evaluate Plaintiff, and contradicts any justification for her termination, because it evaluates her as "Meets Expectations," not "Meets Some Expectations" and not "Blow Expectations." |

14

| | |
|---|---|
| • During the fall of 2006, Plaintiff inexcusably failed to notify management that the machine that tests air safety for the entire Los Angeles plant was down for several days.<br>• Thereafter, Plaintiff repeatedly failed to comply with company reporting requirements and time lines.<br><br>Hoffman Decl. at ¶ 8. | Plaintiff has shown that Defendant's rationale for her termination of not being proactive were false and pretextual because Hoffman regularly complimented her for being proactive during 2005 and 2006. On October 18, 2005, Hoffman wrote an email to Plaintiff which exclaimed: "Good Work Rosey!" Exhibt E [Liu 10] to Plaintiff's Decl.  Hoffman further requested Plaintiff publish it so that others could benefit from Plaintiff's analysis. On June May 3, 2006, Hoffman, again, singled out Plaintiff to give her thanks for a job well done, this time for FWI procedures for handling products that may involve bloodborne pathogens. Exhibit F [Liu 7] to Plaintiff's Decl. On June 22, 2006, Mike Bula, Vice President, complimented Plaintiff for her "professional" and "well done" safety training program and recommended it be utilized as "the standard for new safety training programs going forward." Exhibit G [Liu 9] to Plaintiff's Decl. |

15

| | |
|---|---|
| 40. Plaintiff's own deposition testimony confirms that she lacks any facts supporting a belief that either her national origin or gender motivated the decision to terminate her employment.<br>Liu Depo., 244:15-247:1. | 40. Deny. Plaintiff also testified that all of her reasons were set forth in her Complaint, which she signed off on. Plaintiff depo, 223:6-9 Plaintiff testified that she was terminated because she was the only Chinese in the department. Plaintiff depo, 243:20 and 244:11. Plaintiff testified that she was terminated because she wanted to be promoted. Plaintiff depo, 217:9-12 and 21-23. Plaintiff testified that she was terminated because she was female. Plaintiff depo, 245:24-22. Plaintiff further asserts that she was terminated because she said that she was being treated unfairly with respect to her white male counterpart. Plaintiff Decl., ¶ 26. |
| 41. Plaintiff admits that there is nothing she can point to that causes her to believe that Sterigenics made employment decisions that were motivated on account of the fact that she is a Chinese national.<br>Liu Depo., 244:15-247:1. | 41. Deny. Plaintiff testified that she was wrongfully terminated because she was a Chinese national. Plaintiff depo, 243:20 and 244:11. |
| 42. Plaintiff admits that she does not know any facts to cause her to believe that Sterigenics made employment decisions on account of the fact that she is female as opposed to male.<br>Liu Depo., 245:18-246:11. | 42. Deny. Plaintiff testified that she was terminated because she was female. Plaintiff depo, 245:24-22. Plaintiff testified that "no one at Sterigenics caused her to believe that what the reason." Plaintiff depo, 245:24-22. Plaintiff testified that she was wrongfully terminated because she was a Chinese national. Plaintiff depo, 243:20 and 244:11. |

16

| | |
|---|---|
| 43.   Plaintiff admits that she has no facts to support a belief that either her national origin or her sex motivated the decision to   terminate her employment.   Liu Depo., 246:22-247:1 | 43.  Deny.  Plaintiff testified that all of her reasons were set forth in her Complaint, which she signed off on. Plaintiff depo, 223:6-9. Plaintiff testified that she was terminated because she was the only Chinese in the department. Plaintiff depo, 243:20 and 244:11. Plaintiff testified that she was terminated because she wanted to be promoted. Plaintiff depo, 217:9-12 and 21-23.  Plaintiff testified that she was terminated because she was female. Plaintiff depo, 245:24-22. Plaintiff further asserts that she was terminated because she said that she was being treated unfairly with respect to her white male counterpart.  Plaintiff Decl., ¶ 26. |
| 44.   Plaintiff also concedes that Hoffman neither said nor did anything which caused Plaintiff to believe her termination was due to something other than her failure to be proactive with safety.   Liu Depo., 212:21-213:5. | 44. Deny. In March 2006, Plaintiff Rosey Liu asked her supervisor Kathleen Hoffman for a promotion to the position of "Director" or "Senior Engineer." Hoffman depo., 94:1-5. During the same conversation, her manager, Defendant Kathleen Hoffman patronizingly attempted to talk her out of it by telling Plaintiff that she should not focus on her work and just focus on her family, thereby invoking stereotypes of Asian women being  subservient, quiet, docile and maternal. Plaintiff Decl., ¶¶ 25-26. |

17

PLAINTIFF'S OPPOSITION TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

| | |
|---|---|
| 45. In her response to Defendant's Special Interrogatories, Plaintiff could not provide any specific facts or allegations to support her belief that she was discriminated against on the basis of her national origin or gender. Instead, Plaintiff speculates that because she did not receive a "promotion" and because she was criticized for poor work performance, that she must have been wronged, stating:<br>"Plaintiff concludes that Defendants did not wish to promote a person of her gender and/or national origin, and did not wish to promote an employee who protested against unfair treatment."<br>See Plaintiff's Responses to Defendant's Special Interrogatories, attached to Wade Decl. at ¶ 4, Exh.3, Special Rog. Nos. 15-18. | 45. Deny. Plaintiff testified that all of her reasons were set forth in her Complaint, which she signed off on. Plaintiff depo, 223:6-9. Moreover, the allegations contain specific facts. |
| 46. In this case, six and a half years passed between Hoffman's April 2000 employment offer to Plaintiff and her October 2006 termination.<br>Liu Depo., 64:7-65:2, 65:22-66:1, 202:2-10; Exh. 3. | 46. Admit. |
| 47. Hoffman was responsible for recruiting and hiring Plaintiff, and terminating her.<br>Hoffman Decl. at ¶ 12; Liu Depo 64:7-65:14, 202:2-203:20. | 47. Deny. Kathleen Hoffman testified that termination must be reviewed and authorized by Cory, who is General Counsel, as well as Human Resources. Hoffman depo, 3:12-14, 46:24-47:3 and 98:24-99:5 re signed off on the termination. |

18

PLAINTIFF'S OPPOSITION TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

| | |
|---|---|
| 48. Following Plaintiff's termination, Hoffman eventually hired Gwendolyn Howard, another non-Caucasian (African-American) female, to fill Plaintiff's position. Hoffman Decl. at ¶ 11. | 48. Admit. |
| 49. In fact, she admitted that she did not know whether anybody at Sterigenics was ever treated more favorably than herself. Liu Depo., 257:16-19. | 49. Deny. Plaintiff testified that she was terminated because she wanted to be promoted. Plaintiff depo, 217:9-12 and 21-23. Plaintiff also testified that all of her reasons were set forth in her Complaint, which she signed off on. Plaintiff depo, 223:6-9. Plaintiff further asserts that she was terminated because she said that she was being treated unfairly with respect to her white male counterpart. Plaintiff Decl., ¶ 26. |
| 50. Plaintiff acknowledges that she has no reason to believe that anybody at Sterigenics ever tried to deceive her or acted in a malicious manner towards her. Liu Depo., 251:20-252:14. | 50. Deny. Plaintiff testified that she was terminated because she wanted to be promoted. Plaintiff depo, 217:9-12 and 21-23. Plaintiff also testified that all of her reasons were set forth in her Complaint, which she signed off on. Plaintiff depo, 223:6-9. Plaintiff further asserts that she was terminated because she said that she was being treated unfairly with respect to her white male counterpart. Plaintiff Decl., ¶ 26. |

19

| | |
|---|---|
| 51. Sterigenics maintains numerous anti-discrimination and anti-harassment policies and procedures which discuss how to prevent and how to respond to complaints of discrimination or harassment.<br>    Hoffman decl. at ¶ 9; Liu Depo, Exh. 6, pgs. 10, 14, 30, &34. | 51. Admit. |
| 52. These policies and procedures are provided to all Sterigenics employees.<br>    Hoffman Decl. at ¶ 10. | 52. Admit. |
| 53. Plaintiff admits in her deposition that she was aware of Sterigenics' policies, yet never complained to anyone at Sterigenics about any form of discrimination.<br>    Liu Depo., 75:12-21; 78:25-79:8. | 53. Deny.  Plaintiff also testified that all of her reasons were set forth in her Complaint, which she signed off on, reasons which include her retaliatory termnation was in reprisal for asking Ms. Hoffman for a promotion. Plaintiff depo, depo, 217:9-12 and 21-23 and 223:6-9. Plaintiff further asserts that she was terminated because she told Kathleen Hoffman that she was being treated "unfairly" with respect to her white male counterpart.  Plaintiff Decl., ¶ 26. |

20

PLAINTIFF'S OPPOSITION TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Dated: September 16, 2008          CHARLES T. MATHEWS & ASSOCIATES


By: _____
        CHARLES T. MATHEWS
        LAUREL HYDE
        Attorney for Plaintiff
        ROSEY LIU

PLAINTIFF'S OPPOSITION TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS