| | |
|---|---|
| 1 | CRAIG G. STAUB, Bar No. 172857<br>(cstaub@littler.com) |
| 2 | JANINE C. SUN, Bar No. 210973<br>(jsun@littler.com) |
| 3 | IAN T. WADE, Bar No. 229150<br>(iwade@littler.com) |
| 4 | LITTLER MENDELSON<br>A Professional Corporation |
| 5 | 2049 Century Park East<br>5th Floor |
| 6 | Los Angeles, CA 90067.3107<br>Telephone: 310.553.0308 |
| 7 | |
| 8 | Attorneys for Defendant |
| 9 | STERIGENICS U.S., LLC (erroneously sued<br>as STERIGENICS INTERNATIONAL |
| 10 | INC.; GRIFFITH MICROSCIENCE; and<br>ION BEAM APPLICATIONS) |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEY LIU,<br><br>        Plaintiff,<br><br>v.<br><br>STERIGENICS INTERNATIONAL INC., a corporation, GRIFFITH MICRO SCIENCE, a corporation, ION BEAM APPLICATIONS, a corporation, KATHLEEN HOFFMAN, an individual, and DOES 1 through 10, Inclusive<br><br>        Defendants. | Case No. CV 07-5976 PSG (CWx)<br><br>**DEFENDANT STERIGENICS U.S., LLC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**[F.R.C.P. 56]**<br><br>Date: October 6, 2008<br>Time: 1:30 P.M.<br>Courtroom: 790<br><br>Trial Date: January 13, 2009 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

# TABLE OF CONTENTS

|  |  | PAGE |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| | A. Plaintiff's National Origin And Gender Discrimination Claims Remain Unsubstantiated And Based On Speculation. | 2 |
| |    1. Plaintiff Presents No Evidence Raising An Inference of Discrimination Sufficient To Defeat Summary Judgment | 2 |
| |       a. Plaintiff's Reliance On Isolated Comments Does Not Take This Case Outside Of McDonnell Douglas | 4 |
| |       b. Plaintiff Fails To Demonstrate Any Disparate Treatment | 6 |
| |          (1) Plaintiff was not similarly situated to Morris | 6 |
| |          (1) Plaintiff has not proved disparate treatment | 7 |
| |    2. Plaintiff Cannot Show Pretext To Support Discrimination | 8 |
| | B. Plaintiff's Retaliation Claim Remains Unsubstantiated | 9 |
| |    1. Plaintiff Fails To Show She Engaged In A Protected Activity | 9 |
| |    2. When There Is No Complaint There Is No Causal Connection | 10 |
| |    3. Plaintiff Cannot Show Defendant's Reasons Were Pretextual | 11 |
| | C. Same Actor Inference Does Apply In Ninth Circuit And In This Case | 12 |
| | E. Punitive Damages May Be Dismissed On Summary Judgment | 12 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

PAGE

## CASES

Barber v. CSX Distrib. Servs.
 68 F.3d 694 (3rd Cir. 1995)..................................................................................3

Brandon v. Rite Aide Corp., Inc.
 408 F.Supp.2d 964 (E.D. Cal. 2006)................................................................ 11

Byrd v. Ronayne
 61 F.3d 1029 (1st Cir. 1995)...............................................................................7

Clark v. Runyon
 218 F.3d 915 (8th Cir. 2000)..............................................................................7

Diaz v. Eagle Produce, Ltd.
 521 F.3d 1201 (9th Cir. 2008)......................................................................... 12

Green v. Ralee Engineering Co.
 19 Cal. 4th 66 (1998)........................................................................................ 11

Jurado v. Eleven-Fifty Corp.
 813 F.2d 1406 (9th Cir. 1987)...........................................................................3

Jennings v. Marralle
 8 Cal. 4th 121 (1994) ....................................................................................... 11

Marquez v. Bridgestone/Firestone, Inc.
 353 F.3d 1037 (8th Cir. 2004)...........................................................................7

McDonnell Douglas Corp. v. Green
 411 U.S. 792, 793 (1973)......................................................................... 3, 4, 6

Merrick v. Farmers Ins. Group
 892 F.2d 1434 (9th Cir. 1990)...........................................................................5

Nesbit v. PepsiCo, Inc.
 994 F.2d 703 (9th Cir. 1993).............................................................................5

Radue v. Kimberly-Clark Corp.
 219 F.3d 612 (7th Cir. 2000).............................................................................7

Real v. Continental Group, Inc.
 627 F. Supp. 434 (N.D. Cal. 1986) ................................................................ 12

Schuler v. Chronicle Broadcasting Co., Inc.
 793 F.2d 1010 (9th Cir. 1986)...........................................................................7

Trop v. Sony Pictures Entertainment Inc.
 129 Cal. App. 4th 1133 (2005) ....................................................................... 12

Villiarimo v. Aloha Island Air, Inc.
 281 F.3d 1054 (9th Cir. 2002).................................................................... 9, 10

Wilborn v. Ashcroft
 222 F.Supp.2d 1192 (S.D. Cal. 2002)..............................................................4

Firmwide:86756959.4 057634.1001

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S MPA ISO MSJ        ii.

## I. INTRODUCTION

<u>Excerpt From Plaintiff Rosey Liu's Deposition Testimony:</u>

*Q. Did you understand that -- that an employee of Sterigenics, who felt that they had been mistreated, either harassed or discriminated against, that -- that they're -- they have different ways in which they're supposed to bring that to the attention of the company?*

*A.* **Yes.**

*Q. What was your understanding as to how an employee can bring to the attention of Sterigenics that they feel they're being mistreated?*

*A.* **You talk to your supervisor.**

    \*    \*    \*

*Q. . . . I just want to know, during your employment at Sterigenics, you never made a complaint pursuant to the company's harassment and discrimination policy, did you?*

*A.* **No.**

[SUMF 53]. Curiously, Plaintiff's Opposition repeatedly asserts an entirely different proposition, that: "Plaintiff **complained** that she was being treated unfairly," "Within approximately 3 ½ months [of] **complaining of discrimination**," "**Complaining** ... [about] **discriminatory treatment**," "Plaintiff's **Discrimination complaint**."

Defending this inconsistency, Plaintiff devotes nearly two pages to the idea that, "employees do not always speak with the clarity or precision of lawyers." The fatal flaw -- Plaintiff has been a licensed attorney in California since 2000.

These, and numerous other remarkable factual mischaracterizations are strategically placed throughout Plaintiff's Opposition. Moreover, after remaining idle for nearly a year without so much as noticing a single deposition or engaging in any discovery, having been served with Defendant's Motion, and receiving an extension from Defendant so Plaintiff could depose its witnesses, Plaintiff submits to this Court an Opposition that is replete with "facts" that, (1) are not accompanied by any citation

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1.

to the record evidence whatsoever, or (2) although accompanied by a citation, are not supported by the evidence cited. Such "facts" (in addition to carrying no evidentiary weight) simply emphasize the factual insufficiency of Plaintiff's claims.

Apart from being disingenuous and deceptive, Plaintiff Opposition entirely fails to proffer credible evidence to sustain her burden in this case. In fact, the "substantial amount of evidence" Plaintiff boasts that she has provided, appears to instead impair her case and supports the numerous reasons why this Court should summarily dismiss her claims. Specifically, Plaintiff offers the Court:

1. <u>Performance evaluations</u> (***proudly asserting***—*that in six years her performance never rose above a mediocre, or as she prefers, "satisfactory" score.*)

2. <u>Emails from Kathy Hoffman ("Hoffman) and other management</u> (*proving that, although she was still a Chinese female, even after Plaintiff sought a title change, male and female management still praised Plaintiff if she did well.*)

3. <u>Hoffman Deposition</u> (*quoting two words "surprised" and "suppress," the former explained by Hoffman, the later never used by Hoffman at all, which, not surprisingly is entirely absent from Plaintiff's evidence or Hoffman's depo.*)

4. <u>Morris Deposition</u> (*showing that Morris too was criticized by Sterigenics' management and was not similarly situated to Plaintiff.*)[1]

Even when evaluating Plaintiff's evidence in the light most favorable to her—*including those "facts" that are questionable at best*—Plaintiff remains unable to demonstrate that there exist triable, material facts which would allow a reasonable jury to find in her favor. Accordingly, Sterigenics is entitled to summary judgment.

## II. ARGUMENT

**A.     Plaintiff's National Origin And Gender Discrimination Claims Remain Unsubstantiated And Based On Speculation.**

---

[1] The Morris Deposition is attached to the Declaration of Ian T. Wade ("Wade Decl.") in Support of Defendant's Reply Motion at ¶2.

2.

### 1. Plaintiff Presents No Evidence Raising An Inference of Discrimination Sufficient To Defeat Summary Judgment.

Plaintiff utterly fails to sustain her burden of going forward with her race or gender discrimination claims. To survive summary judgment, she must set forth evidence suggesting that a decision maker responsible for some adverse employment action (such as her termination)[2] harbored national origin or gender animus against her because she is an Asian female. McDonnell-Douglas v. Green, 411 U.S. 792 (1973).

Here, it appears that the only decision maker to whom Plaintiff attributes discriminatory animus was Hoffman, the same female manager who hired Plaintiff six years earlier. In fact, Plaintiff has not even attempted to demonstrate that other Sterigenics manager or representative bore any discriminatory animus against her. See [SUMFs 49-50.] Indeed, Plaintiff admits:

> *Q. Did anybody at Sterigenics ever say anything that was inappropriate to you?*
>
> *A. No.*
>
> *Q. Unprofessional?*
>
> *A. No.*
>
> *Q. Anybody ever make any comments that you felt were personal attacks on you in any way?*
>
> *A. No.*

Liu Depo., 207:3-10. Moreover, Plaintiff admitted in deposition that she *never* heard Hoffman make any inappropriate, derogatory or offensive remarks about her, even admitting:

---

[2] Here, it appears as though Plaintiff's request for a title change/promotion may not even amount to a protected activity. To constitute a protected activity, she must have alerted Defendant to her belief that discrimination, not merely unfair personnel treatment, had occurred. See Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1412 (9th Cir. 1987) (employee complaint regarding scheduling change not protected activity); See also Barber v. CSX Distrib. Servs., 68 F.3d 694, 701-702 (3rd Cir. 1995) (employee complaint regarding promotion decision not protected activity).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

> *Q.    How about at any time during your employment, did Ms. Hoffman ever -- ever say anything to you that you ever found to be unprofessional or inappropriate?*
>
> *A.    No.*

Liu Depo., 206:21-207:10. <u>See</u> <u>also</u>. [SUMFs 41-44]. Amazingly, to support her claim that Hoffman discriminated against her, Plaintiff proffers evidence that she, a Chinese female, (1) was hired by Hoffman,[3] (2) received satisfactory performance reviews from Hoffman, and (3) even received bonuses and raises based on Hoffman's reviews. Frankly, even Plaintiff appears unsure whether Hoffman treated her fairly or unfairly.

Plaintiff attempts to draw a discriminatory inference from one of two areas, (1) an alleged inappropriate statement by Hoffman after Plaintiff sought a title change, or (2) that Steve Morris ("Morris") was allegedly treated differently than her.

### a.    **Plaintiff's Reliance On Isolated Comments Does Not Take This Case Outside Of McDonnell Douglas**

Plaintiff asserts that an isolated comment by Hoffman qualifies as direct evidence of intentional discrimination, thus taking the case outside of the <u>McDonnell Douglas</u> analysis. Plaintiff can only cite to one specific allegation of discrimination which allegedly occurred after Plaintiff mentioned she may be interested in a promotion/title change. The sole remark was that Hoffman—*a working mother herself*—allegedly said she "thought that Plaintiff was happy in her present position and wanted to spend more time with her kids and family."[4] <u>See</u> Complaint at ¶ 8.

Taking a gargantuan leap, Plaintiff speculates that this comment invokes "stereotypes of Asian women being subservient, quiet, docile, and maternal." <u>See</u> Opposition at p. 11, lns. 11-12. While "[d]iscriminatory comments, or remarks

---

[3] Despite Plaintiff's argument that the "Same Actor" presumption does not apply here it is hardly conceivable that Hoffman "developed an aversion" to Chinese females in six years, particularly given that she continued to give Plaintiff raises and bonuses.

[4] Further weakening her claims, it must be noted that Hoffman hired an ***African American female*** to replace Plaintiff. [SUMF 48.]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

1  indicating stereotyping, can create an inference of discriminatory motive[,]"
2  "comments uttered in an ambivalent manner" are insufficient. See Wilborn v.
3  Ashcroft, 222 F.Supp.2d 1192, 1202 (S.D. Cal. 2002).

4      Thus, comments that are susceptible to two reasonable interpretations –
5  one innocuous one discriminatory – cannot give rise to a reasonable discrimination
6  inference. Nesbit v. PepsiCo, Inc., 994 F.2d 703, 705 (9th Cir. 1993) (in age
7  discrimination case, manager's comment "we don't necessarily like grey hair," was
8  "uttered in an ambivalent manner"-- insufficient to support discrimination inference).

9      Here, assuming *arguendo,* that (1) Hoffman was "surprised" by the
10 request, (2) Hoffman uttered the statement that she believed Plaintiff was happy and
11 wanted to spend more time with her family,[5] and (3) this comment actually does refer
12 to a known stereotype, a manager's clarification whether an employee actually wants
13 a job which would require them to spend more time away from their family is a
14 legitimate inquiry for any parent (a non-protected class), male or female, regardless of
15 race, creed, or culture. This innocuous statement is insufficient to give rise to a
16 reasonable inference of discrimination. See id.

17     Moreover, a single stray remark such as this does not establish a triable
18 issue of fact that discrimination occurred. Indeed, isolated discriminatory remarks are
19 insufficient to create reasonable inference of discriminatory motive. Merrick v.
20 Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990)("single, isolated
21 discriminatory comment by plaintiff's immediate supervisor was insufficient to trigger
22 burden shift or to avoid summary judgment for defendant"). See also Trop v. Sony

---

[5] Oddly, Plaintiff asserts that Sterigenics "hired a white male with a similar background to the same position, but hired him into a 'Director' position . . . [and Plaintiff] requested a promotion to be on par with her white male counterpart, as they each were performing the same employment duties." See Opposition p. 2, lns. 4-8. However, now she attempts to persuade this Court that when she requested this "promotion," although she was already doing the same job and had the same duties, she was discriminated against because her employer stereotyped her as a subservient, quiet, docile and maternal Asian woman. A dubious argument, at best.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

Pictures Entertainment Inc., 129 Cal. App. 4th 1133, 1146-47 (2005) (supervisor's response to female employee's statement that she would have a child someday, stating, "Not while you are working for me" did not constitute direct evidence of discrimination sufficient to take the court out of the McDonnell Douglas framework.)

### b. Plaintiff Fails To Demonstrate Any Disparate Treatment

#### (1) Plaintiff Was Not Similarly Situated To Morris

Plaintiff asserts that she was treated differently from Morris, who she referred to as her "white male counterpart." However, in demonstrating that she was similarly situated to Morris, Plaintiff conveniently left out glaring distinctions.

1. Morris was not promoted by Defendant into a Director position, he was recruited to Sterigenics from another company and negotiated the Director title after having held a Director title with other companies for over 15 years. See Declaration of Stephen D. Morris ("Morris Decl."), ¶¶2-5; Morris depo 11:20-13:9.

2. At the time he was hired, Morris had over 30 years of experience. See id. at ¶2. Plaintiff admits that she does not have Morris' experience, stating:

> A.   *I said the --"With all the work I do and the same amount of work with my counterpart. My counterpart is a director. I don't have that many years' experience, but I think I'm at least qualified as a senior engineer."*

See [SUMF 23]; Liu Depo., 218:13-17.

4. Both Plaintiff and Morris held Juris Doctor degrees. Yet, Morris not only disclosed this fact to Sterigenics, but as part of his position, he provides legal services to Defendant's general counsel's office. Conversely, Plaintiff admits she never told management she was an attorney, nor was her J.D. listed on her resume. See Morris Decl. ¶6; Morris Depo 34:11-35:15. When asked why, Plaintiff answered:

> A.   *I was working as an engineer, not an in-house counsel.*
>
>   \*   \*   \*
>
> Q.   *In other words, did you ever tell your -- your supervisor, Kathy Hoffman, that had you a law degree?*
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

*A. No.*

See Liu Depo., 89:3-14.

Plaintiff had less than half the experience of Morris, did not apply for a Director position, admittedly never disclosed that she had a J.D., and admits that she didn't have as many years experience as a "director" but presumes she was "at least qualified as a senior engineer" – a position that did not exist. That admission alone is sufficient to defeat the comparison. Plaintiff is not similarly situated to Morris.

### (2) Plaintiff Has Not Proved Disparate Treatment

In her Opposition, Plaintiff would like the Court to believe that unsupported facts and her own speculation about her similarities to Morris are sufficient to raise a genuine issue of fact. They are not. A plaintiff's subjective personal judgments of her competence, and the incompetence of others with whom she compares herself, standing alone do not raise a genuine issue of material fact. Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir. 1986).

To make a comparison demonstrating discrimination, the employees against whom the plaintiff is comparing herself must be similarly situated in all relevant respects. Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617 (7th Cir. 2000); Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000). This includes ***showing evidence*** that the "similarly situated" individuals had dealt with the same supervisor, had been subject to the ***same standards***, and had engaged in the ***same conduct without any mitigating or distinguishing circumstances.*** See Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004) (determining that a plaintiff's mere opinion that other employees were not treated similarly was insufficient and amounted to no more than speculation, conjecture, or fantasy); see also Byrd v. Ronayne, 61 F.3d 1026, 1032 (1st Cir. 1995) (dismissing plaintiff's disparate treatment claim for failure to establish "different treatment than persons similarly situated in all relevant aspects of employment," including "performance, qualifications and conduct").

Here, to support her disparate treatment claims, Plaintiff conglomerated

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

double and triple-hearsay and her own speculation, but has still not met her burden. She claims Morris told her that Hoffman "chewed his ass out" and speculates that Morris was not disciplined[6] [See Opposition, p. 2, lns. 15-21] and submits a declaration asserting Morris had performance problems. Her overreaching assertion that he was criticized for not timely turning in reports "**on multiple occasions**" is yet another example of "facts" contradicted by her evidence. Opposition p. 9, lns. 15-16.

Even if Plaintiff had introduced sufficient evidence to suggest that Morris had performance problems—*which she did not*—she failed to provide any evidence that they were subjected to the ***same standards***, that Morris engaged in the ***same conduct*** that led to Plaintiff's termination (i.e., missed safety calls, failing to ensure strict compliance with health and safety standards, failing to take proactive steps to complete his job and keep others informed, failing to react to EH&S Management's requests, failing to timely complete and submit environmental reports, and failing to keep regular office hours [SUMFs 28-31, 33-35]), or that, assuming he did have problems, there were no ***mitigating or distinguishing circumstances*** concerning Morris' alleged performance issues. Moreover, there is no evidence in the record, to the extent that Morris had his own unique performance issues, that such issues were excused by anyone, that he was not counseled or that he did not fix such problems.

Plaintiff has no direct evidence of discrimination, nor can she show that she was subjected to disparate treatment by Sterigenics.[7] She fails to meet her burden.

2.  **Plaintiff Cannot Show Pretext To Support Discrimination**

To summarize, Plaintiff offers no direct evidence that Sterigenics was motivated by discriminatory intent. Nor has she shown that Sterigenics' explanation

---

[6] Compare Morris Depo., 60:1-9 (While admitting he may have told Plaintiff Hoffman "chewed his ass out," he did not testify it occurred more than once.)

[7] Equally unpersuasive were Plaintiff's attempts to demonstrate that Sterigenics, a world wide company with facilities in 11 countries, including 5 on the Asian continent, has a "glass ceiling." Speculation through a declaration and through a witness who was not identified as a person most knowledgeable, that there are no Asian females in corporate management above Morris, is foundationless conjecture.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.

is not believable for some other reason. In fact, Plaintiff has failed to put forth specific and substantial evidence challenging the credibility of Defendant's termination motives.

Rather, in addressing her discrimination claim, Plaintiff generally asserts that "Defendant's rationale for her termination were false and pretextual based on the content of her 2005 performance evaluation...." See Opposition, p.12, lns. 1-3. Without so much as seeking from Defendant valid reasons for which it may terminate employees,[8] Plaintiff boldly jumps to the conclusion that a "satisfactory" performance review based on her performance in 2005, is determinative of whether Defendant may terminate someone in 2006.

Plaintiff does not assert her performance was stellar, or even above average. To Plaintiff, it appears that barely scraping by and "complet[ing] the *majority* of assignments as required" a year earlier is tantamount to job security. See id. at lns. 5-8, Exh. "D." Among other areas, Plaintiff's performance reviews were all consistent in that each one evaluated her as being no better than average. Hardly a laudable fact. Still, Plaintiff, again without any "factual" support, suggests that average is *A-OK*. This does not satisfy Plaintiff's shifting burden under McDonnell Douglas.

**B. Plaintiff's Retaliation Claim Remains Unsubstantiated**

**1. Plaintiff Fails To Show She Engaged In A Protected Activity**

Plaintiff relies on Villiarimo v. Aloha Island Air, Inc., for the proposition that her request for a "promotion" or title change, constituted a "protected activity." See 281 F.3d 1054, 1065 (9th Cir. 2002). Plaintiff's argument fails for two reasons.

First, in Villiarimo, the court found that plaintiff's verbal complaint to his employer about sexual harassment and unwelcomed touching, followed up by his reducing the complaint to writing was a "protected activity." Id.

---

[8] Instead, she concludes—*without support*—that if her "performance actually had fallen to the level where she should have been subject to termination, this would have been indicated on her performance review." See Opposition at p.12, lns. 10-12.

9.

Here, Plaintiff admits she never complained to any management personnel about perceived discrimination. [SUMF 53.] In fact, in her deposition, she merely asserts her belief that she was terminated because she asked for a title change, not because she "complained about unfair treatment." Later, she testified as follows:

> *Q.     Why do you think that -- the fact that you suggested or asked that your title be changed to senior engineer, why do you think that that motivated in any way the decision to terminate your employment approximately six months later?*
>
> *A.     **I don't know.***
>
> *Q.     Can you think of any reason why that might cause Sterigenics or Kathy Hoffman to want to separate the employment relationship with you?*
>
> *A.     **I don't know.***

See Liu Depo., 220:20-221:4. It appears that, rather than engaging in any protected activity, Plaintiff merely sought personal advancement. This does not rise to the necessary level.[9] Oddly, if Plaintiff actually believed she was wrongfully overlooked for promotion, her delay of five years after Morris's hire is certainly suspect.

Second, Plaintiff defends her clandestine "complaint" by asserting that "employees often do not speak with the clarity or precision of lawyers," apparently forgetting for the moment, that she is (and was) a practicing lawyer in California. See Opposition, p.13, ln. 15; See also Liu Depo, 17:1-3 (license current since 2000.)

2.     **When There Is No Complaint, There Is No Causal Connection**

Plaintiff asserts that evidence based on timing is sufficient to overcome her burden, however, there must be timing between the adverse employment action (apparently her furlough) and the "protected activity" (i.e., a complaint), which she admits never occurred. [SUMF 53.] Even assuming that her request to be a "Senior Engineer"[10] was a "complaint," as explained above in further detail, Defendant had

---

[9] See footnote, No. 1.
[10] Contrary to her new declaration, Plaintiff admits in her deposition she specifically

legitimate business reasons for her termination, namely, her admittedly poor performance. [SUMFs 18-21, 27-31, 33-35, 39.]

Additionally, Plaintiff's deceptive assertion that Hoffman testified "she directly receive[d] Plaintiff's **complaint**" was "surprised at Plaintiff's **complaint**" and immediately tried to **suppress it**, is entirely unsupported by any evidence. See Opposition, p.15, lns.10-12; contra [SUMF 53]; contra Plaintiff's evidence in full.

### 3. Plaintiff Cannot Show Defendant's Reasons Were Pretextual[11]

Relying on Brandon v. Rite Aide Corp., Inc., Plaintiff suggests that a proffered reason for termination is pretextual when it has "no basis in fact" "did not motivate the discharge" or was "insufficient to motivate the discharge." 408 F.Supp.2d 964, 980 (E.D. Cal. 2006). Yet, in her analysis, Plaintiff fails to even address Defendant's reasons, including those which she admitted, for her termination. Instead, she draws the Court's attention to her "average" performance, three praises received at random times during her employ, and speculation that her termination's timing – six months after her "promotion" request and over three months after Defendant provided her a written warning – was suspicious. See Opposition pgs. 15:3-16:8. Even assuming Plaintiff could establish her *prima facie* case, her claim would fail because she has absolutely no evidence that Defendant's reason was a pretext for discriminatory intent. Accordingly, the Court should grant summary judgment on this claim. See Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. Cal. 2003).

---

was not seeking to have her title changed to a "Director."
[11] Further, because Plaintiff's statutory claims against Sterigenics fail, her claim for wrongful termination in violation of public policy fails as a matter of law. Green v. Ralee Engineering Co., 19 Cal. 4th 66, 79 (1998); Jennings v. Marralle, 8 Cal. 4th 121, 136 (1994) (acts not actionable under FEHA are not actionable under a public policy theory based on FEHA). Further, Plaintiff's own admissions that she did not make a complaint demonstrate that her argument here was flawed. [SUMF 53]. Moreover, the Court should treat her legal argument that lay persons do not speak with the accuracy of lawyers with caution, as Plaintiff is in fact, and was at the time, a practicing attorney. See Liu Depo, 17:1-3; Liu Depo., 89:3-14.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

C. **Same Actor Inference Does Apply In Ninth Circuit And In This Case**

Plaintiff's arguments that the "Same Actor" inference does not (1) apply in summary judgment motions, or (2) apply here given the period of time between the hiring and termination, is patently wrong. Indeed, as recent as February 2008, the Ninth Circuit has relied upon this inference and a similar timeframe in a motion for summary judgment. See Diaz v. Eagle Produce, Ltd., 521 F.3d 1201, 1209 (9th Cir. 2008) (finding "[t]he temporal proximity between each Plaintiff's hiring"—*four, one, and five years prior to termination*—"makes it unlikely that age [discrimination] later developed as the reason for the discharges.") Plaintiff's reliance on non-binding sister circuit authority fails, in the face of controlling Ninth Circuit authority.

D. **Punitive Damages May Be Dismissed On Summary Judgment**

Plaintiff provides no legal support for her proposition that Punitive Damages cannot be addressed in a motion for summary judgment. In order to overcome the dismissal of her punitive damages claim on summary judgment, Plaintiff must come forward with clear and convincing evidence that Sterigenics acted with malice or oppression. See Real v. Continental Group, Inc., 627 F. Supp. 434 (N.D. Cal. 1986).

However, Plaintiff offers no such evidence in her Opposition. Indeed, Plaintiff admits that nothing in Sterigenics' behavior evidences any inappropriate conduct, much less the requisite malice required to impose liability. Compare id., (finding insufficient evidence to support punitive damages even where Plaintiff established willful discrimination) and [SUMFs 49, 50.] Moreover, Plaintiff herself admits that no one at Sterigenics acted with malice toward her. [SUMFs 49, 50.] Here, there is no genuine issue as to malice, and her claim for punitive damages should be summarily denied.

### III. CONCLUSION

For the reasons set forth above, Sterigenics U.S., LLC respectfully requests the Court to grant its motion for summary judgment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

| | |
|---|---|
| Dated: September 29, 2008 | Respectfully submitted,<br><br>_____<br>CRAIG G. STAUB<br>IAN T. WADE<br>LITTLER MENDELSON<br>A Professional Corporation<br>Attorneys for Defendant<br>STERIGENICS U.S., LLC (erroneously sued as STERIGENICS INTERNATIONAL INC.; GRIFFITH MICROSCIENCE; and ION BEAM APPLICATIONS) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

13.