O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present                            Not Present

**Proceedings:**   **(In Chambers) Order Granting Defendant's Motion for Summary Judgment**

Pending before the Court is Defendant's motion for summary judgment. The Court heard oral argument in the matter on October 6, 2008. After considering the parties' arguments and papers, the Court GRANTS Defendant's motion in full.

I.   BACKGROUND

Sterigenics U.S., LLC ("Defendant") is a provider of sterilization services for the medical and foodstuff industries. (UF ¶ 1.) On March 17, 2000, Plaintiff Rosey Liu, a female of Chinese national origin, interviewed for an engineer position at Griffith Micro Science ("Griffith") with several Griffith employees, including Kathleen Hoffman, the chief decisionmaker in Plaintiff's eventual hiring. (UF ¶¶ 2-3.) On April 24, Plaintiff accepted an offer of employment as Griffith's Corporate Environmental Health and Safety ("EHS") engineer. (UF ¶¶ 5-6.) Griffith has since merged into Defendant. (UF ¶ 4.)

As an EHS engineer, Plaintiff was responsible for providing support to Defendant's plants and facilities to ensure compliance with EHS standards. (UF ¶ 13.) She was also responsible for proactively addressing EHS needs at plants and establishing regular contact with the plants through monthly calls and annual visits. (UF ¶¶ 14, 17.)

It is undisputed that Hoffman, Plaintiff's direct supervisor, was critical of Plaintiff's job performance throughout Plaintiff's employment. (UF ¶ 18.) In 2002, Hoffman gave Plaintiff a score of 2.2 out of 4.0 on her Performance Review ("meets expectations") and indicated that

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

Plaintiff needed to be more enthusiastic and take more initiative. (UF ¶ 19.) In 2003, Hoffman gave Plaintiff a score of 2.1 out of 4.0 ("meets expectations") and urged Plaintiff to improve her performance by building relationships, improving communication, learning more about operations and emission control systems, and demonstrating greater initiative and leadership. (UF ¶ 20.) In 2005, Plaintiff received a score of 2.9 out of 5.0 on her Performance Review, a score that was only two-tenths of a point above the minimum for "meets expectations." (UF ¶ 21.) Again, Hoffman indicated that there were numerous deficiencies in Plaintiff's performance, including Plaintiff's failure to be more proactive in identifying potential issues and improving existing procedures and programs and her failure to adequately communicate potential compliance issues. (UF ¶ 21.) Throughout her employment with Defendant, the highest score Plaintiff ever received on a performance review was "meets expectations." (UF ¶ 22.)

In March 2006, Plaintiff sought a title change or a promotion to "Senior Environmental Health and Safety Engineer." (SGI ¶ 23.)[1] At the time of her request, none of Defendant's employees had ever held that title. (UF ¶ 25.) Plaintiff maintains that Hoffman was "surprised" and "visibly upset" at her request, and that Hoffman tried to talk her out of it, saying she thought Plaintiff wanted to spend more time with her family. (Liu Decl. ¶ 25.)

On July 25, 2006, Hoffman met with Plaintiff to discuss her performance. (UF ¶ 27.) One of Hoffman's reasons for holding the performance counseling was that Plaintiff missed a radiation safety call. (UF ¶ 29; Liu Dep. 189:19.) During the meeting, Hoffman also discussed Plaintiff's failure to adequately communicate with management and to keep set office hours. (UF ¶ 30.) Hoffman documented the meeting in a memo, which also set forth specific areas where Plaintiff's performance needed improvement. (UF ¶¶ 28, 31.) Plaintiff was warned that failure to comply with the memo could result in further discipline, including dismissal. (UF ¶ 36.)

Despite the July 2006 counseling, Hoffman saw no improvement in Plaintiff's performance over the next few months. (Hoffman Decl. ¶ 7.) According to Hoffman, she

---

[1] Plaintiff claims that she sought a promotion, although in her deposition she admitted that she just sought a title change. (Liu Dep. 218:4-8, Ex. 4 to Wade Decl.) Plaintiff cites to deposition testimony which, she claims, shows that she sought a promotion to "Director" or "Senior Engineer." However, one excerpt she cites is not attached as Ex. C, as she states, (Liu Dep. 217:9-12), and her cite to the Hoffman deposition does not speak to the proposition asserted. (See Hoffman Dep. 94:1-5, Ex. A to Hyde Decl.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

decided to terminate Plaintiff's employment based on Plaintiff's performance deficiencies and did so on October 23, 2006. (UF ¶ 38; Hoffman Decl. ¶ 8.) Plaintiff contends that she was terminated because she was female, of Chinese national origin, and because she had protested being treated unfairly with respect to a white male coworker. (SGI ¶ 40.)

On August 1, 2007, Plaintiff filed a Complaint against Defendant, alleging causes of action for: (1) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq.*; (2) national origin discrimination in violation of FEHA; (3) gender discrimination in violation of FEHA; (4) discrimination in violation of FEHA; (5) breach of covenant of good faith and fair dealing; and (6) wrongful termination in violation of public policy. Pending before the Court is Defendant's motion for summary judgment.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies this burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257.

A party moving for summary judgment "without the ultimate burden of persuasion at trial - usually but not always the defendant - has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The moving party may carry its burden on summary judgment either by (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-160, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970), or (2) showing that the opposing party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element in order to survive a motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

III. DISCUSSION

    A. Discrimination

Plaintiff's second, third, and fourth causes of action allege that Defendant illegally discriminated against her on the basis of gender and national origin. Defendant moves for summary judgment on each claim, arguing that Plaintiff has set forth insufficient evidence to support her allegations.

As an initial matter, the Court notes that Plaintiff's fourth cause of action simply alleges "discrimination" under FEHA without identifying the type of discrimination. The only reference to a protected class states: "It is against fundamental Public Policy to discriminate against an employee on the basis of their gender." (Compl. ¶ 39.) Plaintiff admits that this claim is duplicative of her second and third causes of action for national origin and gender discrimination and moves to dismiss the fourth cause of action. (Opp. 4:22-23.) Plaintiff's fourth cause of action is hereby DISMISSED with prejudice.

In an employment discrimination case, the plaintiff has the burden of making out a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). To establish a prima facie case of discrimination, the plaintiff must show that: (1) she was a member of a protected class; (2) she was satisfactorily performing the duties required by the position; (3) she suffered an adverse employment action; and (4) there were circumstances giving rise to an inference of discrimination. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (citations omitted). If the plaintiff fails to establish a prima facie case, the defendant is entitled to summary judgment. *See Celotex*, 477 U.S. at 323.

If the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to show a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802-03. If the employer successfully does so, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were mere pretext. *Id* at 804-05*; Univ. of So. Cal. v. Sup. Ct.*, 222 Cal. App. 3d 1028, 1037, 272 Cal. Rptr. 264 (1990). Nonetheless, "the plaintiff is required to produce very little direct evidence of the employer's discriminatory intent to move past summary judgment." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1128 (9th Cir. 2000).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

Plaintiff seems to complain of two adverse employee actions: (1) she was not promoted (or did not receive a title change), and (2) Defendant terminated her on October 23, 2006. Defendant argues that Plaintiff cannot make out a prima facie case of discrimination, and that even if she can, Defendant has presented a legitimate, nondiscriminatory reason for the adverse employment actions: Plaintiff's poor work performance.[2]

Defendant points out that it is undisputed that Hoffman, Plaintiff's supervisor, was "highly critical of Plaintiff throughout Plaintiff's employment." (UF ¶ 18.) In 2002, Hoffman gave Plaintiff a score of 2.2 out of 4 ("meets expectations") on her performance evaluation and indicated that she needed to be more enthusiastic and take more initiative. (UF ¶ 19.) In 2003, Hoffman gave Plaintiff a score of 2.1 out of 4 ("meets expectations") and urged Plaintiff to improve her performance by building relationships, improving communication, learning more about operations and emission control systems, and demonstrating greater initiative and leadership. (UF ¶ 20.) Plaintiff also admits that her "2005 Performance Review began to reveal more profound performance deficiencies." (UF ¶ 21.) It is undisputed that Hoffman criticized Plaintiff in the 2005 evaluation for "a multitude of inadequacies, including Plaintiff's failure to be more proactive in identifying potential issues and improving existing procedures and programs, and her failure to adequately communicate potential compliance issues." (UF ¶ 21.) In sum, Plaintiff's annual performance reviews indicate that although she achieved a rating of "meets expectations" each year (often barely squeaking into that category), Hoffman repeatedly pointed out numerous areas where Plaintiff's performance needed to improve.

In 2006, Hoffman counseled Plaintiff one-on-one regarding her performance issues, including missing a radiation safety call. (UF ¶¶ 27-28; Liu Dep. 97:10-18, 189:17-19.) Following that meeting, Hoffman sent Plaintiff a memo that warned Plaintiff she needed to take proactive steps to complete her job and to keep others informed about compliance and safety standards. (UF ¶ 31.) Plaintiff admits that she was "not a very aggressive person," sometimes didn't report to Hoffman regarding her work with the plants, and that people at work had the "misconception that [she] didn't do her job." (SGI ¶ 32; Liu Dep. 169:13-18.) In addition,

---

[2] The bulk of Plaintiff's opposition papers are devoted to arguing that she has established a prima facie case of discrimination. However, on a motion for summary judgment, where Defendant has provided legitimate, nondiscriminatory reasons for dismissal, Plaintiff's burden is to show pretext; establishing a prima facie case "does little" at this stage of litigation. *Markey v. Kudelski* S.A., No. 06-CV-1300, 2008 WL 65401, at *9 n.8 (S.D. Cal. Jan. 3, 2008).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

Plaintiff admits that the memo she received from Hoffman in July 2006 warned that failure to improve her work performance could result in further discipline, including dismissal. (UF ¶ 36.) Finally, Hoffman testified in a sworn statement that she made the decision to terminate Plaintiff based on Plaintiff's failure to improve her performance. (Hoffman Decl. ¶ 8.)

In sum, Defendant has set forth ample evidence to support its proffered legitimate reason for Plaintiff's non-promotion and her eventual termination: her inadequate job performance. Therefore, the burden shifts back to Plaintiff to prove that this reason was merely pretextual. Plaintiff can do so by either showing that the articulated reason is "unworthy of credence" or that a discriminatory motive more likely motivated Defendant. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). A plaintiff may rely on circumstantial evidence to show pretext, but the evidence must be both specific and substantial. *Id.*

To satisfy her burden of showing that Defendant's proffered reason for her termination was mere pretext, Plaintiff points out that Hoffman gave her a rating of "meets expectations" on her 2005 Performance Evaluation. Additionally, Plaintiff claims that Hoffman "regularly" complimented her for being proactive during 2005 and 2006. (Opp. 16:23-26.) Plaintiff points to two compliments. On October 18, 2005, she claims, Hoffman wrote an email to Plaintiff which stated: "Good work Rosey!" Second, on June 22, 2006, Mike Bula, Defendant's Vice President, praised Plaintiff for her "professional" and "well done" safety training program and recommended that it be utilized as "the standard for new safety training programs going forward."

However, the first email to which Plaintiff refers is not before the Court. Plaintiff cites to Exhibit E, which appears to be a series of emails exchanged between Arlene Farrar and Plaintiff. Farrar's second email reads, "Thanks for your thoughtful review, Rosey!" (Ex. E.)[3] However, Plaintiff does not identify Farrar and has not submitted any evidence that Farrar was involved in the decision-making process with regard to Plaintiff's termination. (*See* SGI ¶ 47.) Thus, this email is not probative of Defendant's reasons for not promoting Plaintiff and terminating her.

As for the second email, it does not support Plaintiff's contention that Hoffman "regularly" gave her "glowing" compliments because it is not from Hoffman. This email was

---

[3] In fact, it appears that Farrar's compliment does not even refer to Plaintiff's performance. Rather, it appears that Farrar sent some of her own work to Plaintiff to review, and Plaintiff made some changes to Farrar's project for which Farrar thanked her. (*See* Ex. E.)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

sent from Vice President Bula to a number of individuals, including Liu, Hoffman, Morris, Farrar, and Kenneth Allen. Liu is not singled out for praise, and there is no indication in the email or elsewhere that she was primarily responsible for putting the program together. (*See* Ex. F.) Furthermore, Plaintiff has set forth no evidence indicating that Bula was involved in the decision-making process with regards to either of the adverse employment actions.[4]

Even if these two emails said what Plaintiff claims that they say, they would not establish that Hoffman praised her regularly, as Plaintiff claims. (Opp. 3:23.) Indeed, Plaintiff has directly contradicted her argument regarding Hoffman's alleged praise of Plaintiff's work by admitting that Hoffman was "highly critical of Plaintiff throughout Plaintiff's employment." (UF ¶ 18.) Furthermore, Plaintiff's own subjective judgments as to the adequacy of her job performance do not create a triable issue of material fact. *See Curtis-Locicero v. Gannett Outdoor Co., Inc.*, 70 F.3d 119, 1995 WL 653984, at *3 (9th Cir. 1995). "Contrary assessments of the discharged employee's performance do not undermine the legitimacy of the employer's justification for the business decision. An employer's mistaken belief, ill-informed opinion, or misguided assessment simply are not grounds for inferring" unlawful discrimination. *Id*; *see also Wrenn v. Gould*, 808 F.2d 493, 502 (6th Cir. 1987) (Courts must "look to the employer's motivation, not the applicant's perceptions, or even an objective assessment, of what qualifications are required for a particular position.") In sum, Plaintiff has failed to submit "specific" and "substantial" evidence raising a material issue of fact as to whether Defendant's articulated reason for terminating her was untrue.

Plaintiff raises two additional arguments in the context of establishing a prima facie case of discrimination. Although Plaintiff does not argue that they show Defendant's proffered reason for terminating her was pretext, the Court will address them as relevant here.

First, Plaintiff argues that she was treated differently from Steven Morris, a white male, who purportedly had "similar performance problems" but was not terminated. (Opp. 9:14-25.) Plaintiff cites to portions of Morris's deposition testimony, in which, she claims, he admitted that Hoffman criticized his performance on certain occasions. The citations that Plaintiff provides are incorrect; the portions of Morris's deposition that she points to do not encompass the

---

[4] The Court also notes that Defendant objects to Plaintiff's Exhibits E-G as not properly authenticated. See Defendant's Consolidated Separate Statement of Material Facts ¶ 37.) However, even considering the evidence, the Court finds that Plaintiff has not established a genuine issue of material fact for trial. *See infra*.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

testimony to which she refers. (*See* Opp. 9:13-20; Morris Dep., Ex. B, 57:13; 55:25-56:5; 59:3-5). It is the responsibility of the party opposing summary judgment to lay out the evidence that counsel wants the Court to consider; the Court need not, and will not, search through the record for evidence supporting the party's arguments. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030-31 (2001).

Plaintiff's only other evidence of Morris's alleged poor performance is her declaration. She states that during conference calls, she learned that her performance was superior to Morris's. (Liu Decl. ¶ 18.) This is a subjective conclusion, not a fact. Plaintiff also states that "on several occasions each year," Hoffman would criticize Morris for not submitting timely reports. (*Id.*)[5] On the whole, the evidence before the Court is insufficient to establish that Plaintiff and Morris were similarly situated. Defendant has submitted evidence that Morris's position involved providing legal services to Defendant's office of general counsel. (Morris Decl. ¶ 6.) As Plaintiff does not claim that she ever provides legal services to Defendant, she cannot claim that she has the same responsibilities as Morris.[6] Moreover, Plaintiff has not shown that Morris was ever individually counseled regarding performance issues or specifically threatened with further disciplinary action, including termination, if his performance did not improve, as Plaintiff was. In addition, the Court does not have Morris's annual Performance Evaluations before it and thus does not have sufficient grounds for determining that his performance ratings were similar to Plaintiff's. Based on the evidence set forth, Plaintiff has not established a triable issue of fact as to whether she was treated differently from similarly-situated employees who were not female and/or of Chinese national origin.

Additionally, Plaintiff argues that she has direct evidence of Defendant's discriminatory intent. The Court notes that this contradicts Plaintiff's deposition testimony. During Plaintiff's deposition, when asked what caused her to believe she was terminated on the basis of her gender or national origin, she repeatedly replied, "I don't have any specific facts." (Liu Dep. 244:14-24; 245:1-23; 245:25-246:3.) Plaintiff's submitted evidence of discrimination is: 1) she was the

---

[5] Additionally, Plaintiff states that Morris told her "a few times" that Hoffman "really chewed out [his] ass" and that Hoffman told her that her writing was better than Morris's. (Liu Decl. 19-20.) This is inadmissible hearsay.

[6] Plaintiff claims that the "only difference was that Steven Morris covered the Eastern half of the United States, whereas Plaintiff covered the Western half of the United States, and also Mexico." (Opp. 8:27-9:2.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

only Asian female in corporate management and 2) in response to her request for a promotion, Hoffman told Plaintiff that she thought Plaintiff wanted to spend more time with her family. (Liu Decl. ¶ 28.) The fact that Plaintiff was the only Asian female in corporate management alone does not refute Defendant's articulated reason for her discharge. *See Curtis-Locicero,* 70 F.3d 119, at *2-3 (fact that plaintiff was the only female laid off did not show employer's decision was motivated by sex). Plaintiff argues that Hoffman's comment "invok[ed] stereotypes of Asian women being subservient, quiet, docile and maternal." (Opp. 11:11-12.) However, the remark does not clearly display animus toward females, people of Chinese national origin, or Chinese females.[7] Furthermore, this lone comment does not establish by a preponderance of the evidence that it was "more likely than not" than discriminatory intent was the real reason for Plaintiff's non-promotion and eventual termination.

In light of the ample evidence—much of it uncontroverted—produced by Defendant which establishes that it terminated Plaintiff because of her performance, Plaintiff has failed to show that Defendant's proffered explanation is "unworthy of credence" or that Defendant was "more likely than not" motivated by discrimination in terminating Plaintiff. Thus, Plaintiff has not established a triable issue of material fact as to her discrimination claim. Accordingly, Defendant's motion for summary judgment is GRANTED as to the second and third causes of action.

    B.    <u>Retaliation</u>

Plaintiff's first cause of action alleges that Defendant retaliated against her, in violation of FEHA, for protesting "defendants' disparate treatment and discrimination." (Compl. ¶12.) Defendant moves for summary judgement on this claim, arguing that Plaintiff cannot make out a prima facie case of retaliation.

To establish a prima facie case of retaliation under FEHA, a plaintiff must show that: (1) she engaged in a protected activity, (2) she was thereafter subjected to adverse employment action by her employer, and (3) there was a causal link between the two. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 614, 262 Cal. Rptr. 842 (1989) (citing *Wrighten v. Met.*

---

[7] When a plaintiff claims both race and gender bias, "it is necessary to determine whether the employer discriminates on the basis of that *combination* of factors, not just whether it discriminates against people of the same race or of the same sex. *Lam v. University of Hawaii*, 40 F.3d 1551, 1562 (9th Cir. 1994) (emphasis in original).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

*Hosps., Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984). FEHA makes it unlawful "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). If the plaintiff establishes a prima facie case of unlawful retaliation, the employer must show a legitimate, nondiscriminatory motive for the adverse employment action. *See Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 68, 105 Cal. Rptr. 2d 652 (2000). Then the burden shifts back to the plaintiff to prove that the employer's proffered motive is merely pretext and that the true explanation is intentional discrimination. *Id.* (internal quotation marks and citation omitted).

FEHA makes it unlawful for any employer "to harass, discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code §12940(h). An employee need not file a formal complaint to be protected by the statute; expressing opposition to an employer's discriminatory practices is also a protected activity. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1046-47, 32 Cal. Rptr. 3d 436 (2005).

Plaintiff claims that she engaged in a protected activity by complaining to Hoffman that she was being subjected to discriminatory treatment at the time she requested a promotion or title change. Plaintiff used the word "unfair" to describe her employment situation with respect to Steve Morris, a white male employee. According to Plaintiff, she and Morris had the same responsibilities, but Morris was a "Director" while Plaintiff was an "Engineer." (Opp. 14:1-6.) However, as the Court noted earlier, Defendant has submitted evidence that Morris had additional responsibilities that Plaintiff did not—namely, providing occasional legal services to Defendant. (Morris Decl. ¶ 6.)

In support of her argument that her "unfair" remark to Hoffman was a protected activity, Plaintiff cites a single case from the District of Kansas. In *Garcia-Paz v. Swift Textiles, Inc.*, 873 F. Supp. 547, 560 (D. Kan. 1995), the court held that in determining whether a plaintiff engaged in a protected activity, "[t]he relevant question . . . is not whether a formal accusation of discrimination is made but whether the employee's communications to the employer sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner."

Plaintiff has not set forth sufficient evidence to show that she engaged in a protected

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

activity by protesting Defendant's allegedly discriminatory employment practices. A single comment to Hoffman that Plaintiff believed it was "unfair" that she and Morris purportedly did the same job and held different titles was insufficient to convey to Hoffman that Plaintiff was complaining about the possible unlawfulness of Defendant's actions under FEHA.[8] *See Garcia-Paz*, 873 F. Supp. at 560 ("[E]mployers need not approach every employee's comment as a riddle, puzzling over the possibility that it contains a cloaked complaint of discrimination."); *Booker v. Brown & Williamson Tobacco Co.,* Inc., 879 F.2d 1304, 1313 (6th Cir. 1989) (charge of "ethnocism" was too vague to constitute protected opposition); *Yanowitz*, 36 Cal. 4th at 1047 (conduct not protected when there is no evidence that employer knew the employee's opposition was based upon a reasonable belief that the employer was engaging in discrimination). Rather, Plaintiff's statement that she felt her situation was "unfair" appears to have been the voicing of a personal grievance, which is *not* a protected activity under FEHA. *See id.* ("[C]omplaints about personal grievance or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct."); *Garcia-Paz*, 873 F. Supp. at 560 (collecting cases). Plaintiff has not set forth evidence that would allow a reasonable trier of fact to find that Hoffman knew Plaintiff's "unfair" comment or her request for a promotion were motivated by her belief that Defendant was discriminating against her on the basis of national origin and/or sex.

Because Plaintiff has failed to establish the first element of a prima facie case of retaliation, the Court need go no further in its analysis. Defendant's motion for summary judgment is hereby GRANTED as to Plaintiff's first cause of action.

  C. <u>Breach of covenant of good faith and fair dealing</u>

Plaintiff's fifth cause of action is for breach of covenant of good faith and fair dealing. She alleges that "[a] material part of the [employment] contract was an implied covenant of good faith and fair deal and a covenant that Plaintiff would not be terminated in the absence of good cause." (Compl. ¶ 5.) Defendant moves for summary judgment, arguing that this claim fails as a matter of law because Plaintiff signed an express at-will agreement. Plaintiff does not oppose summary judgment on this claim. (Opp. 4:21-22.) Accordingly, Defendant's motion for

---

  [8] The Court also notes that Plaintiff's contention in her brief that her comment to Hoffman was a protestation against discrimination contradicts Plaintiff's deposition testimony that she never complained about discrimination to her supervisor or anyone else at Sterigenics. (*See* Liu Dep. 75:12-21, 77:7-79:8.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5976 PSG (CWx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | Rosey Liu v. Sterigenics Int'l, et al. | | |

summary judgment is GRANTED as to Plaintiff's fifth cause of action.

     D.     <u>Wrongful termination in violation of public policy</u>

Plaintiff's sixth cause of action is for wrongful termination in violation of public policy. (Compl. ¶¶ 49-50.) Defendant moves for summary judgment on this claim, correctly arguing that because Plaintiff's FEHA claims against Defendant fail, her claim for wrongful termination in violation of public policy fails as a matter of law. *See Green v. Ralee Eng. Co.*, 19 Cal. 4th 66, 79, 78 Cal. Rptr. 2d 16 (1998). Therefore, Plaintiff's motion for summary judgment is granted as to Plaintiff's sixth cause of action.

     E.     <u>Punitive Damages</u>

Defendant also contends that Plaintiff is not entitled to punitive damages as a matter of law. Because the Court has granted summary judgement on of Plaintiff's causes of action, it does not address this argument.

V.     <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED as to each cause of action. A judgment shall be electronically filed within 10 days from the date of this order.
     **IT IS SO ORDERED.**